UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____ - Civ-_____

**Leigh M. Rothschild**, an individual citizen of Florida, and **Analytical Technologies, LLC**, a Wyoming company,

      Plaintiffs,

v.

**Starbucks Corporation**, a Washington corporation, and **Rachael Lamkin**, an individual citizen of California,

      Defendants.

**Jury Trial Requested**

# COMPLAINT

For their Complaint, Plaintiffs Leigh M. Rothschild ("LMR") and Analytical Technologies, LLC ("ATL") hereby allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction including under 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

2. This Court has personal jurisdiction over Defendants because each has knowingly directed and targeted its unlawful acts alleged herein toward Plaintiffs—including Plaintiff LMR personally—in Florida in this District, causing damages to Plaintiffs in this District, and each Defendant regularly conducts business in this District and/or engages in continuous and systematic activities in this District.

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c).

## PARTIES

4. Plaintiff LMR is an individual residing in and a citizen of Florida.

5. Plaintiff AT is a Wyoming company having a principal place of business in Wyoming.

6. Upon information and belief, Defendant Starbucks Corporation ("Starbucks") is a Washington corporation having a principal place of business in Seattle, Washington, and has committed the unlawful acts alleged herein including in this District.

7. Upon information and believe, Defendant Rachael Lamkin ("Lamkin") is an individual residing in and a citizen of California, and has committed the unlawful acts alleged herein including in this District.

## BACKGROUND FACTS

8. Plaintiff LMR has been an inventor his entire adult life, and has received many patents for his inventions.  LMR has been issued approximately 150 patents, with more than 40 applications pending before PTO.

9. For many years, LMR worked with Intellectual Ventures started by Nathan Myrvold, with participation by many notables including Bill Gates.  LMR is listed as a spotlight inventor on their website.  Intellectual Ventures has purchased many of LMR's patents, for well in excess of a million dollars.  Others who have purchased LMR's patents include Apple, Instacart and many others.

10. LMR has licensed his patents to many Fortune 100 and 500 companies, for millions in licensing fees and royalties.

11. For many years, LMR has been involved in litigation with Coca-Cola over his invention of the Coke Freestyle machine, resulting in eight-figure alleged damages.

12. Just recently, LMR filed a cardiac patent application with one of the heads of cardiology at Memorial Hospital in Florida.

13. LMR's patented inventions cover diverse areas of technology, including computer server systems, GPS, high-definition imaging, credit card systems, barcode symbology, auction systems and methods, digital image sharing, reducing electromagnetic pulses, energy conservation, and many other areas.

14. LMR's foundation endowed and co-started the University of Miami entrepreneurial program, and other charities including the Miami Ballet and the Tampa Children's Home.

15. In one ongoing action, Plaintiff LMR is involved with Plaintiff AT in asserting its U.S. Patent No. 8,799,083 against Defendant Starbucks, Case No. 2:24-cv-00448 in the Eastern District of Texas ("the ATL Action"). Starbucks' litigation counsel in the ATL Action is Defendant Lamkin of the Baker Botts law firm.

16. In their responsive pleading in the ATL Action, Defendants asserted claims against LMR "personally, (1) under the Texas Uniform Fraudulent Transfer Act, (2) for his liability for asserting and maintaining a meritless infringement claim, and (3) for his Unclean Hands."

17. Beyond their allegations in the ATL Action, Defendants made false and defamatory statements in an October 10, 2024 press article published in Bloomberg throughout the United States including Florida and this District, entitled "Starbucks Levels Fraud Claim In New Tactic To Fight Patent Suit," a true and correct copy of which is attached herewith as **Exhibit A** ("the Bloomberg Article"). The Bloomberg Article includes the following false and

defamatory statement attributable to Defendants: "[W]ith Leigh Rothschild, we never get the money because the shells go bankrupt."

18. Neither LMR nor any of the companies he is involved with, however, has ever owed any of the Defendants any money for them to "get."

19. Moreover, none of the companies LMR is involved with is a "shell" (*i.e.*, a company with no significant assets or operations); instead, each of the companies is a lawful corporate entity with assets, bank accounts, and operations appropriate for its purpose, which in most cases is to own and license valuable U.S. patents.

20. Further, none of the patent companies LMR is involved with has ever "go[ne] bankrupt." Acknowledging this fact, Defendant Lamkin stated recently to LMR directly that "before I'm done with you I'm going to bankrupt you," which evidences her own knowledge contrary to any "bankrupt" entities, and evidences her own bad faith and malevolent intent.

21. In previous statements to the press about LMR, Lamkin falsely stated that LMR has "set[] up . . . shell corporations by false representations," he "knows [the] patents are patent-ineligible," and "the graft continues." These statements were published in an April 16, 2017 article, a true and correct copy of which is attached herewith as **Exhibit B**. But Lamkin knows to the contrary that LMR has not set up any corporations by false pretenses, that issued patents are presumed valid and thereby patent-eligible, and that the longstanding business practice of patent licensing is not a "graft."

22. Since the Bloomberg Article was published, LMR has suffered damage personally, his business interests including AT have suffered damage. For example, LM has suffered emotional and physical distress, including abnormally high blood pressure requiring special medical attention including three doctor visits and a new medication prescribed for

treating higher blood pressure.  Further, he has suffered reputational damage, with acquaintances questioning the nature of the patent litigation activities in which he is involved.  His business interests including AT have suffered economically as well, because the false statements have hindered and may continue to hinder AT's and LMR's ability to acquire and license patents and other intellectual property asset.

## FIRST CLAIM FOR RELIEF

### (Defamation)

23. LMR incorporates by this reference all of the allegations stated in the above paragraphs.

24. In the Bloomberg Article, Defendants have published at least three false and defamatory statements about LMR.  Specifically, the statement that "with Leigh Rothschild, we never get the money because the shells go bankrupt" falsely misrepresents that (a) LMR owes money to one or more Defendants that they have been unable to "get;" (b) LMR is involved with one or more companies that is a "shell;" and (c) LMR is involved with one or more companies that has "go[ne] bankrupt."  Each of these statements is both false and defamatory, and Defendants caused each of these false and defamatory statements to be published by Bloomberg.

25. In causing these false and defamatory statements to be published, each Defendant acted at least negligently on a matter concerning LMR, a private person.  On information and belief, each Defendant acted intentionally and with malice, knowing each of the statements to be false and defamatory.

26. As a result of Defendants' publication of these false and defamatory statements, LMR has suffered and continues to suffer actual damages, including but not limited to (a) personal injury including emotional and physical distress, abnormally high blood pressure

requiring special medical attention and medication, (b) reputational damage including several acquaintances questioning the nature of the patent litigation activities in which he is involved, and (c) economic damage to his business interests including hindering his ability to acquire and license patents and other intellectual property assets.

27. LMR has suffered and continues to suffer irreparable injury because of each Defendant's defamation. Such irreparable injury cannot be remedied adequately unless each Defendant is enjoined immediately from further defamation, and commanded to rectify the status quo ante.

## SECOND CLAIM FOR RELIEF

**(Intentional Infliction Of Emotional Distress)**

28. LMR incorporates by this reference all of the allegations stated in the above paragraphs.

29. Defendants' conduct in publishing false and defamatory statements about LMR was both intentional and reckless, and it was outrageous.

30. Defendants' conduct in publishing false and defamatory statements has caused LMR severe emotional distress, including but not limited to the distress of abnormally high blood pressure requiring special medical attention and medication, and reputational damage including several acquaintances questioning the nature of the patent litigation activities in which he is involved.

31. LMR has suffered and continues to suffer irreparable injury because of each Defendant's actions. Such irreparable injury cannot be remedied adequately unless each Defendant is enjoined immediately from further intentional infliction of emotional distress, and commanded to rectify the status quo ante.

## THIRD CLAIM FOR RELIEF

### (Tortious Interference With Business Relationships)

32. LMR and AT incorporate by this reference all of the allegations stated in the above paragraphs.

33. Each of LMR and AT has business relationships with many patent owners and related entities that affords existing or prospective legal rights, including these Plaintiffs' efforts to acquire and license patents.

34. Defendants have knowledge of these business relationships.

35. By publishing false and defamatory statements about LMR and AT, Defendants have intentionally interfered with these relationships.

36. As a result of Defendants' publication of these false and defamatory statements, each of LMR and AT has suffered and continues to suffer damages, including but not limited to economic damage to business interests including hindering the ability to acquire and license patents and other intellectual property assets.

37. Each of LMR and AT has suffered and continues to suffer irreparable injury because of Defendants' tortious interference. Such irreparable injury cannot be remedied adequately unless each Defendant is enjoined immediately from further tortious interference, and commanded to rectify the status quo ante.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition)

38. LMR and AT incorporate by this reference all of the allegations stated in the above paragraphs.

39. By its acts alleged herein, each Defendant has knowingly engaged in deceptive acts, unfair practices and unfair methods of competition, including but not limited to publishing false and defamatory statements about LMR and AT in violation of Fla. Stat. § 501.211.

40. Defendants' publication of false and defamatory statements has caused LMR and AT actual damages, including but not limited to economic damage to business interests including hindering the ability to acquire and license patents and other intellectual property assets.

41. Defendants' unfair competition has resulted in and continues to result in unjust enrichment, and each has committed its acts of unfair competition willfully and maliciously to injure LMR's and AT's business.

42. Each of LMR and AT has suffered and continues to suffer irreparable injury, including damage to business relationships because of Defendants' unfair competition. Such irreparable injury cannot be remedied adequately unless each Defendant is enjoined immediately from further unfair competition, and commanded to rectify the status quo ante.

## **PRAYER FOR RELIEF**

Therefore, Plaintiffs LMR and AT pray for the following relief:

A. A determination that each Defendants has defamed LMR;

B. A determination that each Defendant has caused LMR intentional infliction of emotional distress;

C. A determination that each Defendant has tortiously interfered with LMR's and AT's business relationships;

D. A determination that each Defendant has engaged in unfair competition including in violation of Fla. Stat. § 501.211;

  E. An accounting for damages adequate to compensate for Defendants' unlawful actions and unfair competition, including increased and/or treble damages;

  F. Equitable relief including a preliminary and permanent injunction prohibiting further unlawful actions;

  G. An award of costs, expenses and attorney fees to LMR and AT;

  H. Pre-judgment and post-judgment interest on such monetary relief; and

  I. Such other and further relief as this Court deems just and proper.

Plaintiff requests a jury for all claims so triable.

Dated: November 26, 2024    Respectfully submitted,

**EDWARD F. O'CONNOR**
Florida Bar No. 132223
efo@avynolaw.com
**Law Offices Edward F. O'Connor**
104 Seabreeze Circle
Jupiter, Florida 33477
Tel: 949.291.2894

Stephen M. Lobbin (CA-SBN 181195)
sml@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

Attorneys for Plaintiffs