# EXHIBIT A



Starbucks Corp. signage is displayed at a store in California.
Photographer: David Paul Morris/Bloomberg

Oct. 10, 2024, 5:05 AM EDT

# Starbucks Levels Fraud Claim in New Tactic to Fight Patent Suit



Michael Shapiro
Senior Reporter

- Counterclaims represent new infringement defense strategy
- Rothschild says its Starbucks' allegations that lack merit

Coffee giant Starbucks Corp. is pursing an aggressive and novel litigation strategy to defend against what it characterizes as a weak infringement suit, accusing prolific patent monetization executive Leigh Rothschild of fraud and trying to put him on the hook personally for attorneys' fees.

The innocuously named Analytical Technologies, an LLC linked to Rothschild, sued Starbucks and at least 19 other restaurant chains and food-ordering services starting in June 2023 in the US District Court for the Eastern District of Texas. AT accused them of infringing a patent directed to remote food and drink-ordering and bill-paying technology, which it acquired from Dallas-area inventor Andrew Silver in November 2022, with Rothschild signing for the newly formed Wyoming-based company.

Starbucks in September called claims it infringed US Patent No. 8,799,083 "meritless" and filed a counterclaim seeking to hold Rothschild responsible for its attorneys' fees, alleging he "created AT as a sham shell entity to shield himself from personal liability."

The coffee company accuses Rothschild of exploiting a dynamic where risk-averse companies will settle patent suits quickly to avoid the high cost of mounting a defense—and where recouping the cost of defending a suit by pursuing fees from often poorly capitalized and judgment-proof patent-holding LLCs is a crapshoot.

"Rothschild causes demand letter and litigation settlement monies to be transferred fraudulently directly to" a parent company, "as opposed to his litigation shell entities such as AT, with the actual intent to hinder, delay, or defraud creditors with a contingent claim for attorneys' fees," Starbucks said.

Rachael Lamkin, an attorney at Baker Botts and Starbucks' outside counsel, is carving out a new litigation strategy for defendants, said Jonathan Stroud, general counsel at Unified Patents LLC and an outspoken critic of patent litigation instigated by LLCs rather than operating companies. She's "pioneering this technique" that is so far proving more successful than other tactics to defend against such suits, like fee shifting or state counterclaims, he said.

"She's carving out a niche as someone who can effectively challenge what is otherwise a sad fact of life for a lot of companies—an annual stream of these judgment-proof bottom feeders," Stroud said.

René Vazquez of Gartheiser Honea, an attorney for Rothschild and AT, said in a statement that Starbucks' claims "are not only without merit, they are injurious and defamatory to

our client." Vazquez promised the firm would defend the counterclaims "vigorously" and predicted legal victory, without delving into the particulars.

A response to the counterclaims was due Oct. 3, but hasn't appeared in the case docket as of Oct. 9.

## The 'Wrong Bear'

Lamkin is also part of a trial team employing a similar counterclaim strategy in a case filed against Netflix Inc. by Finnish businessman and patent owner Lauri Valjakka.

Almost all of the Valjakka cases closed quickly, before defendants even filed initial responsive briefs—an indicator that various tech defendants may have chosen to settle the cases by paying licensing fees. Netflix, however, dug in and accused Valjakka of secretly transferring litigation proceeds from his other cases to a Finnish company he owned.

Netflix's lawyers reviewed Finnish financial and legal records, and ultimately convinced a district judge in California to dismiss Valjakka's claims because he'd lost ownership of the patent he was asserting. The court blocked the businessman from transferring litigation proceeds while the streaming giant continues to pursue attorneys' fees against him. Netflix is separately trying to get documents from litigation funder AiPi LLC after learning it was quietly bankrolling Valjakka's cases and more than one hundred other patent suits.

"Somebody kicked the wrong bear," Judge Jon S. Tigar of the US District Court for the Northern District of California said to lawyers for Netflix, Valjakka, and AiPi during a November 2023 hearing in the case.

## Changing the Dynamics

Starbucks' strategy is an innovative way to respond to a suit from a high-volume patent assertion entity, according to Russ Jones Jr., a partner at Polsinelli and veteran commercial litigator.

"A lot of defendants complain that our system requires the defendants to pay up front, and there's no significant downside risk for the plaintiff" that operates through LLCs, Jones said.

He described defending against a different entity's lawsuits on behalf of financial services company Jack Henry & Associates for more than a decade. The client ultimately won a $1 million attorneys' fee award in Delaware federal court, only to have the plaintiff quickly file for bankruptcy.

The financial services company eventually sued for fraudulent transfer of funds in state court and secured a pre-trial settlement, but the process added time and expense to what was already a long and expensive matter.

Starbucks' counterclaims are "a shot across the plaintiff's bow that they're going to fight this thing hard, they're not going to roll over," Jones said. "And, 'oh, by the way,' they're going to try to change the dynamics a little bit by putting the guy who runs the plaintiff entity at risk."

## Long History

Rothschild has long been in the crosshairs of tech companies and the IP lawyers that defend them due to his frequent suits and his assertion of what his critics deem to be "absurdly broad" patents, like one covering an internet-connected drink mixer, which lists Rothschild himself as the inventor.

The AT suit is one of 1,347 patent cases connected to Rothschild, according to RPX Corp., which tracks and publishes patent litigation analytics.

Rothschild has strenuously pushed back against accusations that his patent assertion activity is abusive. In a 2023 interview with patent lawyer Pat Muffo, Rothschild said the settlements his companies have collected in a huge number of those suits is proof of their merit: "We've won a lot of suits—we have hundreds of licenses," Rothschild said. "Licenses are an admission that they're infringing; people won't pay you money if they don't feel they're infringing."

"If you want to put me in the company of other inventors who've gone to court" to assert valid patents with supporting evidence, "like the Wright brothers, Alexander Graham Bell, or Thomas Edison—if that's what a patent troll is, I'm certainly a troll," Rothschild told Bloomberg Law last year.

Lamkin said she's tussled with the prolific inventor for years and has been particularly frustrated by the early settlement offers from Rothschild, which she called "obnoxiously low."

"The settlement amounts are so low that companies aren't going to pay attorneys the thousands of hours it takes to catch him at his game," she said in an interview. "And with Leigh Rothschild, we never get the money because the shells go bankrupt."

The case is Analytical Techs., LLC v. American Dairy Queen Corp., E.D. Tex., 2:2-cv-445.

---

To contact the reporter on this story: Michael Shapiro in Washington at mshapiro@bloombergindustry.com