UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-24669-DPG

LEIGH M. ROTHSCHILD and
ANALYTICAL TECHNOLOGIES, LLC,

    *Plaintiffs*,

**JURY TRIAL DEMANDED**

v.

STARBUCKS CORP. and
RACHAEL LAMKIN,

    *Defendants*.

## DEFENDANT RACHAEL LAMKIN'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM

Defendant Rachael Lamkin ("Attorney Lamkin"), by her undersigned counsel, answers Plaintiffs Leigh M. Rothschild ("Rothschild") and Analytical Technologies, LLC's ("AT's") Complaint below. Attorney Lamkin does not respond to allegations directed to Starbucks Corporation. Herein, Attorney Lamkin also asserts a Counterclaim against Plaintiffs for Abuse of Process.

### JURISDICTION AND VENUE

1. Attorney Lamkin admits that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a).

2. While Attorney Lamkin denies that she regularly conducts business in this District and/or engages in continuous and systematic activities in this District, Attorney Lamkin does not dispute personal jurisdiction for this matter alone.

3. Attorney Lamkin does not contest venue for this matter alone.

## PARTIES

4. Attorney Lamkin believes Rothschild lives in Florida but cannot attest to that fact as beyond her personal knowledge and therefore denies same.

5. Attorney Lamkin admits that AT is a company formed under the laws of the State of Wyoming. Attorney Lamkin denies that AT has a "Principal Office" located in Cheyenne, Wyoming.

6. As noted above, Attorney Lamkin will not address facts alleged against Starbucks Corporation as not directed toward her.

7. Attorney Lamkin admits that she is an individual residing in and a citizen of California. Attorney Lamkin denies that she has committed any "unlawful acts" and further denies that she has participated in any conduct with relevance to this lawsuit within the Southern District of Florida.

## BACKGROUND FACTS

8. Attorney Lamkin denies that Rothschild "has been an inventor his entire life." Attorney Lamkin admits that Rothschild and/or entities controlled or owned by Rothschild currently own various patents. Attorney Lamkin lacks knowledge or information sufficient to form a belief as to the precise number of patents owned by Rothschild and/or entities controlled or owned by Rothschild. Attorney Lamkin also lacks knowledge or information sufficient to form a belief as to the precise number of patent applications currently pending before the U.S. Patent and Trademark Office that were submitted by Rothschild and/or entities controlled or owned by Rothschild.

9. Attorney Lamkin lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 9.

10. Attorney Lamkin lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 10.

11. Attorney Lamkin admits that Rothschild previously pursued litigation against Coca-Cola Co. in connection with the Coke Freestyle machine. Attorney Lamkin denies that Rothschild invented the Coke Freestyle machine. Attorney Lamkin lacks knowledge or information sufficient to form a belief as to the amount of damages that Rothschild "alleged" in that litigation. Attorney Lamkin denies any suggestion by Paragraph 11 that Rothschild's Coca-Cola litigation "resulted in" any damages—let alone "eight-figure" damages, as Rothschild lost that case. *See* Opinion and Order, *Rothschild Connected Devices Innovations, LLC v. Coca Cola Company,* 1:16-cv-01241-TWT (N.D. Ga. Nov. 7, 2023), ECF No. 345. Further, as detailed below, the Rothschild entity that sued Coca-Cola, Rothschild Connected Devices Innovation ("RCDI") was ordered to pay attorneys' fees in another matter and could not pay because the entity had only $5.00 in its bank account, belying any claim to "eight figure" damages award. *See infra*, Counterclaim ¶ 32; *see also Rothschild Connected Devices Innovations, LLC v. ADS Sec., L.P.,* No. 2:15-CV-01431-JRG-RSP, 2019 WL 6002198, at *1 (E.D. Tex. Mar. 11, 2019) ("RCDI never paid the attorneys' fees award.").

12. Attorney Lamkin lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12.

13. Attorney Lamkin lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13.

14. Attorney Lamkin lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14.

15. Attorney Lamkin admits that she represents Starbucks in the pending action of Case No. 2:24-cv-00448, *Analytical Technologies, LLC v. Starbucks Corp.*, in the U.S. District Court for the Eastern District of Texas (the "E.D. Tex. Litigation"). Attorney Lamkin admits that Rothschild's claim in the action is purportedly based on U.S. Patent No. 8,799,083.

16. Attorney Lamkin admits that, on behalf of Starbucks, she asserted counterclaims against both AT and Rothschild and refers the Court to Defendant Starbucks Corporation's Amended Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiffs' Complaint, docketed as ECF No. 31 in the lead action into which the E.D. Tex. Litigation has been consolidated: Case No. 2:24-cv-00445, *Analytical Technologies, LLC v. American Dairy Queen Corp.*, also in the U.S. District Court for the Eastern District of Texas. Attorney Lamkin denies that Plaintiffs have properly characterized these counterclaims, which are described in Paragraph 16 of the Complaint as claims "(1) under the Texas Uniform Fraudulent Transfer Act, (2) for [Rothschild's] liability for asserting and maintaining a meritless infringement claim, and (3) for [Rothschild's] unclean hands." Attorney Lamkin admits that she has, on behalf of Starbucks, asserted counterclaims under the Texas Uniform Fraudulent Transfer Act and for Unclean Hands. But Attorney Lamkin is unaware of any claim known as "liability for asserting and maintaining a meritless infringement claim," and therefore denies that Attorney Lamkin has asserted such a claim against Plaintiffs. Starbucks *has* asserted in the E.D. Tex. Litigation that Rothschild is liable to Starbucks under 35 U.S.C. § 285 for filing and maintaining a meritless complaint for patent infringement.

17. Attorney Lamkin denies that she made any "false and defamatory statements" with respect to either Rothschild or AT. Attorney Lamkin further denies that she engaged in any other conduct that would entitle either Plaintiff to relief. Attorney Lamkin admits that she was quoted in

an October 10, 2024, Bloomberg article entitled "Starbucks Levels Fraud Claim In New Tactic To Fight Patent Suit" (the "Bloomberg Article"). Attorney Lamkin refers the Court to that article—available at https://news.bloomberglaw.com/ip-law/starbucks-levels-fraud-claim-in-new-tactic-to-fight-patent-suit and purportedly attached as Exhibit A to the Complaint—for the content of the information therein.

18. Attorney Lamkin denies the allegations in Paragraph 18.

19. Attorney Lamkin denies the assertion that "none of the companies [Rothschild] is involved with is a 'shell' (*i.e.*, a company with no significant assets or operations)." Attorney Lamkin lacks knowledge or information sufficient to form a belief as to the full extent to which all companies owned or controlled by Rothschild are "lawful," have "assets, bank accounts, and operations appropriate for [their] purpose[s]," or have the specific purpose of "own[ing] and licens[ing] valuable U.S. patents."

20. Attorney Lamkin denies that she has told Rothschild, "before I'm done with you I'm gong to bankrupt you." That allegation is a fabrication. Attorney Lamkin denies the assertion that no patent company owned or managed by Rothschild has ever "go[ne] bankrupt." Attorney Lamkin denies that she has knowingly made a false statement in connection with the facts at issue in this lawsuit or that she has exhibited "bad faith and malevolent intent." Attorney Lamkin further denies that she has engaged in any conduct that would entitle either Plaintiff to relief.

21. Attorney Lamkin admits that she was quoted in an April 16, 2017 Ars Technica article entitled "Patent Troll With an 'Internet Drink Mixer' and a Nonexistent Office Could Be in Trouble" (the "Ars Technica Article"). Attorney Lamkin refers the Court to that article—available at https://arstechnica.com/tech-policy/2017/04/garmin-sued-in-east-texas-over-patents-on-an-

internet-drink-mixer-seeks-legal-fees/ and purportedly attached as Exhibit B to the Complaint—for the contents of that article. Attorney Lamkin denies the remaining allegations in Paragraph 21.

22. Attorney Lamkin denies the allegations in Paragraph 22. Attorney Lamkin denies that she has engaged in any conduct that would entitle either Plaintiff to relief.

## FIRST CLAIM FOR RELIEF

### (Defamation)

23. Attorney Lamkin admits that Rothschild purports to incorporate by reference the allegations stated in the above paragraphs of his Complaint. Attorney Lamkin incorporates by reference the allegations stated in the above paragraphs of this Answer.

24. Attorney Lamkin denies that she has made any false and defamatory statements about Rothschild. Attorney Lamkin denies that any of the three purported representations in Paragraph 24—listed as (a), (b), and (c)—are false.

25. Attorney Lamkin denies the allegations in Paragraph 25.

26. Attorney Lamkin denies the allegations in Paragraph 26.

27. Attorney Lamkin denies the allegations in Paragraph 27.

## SECOND CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

28. Attorney Lamkin admits that Rothschild purports to incorporate by reference the allegations stated in the above paragraphs of his Complaint. Attorney Lamkin incorporates by reference the allegations stated in the above paragraphs of this Answer.

29. Attorney Lamkin denies the allegations in Paragraph 29.

30. Attorney Lamkin denies the allegations in Paragraph 30.

31. Attorney Lamkin denies the allegations in Paragraph 31.

## THIRD CLAIM FOR RELIEF

### (Tortious Interference With Business Relationship)

32. Attorney Lamkin admits that Plaintiffs purport to incorporate by reference the allegations stated in the above paragraphs of the Complaint. Attorney Lamkin incorporates by reference the allegations stated in the above paragraphs of this Answer.

33. Attorney Lamkin lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33.

34. Attorney Lamkin denies the allegations in Paragraph 34.

35. Attorney Lamkin denies the allegations in Paragraph 35.

36. Attorney Lamkin denies the allegations in Paragraph 36.

37. Attorney Lamkin denies the allegations in paragraph 37.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition)

38. Attorney Lamkin admits that Plaintiffs purport to incorporate by reference the allegations stated in the above paragraphs of the Complaint. Attorney Lamkin incorporates by reference the allegations stated in the above paragraph of this Answer.

39. Attorney Lamkin denies the allegations in Paragraph 39.

40. Attorney Lamkin denies the allegations in Paragraph 40.

41. Attorney Lamkin denies the allegations in Paragraph 41.

42. Attorney Lamkin denies the allegations in Paragraph 42.

## PRAYER FOR RELIEF

Attorney Lamkin admits that Plaintiffs purport to request various relief from this Court. Attorney Lamkin denies that she has engaged in any conduct that would entitle either Plaintiff to

any relief. For the reasons explained above and in the affirmative defenses below, and for the reasons that will be presented in continued litigation of this action, Attorney Lamkin requests that the Court rule that Plaintiffs take nothing and award reasonable attorneys' fees to Attorney Lamkin. Attorney Lamkin requests a jury for all claims so triable.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' claims are barred in their entirety by Florida's anti-SLAPP statute, codified at Section 768.295, Florida Statutes, and Attorney Lamkin is thereby entitled to attorneys' fees and costs. This Court has held that Florida's anti-SLAPP statute applies in federal court. *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1322-24 (S.D. Fla. 2020). As a matter of procedure, the statute "fuses with [Federal] Rules 8, 12, and 56 by entitling the prevailing party to fees and costs if, after invoking the devices set forth by those rules, a court finds an action is 'without merit' and thus prohibited." *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1128 (S.D. Fla. 2021) (citing *Bongino*, 477 F. Supp. 3d at 1322).

2. Plaintiffs' claims are barred because they seek to impose liability based on Attorney Lamkin's exercise of her free speech rights, which are protected by the First Amendment of the U.S. Constitution.

3. Plaintiffs' claims are barred because they seek to impose liability based on Attorney Lamkin's exercise of her free speech rights, which are protected by Article I, Section 4 of the Florida Constitution.

4. Plaintiffs' claims are barred in part as untimely under the applicable statute of limitations. Given that this Court requires Defendants to move together on shared issues, Attorney Lamkin will join Defendant Starbucks motion to dismiss on this basis (or, if Starbucks does not

move on this basis, Attorney Lamkin will under Rule 12(c)). Attorney Lamkin reserves all rights to move to dismiss on this basis.

     5.     Plaintiffs' claims are barred by estoppel.

     6.     Plaintiffs' claims are barred at least in part by laches.

     7.     Plaintiffs' claims are barred by issue preclusion.

     8.     Plaintiffs' claims are barred by waiver.

     9.     Plaintiffs' non-defamation claims are barred by the single-publication doctrine, which "bars actions that 'arise from the same publication upon which a failed defamation claim is based.'" *Bongino*, 477 F. Supp. 3d at 1320 (quoting *Ovadia v. Bloom*, 756 So. 2d 137, 141 (Fla. 3d DCA 2000)). Given that this Court requires Defendants to move together on shared issues, Attorney Lamkin will join Defendant Starbucks motion to dismiss on this basis (or, if Starbucks does not move on this basis, Attorney Lamkin will under Rule 12(c)). Attorney Lamkin reserves all rights to move to dismiss on this basis.

## COUNTERCLAIM

### Count I—Abuse of Process (Against Rothschild and AT)

     1.     Rothschild and AT have initiated the claims in the above-captioned action with no reasonable basis in law and fact.

     2.     Given that Rothschild and AT have initiated the claims without any reasonable basis in law and fact, the only explanation for Rothschild and AT filing the above-captioned action is that they intend to use their meritless claims to divert Attorney Lamkin's attention away from the E.D. Tex. Litigation and induce Attorney Lamkin and Starbucks to drop the claims they are asserting in the E.D. Tex. Litigation or to otherwise settle those claims on less favorable terms.

3.      Using a meritless action in this Court as a means of diverting Attorney Lamkin's attention away from the E.D. Tex. Litigation or to gain leverage in the E.D. Tex. Litigation is not a purpose for which actions in this Court were designed.

4.      The above-described actions constitute improper and perverted use of process by Rothschild and AT.

**A.    Plaintiffs' Action Has No Reasonable Basis in Fact or Law**

5.      As evidence of Plaintiffs' improper process and motives, AT and Rothschild fabricated facts in their Complaint. For example, the allegation in Paragraph 20 of the Complaint—that "Defendant Lamkin stated recently to LMR directly that 'before I'm done with you I'm going to bankrupt you'"—is false and contrived entirely out of whole cloth.

6.      Attorney Lamkin has never spoken to Rothschild outside of taking his deposition on December 22, 2022.

7.      The December 22, 2022, deposition was taken remotely and recorded in its entirety.

8.      As the transcript of the December 22, 2022, deposition confirms, Attorney Lamkin did not say to Rothschild at any point on that date, "before I'm done with you I'm going to bankrupt you[.]"

9.      Attorney Lamkin has had no "recent" conversations with Rothschild.

10.      Attorney Lamkin has never sent an email to Rothschild.

11.      Attorney Lamkin has never emailed Rothschild stating, "before I'm done with you I'm going to bankrupt you[.]"

12.      Attorney Lamkin has never sent a text message to Rothschild.

13.      Attorney Lamkin has never texted Rothschild stating, "before I'm done with you I'm going to bankrupt you[.]"

14.      Attorney Lamkin has never spoken to Rothschild on the phone.

15. Attorney Lamkin has never said to Rothschild over the phone, "before I'm done with you I'm going to bankrupt you[.]"

16. Attorney Lamkin has never messaged Rothschild on any social media platform (*e.g.*, Facebook, Instagram, Whats App, etc.).

17. Attorney Lamkin has never messaged Rothschild on any social media platform saying "before I'm done with you I'm going to bankrupt you[.]"

18. The Bloomberg Article, *see* ECF No. 1-1, states:

> Lamkin said she's tussled with the prolific inventor for years and has been particularly frustrated by the early settlement offers from Rothschild, which she called "obnoxiously low."
>
> "The settlement amounts are so low that companies aren't going to pay attorneys the thousands of hours it takes to catch him at his game," she said in an interview. "And with Leigh Rothschild, we never get the money because the shells go bankrupt."

19. In the above quote, Attorney Lamkin is clearly discussing her past experience with Rothschild. There is no good faith basis to allege the above statement can be attributed to Starbucks.

20. Plaintiffs' action is further without a reasonable basis in fact or law because—to the extent the Court determines that Attorney Lamkin's statements are factual and not opinion— each of the three statements allegedly made by Attorney Lamkin are demonstrably true. Courts have explained that "[a] false statement of fact is the *sine qua non* for recovery in a defamation action." *Turner v. Wells*, 198 F. Supp. 3d 1355, 1365 (S.D. Fla. 2016) (quoting *Hallmark Builders, Inc. v. Gaylord Broad. Co.*, 733 F.2d 1461, 1464 (11th Cir. 1984)).

21. First, the purported statement allegedly made by Attorney Lamkin that "LMR owes money to one or more Defendants that they have been unable to 'get,'" Compl. ¶ 24, is true.

22. Attorney Lamkin represented CompanyCam in *Rothschild Digital Confirmation, LLC v. CompanyCam*, Case No. 1:19-cv-01109-MN ("*RDC*"), in the U.S. District Court for the District of Delaware.

23. In *RDC*, the Honorable Judge Noreika awarded CompanyCam its attorneys' fees in the amount of $86,150 pursuant to 35 U.S.C. § 285. Mem. Order at 3, *RDC*, No. 1:19-cv-01109 (D. Del. Feb. 23, 2021), ECF No. 45.

24. In *RDC*, Rothschild Digital Conformation, LLC did not pay CompanyCam the fees ordered by Judge Noreika.

25. Rothschild himself did not pay CompanyCam its awarded fees.

26. Similarly, in *Rothschild Connected Devices Innovations, LLC v. ADS Sec., L.P.*, Case No. 2:15-cv-01431 ("*RCDI*"), in the U.S. District Court for the Eastern District of Texas, the court ordered that Rothschild Connected Devices Innovations, LLC, an entity owned and/or controlled by Rothschild to pay $288,911.99 to Defendant ADS Securities, LP ("ADS"), within thirty days. Mem. Order at 3, *RCDI*, No. 2:15-cv-01431 (E.D. Tex. Nov. 8, 2017), ECF No. 104.

27. Attorney Lamkin represented Garmin International in this litigation.

28. Neither RCDI nor Rothschild paid ADS any money in satisfaction of the court's attorneys' fees order.

29. <u>Second</u>, the purported statement allegedly made by Attorney Lamkin that Rothschild "is involved with one or more companies that is a 'shell,'" Compl. ¶ 24, is true.

30. For example, in *RDC*, Rothschild admitted that RDC had no funding or capital:

> g) Each contribution of capital or other funds to RDC (including date, amount, source account, payee, destination)
>
> Only labor and U.S. Patent No. 7,456,872 (assigned to RDC in August of 2016).

Pl.'s Resps. to Def.'s Interrogatories at 5, *RDC*, No. 1:19-cv-01109 (D. Del. Oct. 27, 2021), ECF No. 60-1 (attached hereto as **Exhibit A** and incorporated by reference herein).[1]

31. In a supplemental discovery response, Rothschild personally averred that RDC has $980.51 in its bank account:

> 1) Describe in detail all assets of RDC since Formation, including:
>
> h) Each distribution of profit, capital, or other funds from RDC (including date, amount, source account, payee, destination)
>
>> The current assets consist of only labor, U.S. Patent No. 7,456,872, and a bank account containing $980.51. There has been no return of capital distributions because there were no net profits.

Pl.'s Notice of Serving Supp. Answers to Def.'s Interrogatories at 4, *RDC*, No. 1:19-cv-01109 (D. Del. Oct. 27, 2021), ECF No. 60-2 (attached hereto as **Exhibit B** and incorporated by reference herein).

32. Similarly, in *RCDI*, RCDI responded to post-judgment discovery admitting it only had "five dollars ($5.00)" in its bank account. Decl. of Blake D. Roth in Support of Mot. for Order to Show Cause at 13, *RCDI*, Case No. 2:15-cv-01431 (E.D. Tex. June 27, 2018), ECF No. 107-2 (attached hereto as **Exhibit C** and incorporated by reference herein).

33. In short, by Rothschild's own averred admissions based on his personal knowledge, multiple entities owned and/or controlled by him had little to no assets to satisfy judgments against them. This matches the definition of a "shell" entity that this Court has routinely applied. *See, e.g.,*

---

[1] While all exhibits to this Answer and Counterclaim have been pulled from federal court dockets, Attorney Lamkin's counsel has removed the original ECF Filing Stamp at the top of each page so that the new ECF Filing Stamp created upon this filing would be legible. That, and the addition of a slip sheet at the beginning of each exhibit, are the only changes made to the documents as pulled from the federal court dockets. All references to page numbers for these exhibits are to the page numbers that will be generated when the ECF Filing Stamp is created upon this filing.

*Llauro v. Tony*, 470 F. Supp. 3d 1300, 1307 n.3 (S.D. Fla. 2020) ("[a] 'shell company' can be defined as a company without active business operations *or significant assets*") (emphasis added)); *Elandia Intern., Inc. v. Ah Koy*, 690 F. Supp. 2d 1317, 1324 (S.D. Fla. 2010) ("Datec Group became a shell corporation that lacked business *and assets* following the Arrangement Agreement.") (emphasis added)).

34. <u>Third</u>, the statement allegedly made by Attorney Lamkin that Rothschild "is involved with one or more companies that has 'go[ne] bankrupt,'" Compl. ¶ 24, is true.

35. Black's Law Dictionary defines "bankrupt" as "[i]ndebted beyond the means of payment" or "without enough to pay back what one owes." *Bankrupt*, BLACK'S LAW DICTIONARY (12th ed. 2024); *see also McQuay v. Montgomery Publ'ns, Inc.*, No. 62,771, 1989 Kan. App. LEXIS 197, at *7-8 (Kan. Ct. App. Mar. 24, 1989) (quoting BLACK'S LAW DICTIONARY 134 (5th Ed. 1979) in defamation context).

36. Courts have applied a similar understanding of what it means to be "bankrupt," including in defamation claims. *See, e.g., Levin v. McLeskey*, 881 F. Supp. 1030, 1049 (E.D. Va. 1995), *aff'd in relevant part*, 164 F.3d 210 (4th Cir. 1998); *McQuay*, 1989 Kan. App. LEXIS 197, at *7-8.

37. Because Plaintiffs' defamation claims are without a reasonable basis in law or fact, their other claims are also without a reasonable basis. This Court has explained that "the single publication doctrine bars actions that 'arise from the same publication upon which a failed defamation claim is based." *Bongino v. Daily Beast Company, LLC*, 477 F. Supp. 3d 1310, 1320 (S.D. Fla. 2020) (quoting *Ovadia v. Bloom*, 756 So. 2d 137, 141 (Fla. 3d DCA 2000)).

38. Finally, the lack of a reasonable basis for Plaintiffs' action is further confirmed by their reliance on the Ars Technica Article, which is outside the applicable limitation period for each of Plaintiffs' claims.

**B.     Plaintiffs' Action Is Driven by an Improper Motive**

39. On January 8, 2025, Plaintiffs' counsel in the E.D. Tex. Litigation wrote to Attorney Lamkin and stated to Attorney Lamkin, "It appears Baker Botts has developed a conflict of interest with Starbucks. Baker Botts is now are [sic] on notice of this conflict of interest given Baker Botts' actions against Rothschild by providing Bloomberg statements that are not true, apparently done by to [sic] disparage him."

40. Plaintiffs named Starbucks as a Defendant here in order to put improper pressure on Attorney Lamkin and Starbucks, in an attempt to create a "conflict" between Attorney Lamkin and her client Starbucks, and to attempt to force Starbucks to drop Starbucks counterclaims against Rothschild in the E.D. Tex. Litigation.

41. Further, in the E.D. Tex. Litigation, AT propounded discovery upon Starbucks clearly aimed at intimidating Starbucks and Attorney Lamkin by citing this matter. For example, AT propounded the following Interrogatory:

> **Interrogatory No. 19**: Identify via inclusion of the names, titles, and contact information of all individuals involved in researching allegations regarding:
> - Mr. Rothschild's alleged fraudulent use of shell companies.
> - Mr. Rothschild's alleged fraudulent transfer of funds.
> - The named inventors' alleged fraud on the U.S. Patent Office.
> - The bank account letter cited by Starbucks in its pleadings.
> - Mr. Rothschild allegedly going bankrupt or having his companies go bankrupt.
> - Money allegedly owed to Ms. Lamkin, Starbucks, or any previous clients of Baker Botts or other firms Ms. Lamkin represented.

42. The highlighted bullets naming Attorney Lamkin personally and seeking discovery clearly pertaining to this matter comprise further evidence that Rothschild filed this matter in an attempt to intimidate Attorney Lamkin and Starbucks.

**C.    Plaintiffs' Abuse of Process Has Injured Attorney Lamkin**

43. Attorney Lamkin has been damaged and continues to be damaged caused by Rothschild and AT's abuse of process.

44. Not only is she forced to incur the costs of defending this litigation, she is also burdened by the need to respond in the E.D. Tex. Litigation to Plaintiffs' inquiries and discovery about the instant action, which takes away from the requisite work of her other cases and clients and causes a loss of productivity. She also faces the risk that Plaintiffs will use the instant action to gain improper leverage in the E.D. Tex. Litigation and to drive a wedge between Attorney Lamkin and her client Starbucks. She has also had to divert her attention and resources away from the E.D. Tex. Litigation to focus on the claims against her individually in the above-captioned action.

45. Attorney Lamkin also seeks punitive damages against Rothschild for his personal misconduct in choosing to sue Attorney Lamkin for improper purposes and intending to specifically and actually harm Attorney Lamkin individually. *See* §§ 768.73(1)(a), (1)(c), Fla. Stat. Plaintiffs' intent to harm Attorney Lamkin specifically and individually is evidenced by, for example, Plaintiffs' fabrication of the facts in paragraph 20 of Plaintiffs' Complaint and the threats levied against Attorney Lamkin personally by Plaintiffs' counsel in the E.D. Tex. Litigation, *supra* ¶¶ 5-17, 37.

## PRAYER FOR RELIEF

Therefore, Attorney Lamkin respectfully requests the following relief:

A. A determination that Rothschild and AT have committed the tort of abuse of process;

B. An accounting for damages adequate to compensate for Rothschild's and AT's unlawful actions;

C. An award of costs, expenses and attorneys' fees to Attorney Lamkin;

D. An award of punitive damages;

E. Pre-judgment and post-judgment interest on such monetary relief; and

F. Such other and further relief as this Court deems just and proper.

Attorney Lamkin requests a jury for all claims so triable.

Dated: January 28, 2025

    Respectfully submitted,

    */s/ Brenton H. Cooper*
    Brenton H. Cooper
    Florida Bar No. 1035909
    **BAKER BOTTS L.L.P.**
    brent.cooper@bakerbotts.com
    700 K St., N.W.
    Washington, D.C. 20001
    T: 202-639-1325
    F: 202-639-7890

    *Attorney for Defendant Rachael Lamkin*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 28, 2025, a true and correct copy of the above document was provided to all counsel of record through the Court's ECF system.

    */s/ Brenton H. Cooper*
    Brenton H. Cooper