# EXHIBIT F



Andrew E. Russell
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0704 – Direct
arussell@shawkeller.com

September 29, 2021

**BY CM/ECF & HAND DELIVERY**
The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    *Rothschild Digital Confirmation, LLC v. CompanyCam, Inc.*,
              C.A. No. 19-1109-MN (D. Del.)

Dear Judge Noreika,

    Pursuant to the Court's Oral Order, D.I. 49, defendant CompanyCam, Inc. ("CompanyCam") respectfully submits this letter brief seeking to compel discovery responses from plaintiff Rothschild Digital Confirmation, LLC ("RDC").

    As detailed below, RDC refused to pay the Court's fee award in this action, and instead suggested that CompanyCam serve discovery in aid of execution under Fed. R. Civ. P. 69(a)(2). When CompanyCam did so, RDC initially hedged, but ultimately agreed to respond to the discovery requests in exchange for an extension of time on its deadline to file its appellate brief. After receiving its extension, RDC backed out and refused to respond to the requests. Following further meet-and-confers, and in light of the unambiguous case law, RDC again promised to respond to the requests by a date certain. But it never sent any discovery responses. RDC's counsel now seeks to withdraw from this action, leaving RDC unrepresented—despite it being a patent assertion entity purported to have few or no assets, with little likelihood of retaining new counsel.

    CompanyCam seeks an order from the Court compelling RDC to respond to CompanyCam's Rule 69 discovery in aid of execution, and a finding that RDC has waived any objections to that discovery. That discovery is permitted by the rules and RDC has repeatedly agreed to respond but has failed to do so.

    **Facts:** As CompanyCam set forth in its fee brief, the named inventor on the asserted patent is Leigh Rothschild, whose patent assertion entities are among the most prolific in the United States. D.I. 32 at 1. Rothschild rarely allows his patents to be tried on the merits and has been repeatedly called out by the courts and intellectual property press for filing meritless lawsuits. *Id.* Defendant CompanyCam is a small start-up that makes a smartphone application. *See id.*

    Here, the Court awarded $86,150 in attorney's fees after RDC unilaterally dismissed its complaint in an attempt to evade the Court's finding of ineligibility of the asserted patent, and engaged in "pattern of troubling litigation conduct." *See* D.I. 40 at 1-2, 8; D.I. 45 at 3. Specifically, "after hearing the Court's ruling as to the [asserted patent], Plaintiff unilaterally dismissed its case against Defendant before the Court's order was entered and then prolonged litigation against defendants in other cases before giving up when called to face the Court." D.I. 40 at 8.

SHAW KELLER LLP
Page 2

The Court ordered RDC to pay CompanyCam's fees by April 9, 2021. *See* D.I. 45 at 3 (requiring payment within 45 days). RDC never paid. In March, 2021, RDC appealed the fees Order (D.I. 46[1]), and counsel for RDC verbally informed CompanyCam that RDC intended to move to stay the fee award pending appeal of the fees order. It never did so, but instead offered to allow CompanyCam to take discovery into its finances. *See* Ex. A at 1 (referring to verbal offer).

On April 22, 2021, the parties met and conferred about RDC's failure to pay the fee award. Counsel for RDC stated that RDC has no assets and no way to satisfy the fee judgment, but also stated that RDC is not bankrupt. CompanyCam suggested that RDC's refusal to pay is contempt of court. Counsel for RDC asserted that failure to pay a judgment is not contempt of court, and that it was up to CompanyCam to seek discovery under Fed. R. Civ. P. 69 and execute on the judgment. The parties continued to meet-and-confer until mid-May.

CompanyCam served discovery in aid of execution under Fed. R. Civ. P. 69 on RDC on May 21, 2021. D.I. 48; Ex. B. In June, RDC asked for an extension on its appeal of the Court's order. Ex. C at 2. In agreeing not to oppose the extension, counsel for CompanyCam requested assurances from RDC that it intended to timely respond to CompanyCam's Rule 69 discovery. *Id.* at 1. In exchange for the extension, counsel for RDC stated that "[m]y client does intend to timely respond. They are working on the discovery." *Id.*

Despite counsel's assurances, RDC never served responses. During a further meet-and-confer, RDC reversed course and claimed that they have no obligation to respond to the discovery regardless of their earlier promises. CompanyCam asserted that RDC had waived any right to object in exchange for an extension on their time to file their appeal brief. After further discussions, counsel for RDC again agreed to respond, stating that "I have communicated with RDC. They do not wish to fight this matter and will provide responses and documents by Friday, July 30." Ex. D at 1 (July 19, 2021 E-mail from D. Chavous to R. Lamkin).

On the promised date, counsel for RDC changed course yet again, stating that "I have not received any discovery to provide to you. I cannot provide any more details due attorney-client privilege." Ex. E at 1. The parties contacted the Court the following business day to schedule the present discovery dispute. Lead and local counsel for RDC subsequently informed CompanyCam that they intend to move to withdraw from this action. *See* Ex. F at 1.

**The Dispute:** Rule 69(a)(2) provides for post-judgment discovery in aid of execution:

> *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules . . . .

Fed. R. Civ. P. 69(a)(2).

---

[1] Tellingly, RDC did not appeal this Court's finding that the asserted claims were patent ineligible. Indeed, as the Court found, RDC strategically dismissed its complaint before the Court could enter an order on the docket regarding its § 101 findings. (D.I. 40, at 8.)

Discovery in aid of execution was part of RDC's original suggestion to resolve the parties' dispute about failure to pay. They then expressly agreed to provide discovery responses in exchange for an extension of time in their appeal. RDC's voluntary relinquishment of any right not to respond to the discovery requests constituted an express waiver of any general objection to doing so. *See Novartis Pharm. Corp. v. Eon Labs Mfg.*, 206 F.R.D. 396, 398 (D. Del. 2002) ("A waiver is defined as 'the voluntary, intentional relinquishment of a known right.' . . . An express waiver is absolute.") (citation omitted). CompanyCam requests that the Court hold RDC to its agreement and compel RDC to respond to CompanyCam's discovery requests.

When RDC backed out of its agreement to provide the discovery that it proposed, its only objection was that the case is administratively closed. But Third Circuit law still requires RDC to respond to the discovery. *See U.S. v. Chazen*, C.A. No. 3:08-cv-2314-FLW-DEA, 2019 U.S. Dist. LEXIS 1382, at *7 (D.N.J. Jan. 4, 2019) (granting motion to compel Rule 69 discovery for a judgment creditor in a closed action); *Haiying Xi v. Shengchun Lu*, 330 F. App'x 403, 406 (3d Cir. 2009) (holding that "the District Court erred in denying . . . discovery pursuant to Rule 69 based on the fact that a default judgment had already been entered in [the movant's] favor. Rule 69 provides that, in aid of the judgment or execution, a judgment creditor may obtain discovery from any person, including the judgment debtor, as provided in the Federal Rules of Civil Procedure or by the procedure of the state where the court is located. . . . Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure.").[2]

Lastly, by failing to respond to CompanyCam's discovery for more than three months, RDC has waived any objections to that discovery. *Tri-State Energy Sols., LLP v. KVAR Energy Sav., Inc.*, C.A. No. 08-209, 2010 U.S. Dist. LEXIS 161492, at *6-7 (D. Del. Dec. 7, 2010). "[W]here discovery requests are made and the opposing party makes no objection within 30 days after being served, those objections are waived . . . ." *Tri-State Energy*, 2010 U.S. Dist. LEXIS 161492 at *6-7; *SWIMC, Inc. v. Hy-Tech Thermal Sols., LLC*, C.A. No. 08-084-SLR, 2009 U.S. Dist. LEXIS 53528, at *9 (D. Del. June 24, 2009) (holding that "defendants . . . waived all objections" to discovery requests by failing to respond on time).

In sum, despite the Court's award of attorney's fees under § 285, RDC has continued to unnecessarily consume the Court's and the parties' time by repeatedly promising and then failing to provide discovery in aid of execution, and forcing CompanyCam to bring this discovery dispute simply to receive the information that it is entitled to under the undisputed language of Rule 69.

**Relief Requested:** CompanyCam requests that the Court: (1) compel discovery responses from the plaintiff Rothschild Digital Confirmation, LLC ("RDC"); and (2) find that RDC has waived its objections to the discovery by failing to respond.

---

[2] Moreover, the case was administratively closed during the motion for fees and the Court's award of fees; that closure cannot be a basis to refuse to respond to discovery about those fees. *See* March 19, 2020 docket entry directing that case be marked closed; *Penn W. Assocs. v. Cohen*, 371 F.3d 118, 128 (3d Cir. 2004) ("[A]n order merely directing that a case be marked closed constitutes an administrative closing that has no legal consequence other than to remove that case from the district court's active docket.").

**SHAW KELLER LLP**
Page 4

Respectfully submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)

cc: Clerk of the Court (by CM/ECF & hand delivery)
      All counsel of record (by CM/ECF & e-mail)