UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:24-cv-24669-DPG

**Leigh M. Rothschild**, an individual citizen of Florida, and **Analytical Technologies, LLC**, a Wyoming company,
      Plaintiffs,

v.

**Starbucks Corporation**, a Washington corporation, and **Rachael Lamkin**, an individual citizen of California,
      Defendants.

_____/

## MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S MOTION TO DISMISS BY UNIFIED PATENTS, LLC

Unified Patents, LLC ("Unified" or "Amicus") respectfully moves for leave to file the attached brief (Exhibit 1) as *amicus curiae* in support of Starbucks Corporations' Motion to Dismiss the Complaint ("Motion," Doc. 10) on the grounds that Mr. Rothschild is a limited public figure and, therefore, must allege facts that the accused speech was made with malice to plausibly state a claim for defamation. Motion at 16–17. No party participated in the drafting of or paid for the amicus brief.

While Federal Rule of Appellate Procedure 29 and Supreme Court Rule 37 provide for the filing of amicus curiae briefs, the Federal Rules of Civil Procedure lack a parallel provision for district courts. Instead, this Court has the "inherent authority" to admit *amici curiae* to assist the Court in a proceeding. *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500–01 (S.D. Fla. 1991). Amici participate in a litigation only for the benefit of a district court, and it is in a

1

court's sole discretion to "determine the fact, extent, and manner of participation by the amicus." *City of S. Miami v. DeSantis*, 19-cv-22927, 2019 WL 9514566, at *1 (S.D. Fla. Dec. 10, 2019). While amici are generally allowed sparingly, this is **"unless** the *amicus* has a special interest." *Id.* (emphasis added, internal quotations omitted).

Here, Unified has a special interest in the instant action. The action involves concerns of free speech regarding intellectual property rights, an area in which Unified is an expert. Unified can provide assistance to the Court because they are driven to the protection of innovation and freedom of competition. Its work provides particular knowledge that will benefit the Court in determining whether a person has gained notoriety in the community or vigorously sought the attention of others in the space such that they should be considered a limited public figure in patent law.

Unified is a membership organization dedicated to deterring non-practicing entities, particularly patent assertion entities ("PAEs") from extracting nuisance settlements from operating companies based on patents that are likely invalid. Unified's 3,000-plus members include Fortune 500 companies, start-ups, automakers, industry groups, cable companies, banks, credit card companies, technology companies, open-source software developers, manufacturers, and others dedicated to reducing the drain on the American economy from baseless patent litigation. Unified acts independently from its members, including in the drafting of this brief. Unified studies the business models, financial backings, and practices of PAEs, including ownership data, secondary-market patent sales, demand letters, and litigation. Unified also files post-issuance challenges against low-quality PAE patents. Unified regularly publishes reports and op-eds on its work and the state of patent litigation in the United States. Unified notes that defendant Starbucks Corporation ("Starbucks") is one of many members of Unified, but Starbucks took no part in the funding or drafting of the amicus brief. Rather, Unified has a special interest in the freedom of speech regarding

controversial patent monetization strategies, and the individuals who promote them, as well as specialized expertise regarding "who's who" in the patent community.

The proposed brief will benefit the Court by offering a new or unique perspective beyond that already presented by the parties. In the brief, Unified provides only publicly available information. And, as a membership organization specializing in the patent world, Unified's perspective allows it to assist the Court in evaluating the evidence as one involved in this space. This will aid the Court as it considers an important constitutional question of free speech involving a limited public figure in a specialized field with the necessary legal and factual context.

Further, Unified has not delayed in its filing and Plaintiffs have not yet filed their response to Starbucks' Motion. Therefore, the admission of this brief will not prejudice Plaintiffs, who will have the opportunity to respond or amend their complaint. And, indeed, the discussion provided is narrow: Amicus present the Court with judicially-noticeable facts accessible to the general public solely related to the question of Plaintiff's status as a limited public figure in patent law.

## CONCLUSION

For the foregoing reasons, Unified respectfully request that this Court grant it leave to file the attached brief (Ex. 1). A proposed order is attached hereto (Ex. 2).

## LOCAL RULE 7.1(a)(3) CERTIFICATION

In accordance with Local Rule 7.1(a)(3), counsel for Amicus conferred in writing via email on February 11, 2025, with counsel of record all parties to this case in a good faith effort to obtain consent to Amicus's Motion. Defendants Lamkin and Starbucks consent to the Motion, and Plaintiff opposes the Motion.

Date: <u>February 20, 2025</u>                              Respectfully submitted by,

**THE BRICKELL IP GROUP, PLLC**
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

<u>*/s/ Arthur Robert Weaver*</u>
**Arthur Robert Weaver**
Fla. Bar No. 92132
Email: rweaver@brickellip.com
**Richard Guerra**
Fla. Bar No. 689521
Email: rguerra@brickellip.com

*Counsel for Amicus*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 20, 2025, a true and correct copy of the foregoing document along with Exhibits 1–2 and A–J, was filed with the Clerk of the Court using the CM/ECF system. I also certify that copies of the foregoing document are being served on all counsel of record identified on the attached Service List via transmission of the Notice of Electronic Filing generated by CM/ECF.

Dated: February 20, 2025                                    Respectfully submitted,

                                                            */s/ A. Robert Weaver*
                                                            Arthur Robert Weaver