# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:24-cv-24669-DPG

**Leigh M. Rothschild**, an individual citizen of Florida, and **Analytical Technologies, LLC**, a Wyoming company,

    Plaintiffs,

v.

**Starbucks Corporation**, a Washington corporation, and **Rachael Lamkin**, an individual citizen of California,

    Defendants.

_____/

**[PROPOSED] BRIEF AS AMICUS CURIAE IN SUPPORT OF DEFENDANT STARBUCKS CORPATION'S MOTION TO DISMISS BY UNIFIED PATENTS, LLC**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF EXHIBITS ...................................................................................................................... iii

I.     INTEREST OF AMICUS CURIAE ..................................................................................... 1

II.    LEGAL BACKGROUND ..................................................................................................... 1

III.   ARGUMENT ......................................................................................................................... 3

A.   The Accused Speech Relates to a Matter of Public Concern in which Mr. Rothschild Is a Limited Public Figure ................................................................................................................ 3

CONCLUSION ................................................................................................................................... 7

## TABLE OF AUTHORITIES

**Court Cases**

*Ellison v. Postmaster Gen., U.S. Postal Serv.*, 20-13112, 2022 WL 4726121
  (11th Cir. Oct. 3, 2022) .................................................................................................... 2

*Gertz v. Robert Welch, Inc.,* 418 U.S. 323 (1974) ................................................................. 1, 2, 7

*Octane Fitness v. ICON Health & Fitness*, 572 US 545 (2014) ..................................................... 3

*Rosenblatt v. Baer*, 383 U.S. 75 (1966) ........................................................................................ 1

*Silvester v. American Broadcasting Cos.*, 839 F.2d 1491 (11th Cir.1988) ............................. 1, 2, 7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 US 308 (2007) .................................................. 2

*Time, Inc. v. Firestone*, 424 US 448 (1976) ................................................................................. 7

**Statutes, Rules, and Regulations**

Fed. R. Evid. 201(b)(2) ................................................................................................................ 2

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | Patrick Muffo, *NPE Showcase – Leigh Rothschild*, Seyfarth Shaw LLP, May 11, 2023, https://www.gadgetsgigabytesandgoodwill.com/2023/05/npe-showcase-leigh-rothschild/ |
| B | Laurel Brubaker Calkins and Lauren Castle, *Critics Call Him a Patent Troll. He Prefers Modern-Day Edison*, Bloomberg Industry Group, Inc., Oct. 23, 2023, accessed via https://web.archive.org/web/20240906185523/https://news.bloomberglaw.com/ip-law/critics-call-him-a-patent-troll-he-prefers-modern-day-edison |
| C | Joe Mullin, *This Bill Would Revive The Worst Patents On Software—And Human Genes*, Electronic Frontier Found., Sep. 15, 2023, https://www.eff.org/deeplinks/2023/09/bill-would-boost-worst-patents-software-and-human-genes |
| D | Joe Mullin, *Stupid Patent of the Month: Digital Verification Systems Patents E-Signatures*, Electronic Frontier Found., Jan. 20, 2023, https://www.eff.org/deeplinks/2023/01/stupid-patent-month-digital-verification-systems-patents-e-signatures |
| E | RPX Corporation, *Rothschild's Display Technologies Sues Five More Vehicle Makers*, Mondaq Ltd., May 5, 2021, https://www.mondaq.com/unitedstates/patent/1064886/rothschilds-display-technologies-sues-five-more-vehicle-makers |
| F | Gene Quinn, *RPX says NPE patent litigation increased in 2015, Eastern District of Texas leads way*, IPWatchdog, Inc., Jan. 5, 2016, https://ipwatchdog.com/2016/01/05/npe-patent-litigation-increased-2015/id=64724/ |
| G | Larry Downes, *The 4 Worst Patents of 2015*, Wash. Post, Dec. 14, 2015, https://www.washingtonpost.com/news/innovations/wp/2015/12/14/the–4–worst–patents–of–2015/?utm_term=.4c67935643cf |
| H | *Symbology Innovations, LLC v. Topcon Positioning Systems, Inc.*, No. 3:19-cv-03036-SK, Doc. 11-2 (N.D. Cal. Jul. 17, 2019) |
| I | Inventors Soc. of South Florida, *Future Speakers at ISSFL Speaker for the May 11th Meeting: The Ace of Apps*, https://www.inventors-society.net/future-speakers-issf/ |
| J | RPX Corp., *Leigh M. Rothschild*, https://insight.rpxcorp.com/entity/352299-leigh-m-rothschild (last visited Feb. 11, 2025) |

I.     INTEREST OF AMICUS CURIAE

As discussed in the corresponding Motion for Leave (Doc. 17), Amicus Unified Patents ("Unified" or "Amicus") is a broad-based member organization familiar with the patent space. Amicus is involved in the field of patent law and policy and as such, can comment objectively about the topic.

   INTRODUCTION

Because the Complaint alleges speech connected to Mr. Rothschild's status as a limited public figure in patent law, (Motion at 16–17, Sec. IV.B.), Amicus writes to assist the Court in its determination regarding whether Mr. Rothschild is a limited public figure based on public information.

The Complaint accuses statements regarding Mr. Rothschild's alleged use of companies to shield him from potential liability for patent assertions (the "accused speech") of defamation. (Compl. at ¶¶ 17–21.) The accused speech is germane to Mr. Rothschild's status as a limited public figure in patent law. Further, the topic relates to matters of public concern.

II.    LEGAL BACKGROUND

The test for liability in a defamation action depends on "whether the libeled party is a public or private figure and on whether the defamatory publication addresses a public or private concern." *Silvester v. American Broadcasting Cos.,* 839 F.2d 1491, 1493 (11th Cir.1988). If the plaintiff is a public figure, and the alleged defamatory publication involved an issue of public concern, the plaintiff must prove the defendant made the statements "with actual malice" to establish liability. *Id*. at 1498. If the plaintiff is a wholly private figure, States may define the appropriate standard of liability for defamation. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 347 (1974). Whether an

individual is a public figure is a legal question for the court to decide. *Rosenblatt v. Baer*, 383 U.S. 75, 88 (1966).

There are two types of public figures, or individuals who, "by reason of the notoriety of their achievements or the vigor and success with which they seek the public's attention" invite attention and comment. *Gertz,* 418 U.S. at 342. General public figures "occupy positions of such persuasive power and influence that they are deemed public figures for all purposes." *Id*. at 345. Limited public figures, which are more common, have "thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved." *Id*. When a complainant is a limited public figure, and the defamatory statement "germane to plaintiff's participation in the controversy," they must plausibly allege actual malice to state a claim for relief. *Silvester*, 839 F.2d. at 1498.

Here, in assessing Defendant's Motion, the Courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss," including "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 US 308, 322 (2007). This brief cites facts that the court may judicially notice, including public court opinions and filings. *See Ellison v. Postmaster Gen., United States Postal Serv.*, 20-13112, 2022 WL 4726121, at *6-7 (11th Cir. Oct. 3, 2022) ("[A] district court, at the motion to dismiss stage, may take judicial notice of relevant public documents."). Further, regarding online sources, Amicus does not take a position as to the veracity of their contents, but rather, asks only that Court take judicial notice of their *existence*. This is what is relevant to evaluate the limited public figure question, and cannot be reasonably disputed. *See* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

### III. ARGUMENT

#### A. The Accused Speech Relates to a Matter of Public Concern in which Mr. Rothschild Is a Limited Public Figure

Mr. Rothschild has become at least a limited public figure in patent law, through his identity as a well-known inventor, his familiar patent monetization practices, his often-eponymous companies' litigation campaigns, and through his public appearances. This space is a public concern. Per one writer, companies linked to Mr. Rothschild have filed over 1,200 patent infringement lawsuits—some of which were found to be objectively baseless, justifying the award of fees to the other side. (Ex. A at 2.) That attracts attention in patent law, as it is the "rare case" that warrants the award of fees. *Octane Fitness v. ICON Health & Fitness*, 572 US 545, 555 (2014).

The Complaint itself acknowledges Mr. Rothschild's prevalence, noting that he has licensed patents to "many" Fortune 100 and 500 companies for millions in licensing fees and royalties. (Compl. at ¶ 10.) And, as the Complaint acknowledges, patent damages cases can reach into the eight-figure range, and beyond. (*Id*. at ¶ 11.) These licensing, royalty, and judgement costs are often passed onto consumers. Because of this, patent litigation has wide-reaching implications regarding the benefits and costs of the patent system to the economy and the public. Therefore, the public has an interest in patent law, including in the right of others to comment on it.

Over the last decade, Mr. Rothschild's patent monetization practices and advocacy in patent policy have attracted significant attention in the press and earned him a self-professed reputation, particularly in publications directed to inventors and patent attorneys. In addition to the Gadgets, Gigabytes, and Goodwill law blog (Ex. A), Rothschild's patent activities have been discussed by the following media and patent policy publications:

3

- In 2023, Bloomberg Law published an article explaining that Mr. Rothschild considers himself "among the most prolific inventors of his generation." (Ex. B at 1.)

- In articles discussing patent law and policy, Electronic Frontier Foundation, a non-profit that champions user privacy, free expression, and innovation, refers to "Leigh Rothschild entities" (Ex. C at 4) and "Rothschild-linked companies" (Ex. D at 3) not just the company names themselves.

- Through Mondaq, RPX Corporation reported on a particularly broad campaign by a Rothschild entity, Display Technologies, LLC, describing Mr. Rothschild as a "prolific inventor and frequent plaintiff" and explaining that "[t]ypical of a Rothschild plaintiff, this NPE has proceeded in file-and-settle fashion." (Ex. E at 1–2.)

- According to the technology publication Ars Technica, a dispute involving Rothschild and Garmin International gained attention after a Rothschild entity dismissed a case when Garmin declined a $75,000 "early settlement program" and threatened discovery on Rothschild's campaign activities. (Compl. Ex. B at 3–4.)

- In 2016, IP Watchdog, a media company whose focus is on the business, policy and substance of patents and other forms of intellectual property, reported that the "top ten NPEs by defendants sued" included "Leigh M. Rothschild," identifying Plaintiff by name. (Ex. F at 1.)

- The Washington Post, an internationally recognized news organization, published an article identifying a patent asserted by the eponymous Rothschild Connected Devices Innovations, LLC as one of the four worst patents of 2015. (Ex. G at 4–5.)

- As the Complaint acknowledges, famous patent assertion entity Intellectual Ventures featured Mr. Rothschild in an "Inventor Spotlight" in 2013, where he discussed his

4

more-than 100 sole-inventor patents in diverse technology areas and explained why he preferred monetization over managing businesses for implementing his inventions.[1]

Mr. Rothschild has appeared on podcasts and was featured in at least one conference for his patent and legal work:

- In 2023, Seyfarth Shaw LLP uploaded an interview with Mr. Rothschild about his patent monetization efforts, entitled "Interview with NPE Leigh Rothschild."[2]

- In 2021, The Patent Professor®, self-described as "a national AV-rated IP law firm," interviewed Mr. Rothschild, referring to him as a "prolific" inventor who had a passion in advising novice inventors.[3] The interviewer commented that, "for patent attorneys like me, it feels like we're interviewing [the] Thomas Edison of our time."

- In 2020, Mr. Rothschild joined the Finding Genius podcast for an interview, in which he was referred to as the "patent accumulator" Leigh Rothschild.[4] During this interview, he advised listeners on ways to monetize patents.

- In 2019, the Inventors Society of South Florida announced that Mr. Rothschild would be speaking at their "Ace of Apps" to discuss his inventions and legal issues.[5]

---

[1] While the full article was removed, it is preserved and has been made available in at least one public filing involving Mr. Rothschild's campaigns. *Symbology Innovations, LLC v. Topcon Positioning Systems, Inc.*, No. 3:19-cv-03036-SK, Doc. 11-2 (N.D. Cal. Jul. 17, 2019) (Exhibit H).

[2] Seyfarth Shaw LLP, *Interview with NPE Leigh* Rothschild, Sep. 8, 2023, https://www.youtube.com/watch?v=ucfDCy26t8s.

[3] The Patent Professor, *Interview with Prolific Inventor - Leigh Rothschild – 877-728-7763 – The Patent Professor®*, Dec. 28, 2021, https://www.youtube.com/watch?v=uIxiYVZtukI.

[4] Finding Genius Podcast, *The Entrepreneurial Mindset of Patent Accumulator Leigh Rothschild*, Sep. 10, 2020, https://www.youtube.com/watch?v=07PQ9-K8RTk.

[5] Ex. I at 2; *see also* https://www.eventbrite.com/e/the-ace-of-apps-tickets-59789593283.

5

- In 2018, Mr. Rothschild appeared on CEO Money to discuss the Qmage app; the conversation then shifted to Mr. Rothschild's patent portfolio in the space.[6]

Additionally, companies in the business of monitoring patent activity understand that their readers will recognize Leigh Rothschild's name before those of his many companies. For example, RPX Corporation ("RPX") is a business that seeks to solve patent risks and aggregates patent data.[7] On one of the RPX entity tracking tools, RPX has an entire web-page dedicated to "Leigh M. Rothschild." This tool describes Mr. Rothschild as a "prolific patent plaintiff" related to at least 59 entities:



(Ex. J at 1.)

To be sure, Amicus does not suggest that Mr. Rothschild is a limited public figure just because he litigates. Rather, it is the volume and high-profile nature of the litigations along with Mr. Rothschild's public appearances and advertisements that make him a limited public figure. Mr. Rothschild has embraced the publicity; additionally, at least sixteen entities are named after him.

---

[6] CEO Money, *Leigh Rothschild created Qmage to revolutionize the way images are viewed and experienced*, Oct. 22, 2018, https://www.youtube.com/watch?v=9Nj7zEnU_aw.

[7] RPX Corporation, *Company*, https://www.rpxcorp.com/about/.

(RPX, Ex. J at 8–10.)[8] These appearances and publications have created a recognizable brand for Mr. Rothschild. This is not the case where a person was "drawn into a public forum largely against their will in order to attempt to obtain the only redress available to them." *Time, Inc. v. Firestone*, 424 US 448, 457 (1976). Rather, this is one who "by reason of the notoriety of [his] achievements," including by regularly advertising his patent licensing methods, 100+ sole-inventor patents, and damages allegations (as mentioned in the Complaint) for over a decade, or by the "vigor and success with which [he] seek[s] the public's attention," including through multiple voluntary public appearances, has made a name for himself in patent law. *Gertz*, 418 U.S. at 351.

And Mr. Rothschild has had and will continue to have "effective opportunities for rebuttal" to the accused speech. *Id*. at 344. As shown above, Mr. Rothschild has had "ready access to the media for many years prior to" the accused speech and he has "voluntarily placed [himself] in a position and acted in a manner which invited public scrutiny and comment," including responding to similar speech in podcasts and interviews. *Silvester*, 839 F.2d at 1494. He or his agents have regularly responded for comment to publications, and he has spoken publicly about patents, including conduct related to the accused speech, on podcasts. Holding him to be a limited public figure in a field is thus objectively appropriate.

**CONCLUSION**

For the reasons stated above, Amicus respectfully requests the Court's consideration of this brief, which provides publicly available information that would be familiar to those involved in

---

[8] Rothschild Audio Innovations LLC; Rothschild Automotive Technologies, LLC; Rothschild Biometric Systems, LLC; Rothschild Broadcast Distribution Systems, LLC; Rothschild Connected Devices Innovations, LLC; Rothschild Digital Confirmation, LLC; Rothschild Digital Media Innovations, LLC; Rothschild GPS Sharing Innovations, LLC; Rothschild Labs LLC; Rothschild Location Technologies, LLC; Rothschild Mobile Imaging Innovations, LLC; Rothschild Patent Imaging LLC; Rothschild Scanning Technologies, LLC; Rothschild Storage Retrieval Innovations, LLC; Rothschild Trust Holdings, L.L.C.; and Rothschild Vehicle Technologies, LLC.

7

patent law, in assessing whether Mr. Rothschild's Complaint is directed to statements made in a matter of public concern in which Mr. Rothschild is a limited public figure.

Date: <u>February 20, 2025</u>                    Respectfully submitted by,

**THE BRICKELL IP GROUP, PLLC**
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*/s/ Arthur Robert Weaver*
**Arthur Robert Weaver**
Fla. Bar No. 92132
Email: rweaver@brickellip.com
**Richard Guerra**
Fla. Bar No. 689521
Email: rguerra@brickellip.com

*Counsel for Amicus*

8