UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-24669-GAYLES

LEIGH M. ROTHSCHILD and )
ANALYTICAL TECHNOLOGIES, LLC, )
)
       *Plaintiffs*, )
)
v. )
)
STARBUCKS CORP. and )
RACHAEL LAMKIN, )
)
       *Defendants*. )
)

**JOINT CONFERENCE REPORT AND JOINT PROPOSED SCHEDULING ORDER**

Plaintiffs Leigh M. Rothschild ("Rothschild") and Analytical Technologies, LLC ("AT") and Defendants Starbucks Corp. ("Starbucks") and Rachael Lamkin ("Attorney Lamkin"), by and through their respective undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(f), this Court's Local Rule 16.1(b), and the Court's Order of February 10, 2025 [ECF No. 11], hereby file their Joint Conference Report and Proposed Scheduling Order.

On February 27, 2025, Plaintiffs and Starbucks filed a Notice of Pending Settlement (the "Notice") [ECF No. 19], which expressed those Parties' intent to file a stipulation for dismissal of Starbucks within thirty (30) days of the filing of the Notice and requested a stay of all deadlines as to Starbucks in the meantime. Because the Rule 26(f) deadline set by this Court's Order of February 10, 2025, has not been stayed as of the time of this filing, Starbucks joins in this Joint Conference Report and Joint Proposed Scheduling Order despite expecting to be dismissed from the case soon.

I.  **PARTY CONFERENCE**

Pursuant to Local Rule 16.1(b)(1), the Parties had a phone/virtual conference on Thursday, February 20, 2025, at 2:00 PM Eastern Time.  The following counsel were in attendance: For Plaintiffs, Edward F. O'Connor and Stephen M. Lobbin.  For Defendant Starbucks, Daniel B. Rogers and Lori-Ann C. Ridley.  For Defendant Attorney Lamkin, Brenton H. Cooper and Paul R. Elliott.

II.  **CASE MANAGEMENT TRACK**

At this time, the Parties recommend that this case be set on the Standard Track in Southern District of Florida Local Rule 16.1(a)(2)(B) in accordance with the schedule in the Proposed Scheduling Order attached as **Exhibit A**.

III.  **CONFERENCE REPORT**

A.  **The likelihood of settlement.**

Starbucks and Attorney Lamkin refer the Court to the Notice [ECF No. 19].

Beyond that, the Parties state: Litigation of this action has just begun, and the Parties have not engaged in meaningful settlement discussions.  The Parties agree to maintain an open dialogue and pursue in good faith the possible amicable resolution of this dispute.

B.  **The likelihood of appearance in the action of additional parties.**

At this time, the Parties do not anticipate the appearance of additional parties.  However, the Parties may seek to join additional parties as warranted by developments in discovery and as permitted by the applicable law, the Rules of Civil Procedure, and the Court's Local Rules and Scheduling Order(s).

  **C.** **Proposed limits on the time to join and to amend the pleadings; to file and hear motions; and to complete discovery.**

The Parties' proposed deadlines are set forth in the Proposed Scheduling Order attached as **Exhibit A**. In addition to the discovery deadlines set out therein, Plaintiffs and Starbucks have agreed not to serve discovery on each other until the resolution of Starbucks Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim and Anti-SLAPP Motion [ECF No. 10]. Plaintiffs and Attorney Lamkin have reached no stipulation staying discovery served on each other.

  **D.** **Proposals for the formulation and simplification of issues, including elimination of frivolous claims or defenses, and number and timing of Motions for Summary Judgment or Partial Summary Judgment.**

The Parties agree to use their best efforts to simplify the issues in the case. To this end, Plaintiffs and Starbucks have agreed not to serve discovery on each other until the resolution of Starbucks Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim and Anti-SLAPP Motion, ECF No. 10. The Parties will also evaluate whether to file Motions for Summary Judgment or for Partial Summary Judgment before the deadline set out in the Court's Scheduling Order(s).

  **E.** **The necessity or desirability of amendments to the pleadings.**

The Parties reserve the right to amend their pleadings, if warranted, for good cause and consistent with applicable law, the Rules of Civil Procedure, and the Court's Local Rules and Scheduling Order(s).

      **F.**      **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

The Parties consent to electronic service of discovery requests, discovery responses, and other materials not required to be filed with the Court. The Parties do not have any additional specific proposals at this time but are prepared to work in good faith in discovery to employ available discovery mechanisms to minimize the burdens on the Parties and the Court. The Parties agree to engage in good-faith discussions regarding the possibility of obtaining specific admissions of fact or entering into stipulations regarding the authenticity of documents, electronically stored information ("ESI"), or things at the appropriate time. At this time, the Parties cannot determine whether they will need advance rulings from the Court on admissibility of evidence. Should the need arise, the Parties will promptly file the appropriate motion(s) with the Court.

      **G.**      **Suggestion for the avoidance of unnecessary proof and of cumulative evidence.**

The Parties agree to work in good faith to avoid unnecessary proof and cumulative evidence, including through the filing of appropriate stipulations and/or motions *in limine*.

      **H.**      **Suggestions on the advisability of referring matters to a Magistrate Judge or master.**

At this time, the Parties do not unanimously consent to referring matters for final disposition to a Magistrate Judge or master. The Parties will continue to evaluate whether to agree to refer all or some matters in this litigation to a Magistrate Judge or master.

      **I.**      **A preliminary estimate of the time required for trial.**

At this time, the Parties estimate that a trial on Plaintiffs' claims and on Attorney Lamkin's counterclaims will take a total of approximately three to four (3-4) days. This estimate may change based on discovery and further litigation of these claims.

    **J.**    **Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference and Trial.**

The Parties' proposed deadlines are set forth in the Proposed Scheduling Order attached as **Exhibit A**.

    **K.**    **Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.**

The Parties will work cooperatively on ESI discovery issues and do not anticipate any issues related thereto at this time. Any issues that do arise will be addressed promptly and cooperatively before the Parties raise any ESI issues to the Court. The Parties agree to confer in good faith as to the appropriate format of production for ESI as that issue arises. The Parties object to the production of ESI that is not reasonably accessible. The Parties agree that they may claw back inadvertently-produced privileged and confidential information and that, upon notice, any inadvertently-produced materials will immediately be returned to the producing party consistent with Rule of Civil Procedure 26(b)(5)(B). The Parties further agree that they may request that the Court enter an appropriate Rule of Evidence 502 order. The Parties will work to cooperate on appropriate protections for any confidential information that may be produced in this action and may request that the Court enter an appropriate protective order providing such protections. Except for the foregoing, the Parties intend to proceed with discovery in accordance with the Rules of Civil Procedure and the Local Rules.

    **L.**    **Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

None at this time.

February 28, 2025

Respectfully submitted by:

| | |
|---|---|
| */s/ Brenton H. Cooper* | */s/ Edward F. O'Connor* |
| Brenton H. Cooper | Edward F. O'Connor |
| Florida Bar No. 1035909 | Florida Bar No. 132223 |
| **BAKER BOTTS L.L.P.** | efo@avynolaw.com |
| brent.cooper@bakerbotts.com | Law Offices Edward F. O'Connor |
| 700 K St., N.W. | 104 Seabreeze Circle |
| Washington, D.C. 20001 | Jupiter, Florida 33477 |
| T: 202-639-1325 | Tel: 949.291.2894 |
| F: 202-639-7890 | |
| | *Attorney for Plaintiffs* |
| Paul R. Elliott (admitted *pro hac vice*) | |
| Texas Bar No. 06547500 | |
| **BAKER BOTTS LLP** | |
| paul.elliott@bakerbotts.com | |
| 910 Louisiana St. | |
| Houston, Texas 77002 | |
| T: 713-229-1226 | |
| F: 713-229-1522 | |

*Attorneys for Defendant Rachael Lamkin*

*/s/ Daniel B. Rogers*
Daniel B. Rogers (Florida Bar No. 195634)
E-Mail: drogers@shb.com
Lori-Ann Ridley (Florida Bar No. 1044695)
E-mail: lridley@shb.com
SHOOK, HARDY & BACON L.L.P.
201 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
T: (305) 358-5171

*Counsel for Defendant Starbucks Corporation*