UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-24669-DPG

**Leigh M. Rothschild**, an individual citizen of Florida, and **Analytical Technologies, LLC**, a Wyoming company,

        Plaintiffs,

v.

**Starbucks Corporation**, a Washington corporation, and **Rachael Lamkin**, an individual citizen of California,

        Defendants.

_____/

## MOTION FOR JUDGMENT ON THE PLEADINGS

## AND TO DISMISS COUNTERCLAIM

Plaintiffs Leigh M. Rothschild ("LMR") and Analytical Technologies, LLC ("ATL") move hereby for judgment of defamation on the pleadings under Rule 12(c), and to dismiss the counterclaim of Defendant Rachael Lamkin ("Lamkin") under Rule 12(b)(6). *See* ECF Nos. 1 (Complaint) and 14 (Amended Answer and Counterclaim).

### Defendant Lamkin Fails To Reasonably Deny The Alleged Defamation

Under Rule 12(c) ("Motion for Judgment on the Pleadings"), a judgment on the pleadings is proper when "no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Paul M. Montrone Revocable Tr. of 2010 v. Cogan*, No. 23-81113, at *3 (S.D. Fla. Feb. 14, 2025)

1

(quoting *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010)). Indeed, "Documents that are not a part of the pleadings may be considered, as long as they are central to the claim at issue and their authenticity is undisputed." *Id.* (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002)). Here, Defendant Lamkin does not plausibly deny any of the key, material facts demonstrating the defamation Plaintiffs' have alleged in the Complaint. Instead, Lamkin's responsive pleading reads like a failed exercise in ontological gymnastics, ultimately failing to undercut Plaintiffs' allegations in any meaningful way whatsoever. Therefore, this Court should enter judgment in favor of Plaintiffs on their claims, on the pleadings.

First, as an introductory example, in response to Plaintiffs' un-dramatic allegation in Paragraph 8 of the Complaint that "Plaintiff LMR has been an inventor his entire **adult** life, and . . . has been issued approximately 150 patents" (emphasis added), Lamkin denied that LMR "has been an inventor his entire life," ignoring the word "adult" in the allegation. *See* ECF No. 1 at 2; ECF No. 14 at 2. Next, in response to Paragraph 11 of the Complaint, Lamkin alleged falsely that the entity RDCI "was ordered to pay attorneys' fees in another matter and could not pay." *See* ECF No. 1 at 2; ECF No. 14 at 3. This is false, and may be the one of several subjects of Rule 11 sanctions, because a settlement was reached in the "other matter."

Next, in response to Paragraph 17, Lamkin does not deny that she was quoted accurately in the "October 10, 2024 press article published in Bloomberg throughout the United States including Florida and this District, entitled 'Starbucks Levels Fraud Claim In New Tactic To Fight Patent Suit,' a true and correct copy of which is attached herewith as Exhibit A ('the

Bloomberg Article'),"[1] including her statement that "with Leigh Rothschild, we never get the money because the shells go bankrupt." ECF No. 1 at 3-4; ECF No. 14 at 4-5. This is a key, material fact that Lamkin does not dispute, and supports a judgment for Plaintiffs on the pleadings, because there is no plausible dispute that "go[ing] bankrupt" means following a process under the U.S. Bankruptcy Code, which Lamkin does not dispute never has happened vis-à-vis Plaintiffs or any related entity. *See Wells Fargo Bank, N.A. v. Kendrick*, No: 13-1577, at *6-7 (M.D. Fla. Feb. 3, 2014) ("Black's Law Dictionary defines 'bankruptcy' as a procedure in which a debtor undergoes either a reorganization or liquidation of assets or as '[t]he status of a party who has declared bankruptcy under a bankruptcy statute.'") (quoting *Black's Law Dictionary* 166-67 (9th ed. 2009)); *see id.* (case law and definitions "support an interpretation that the meaning of the term 'declare bankruptcy' is to file a bankruptcy petition under any Bankruptcy Code chapter"). It is notable that Lamkin cites in her Answer and Counterclaim only cases from Kansas for an acceptable (for her) definition of "bankrupt."

    Next, in response to Paragraph 18 which alleges that "[n]either LMR nor any of the companies he is involved with . . . has ever owed any of the Defendants any money for them to 'get,'" Lamkin denies the allegation without citing any alleged facts supporting her denial, much less her defamatory statement to Bloomberg. *See* ECF No. 1 at 4; ECF No. 14 at 5. Similarly, in response to Paragraph 19 which alleges that "none of the companies LMR is involved with is a 'shell,'" Lamkin denies the allegation without citing any alleged facts supporting her denial,

---

[1] This Court should take judicial notice of the Bloomberg Article (*see* ECF No. 1-1), which Defendant Lamkin agrees is an accurate. *See In re Silver Lake Grp. Sec. Litig.*, No. 20-2341, at *4 n.5 (N.D. Cal. Sep. 27, 2022) ("The Court takes judicial notice of the existence of this [Bloomberg] article . . . [but] does not take judicial notice of the truth of those facts."); *see also* ECF No. 14 at 5 ("Attorney Lamkin refers the Court to that article—available at https://news.bloomberglaw.com/ip-law/starbucks-levels-fraud-claim-in-new-tacticto-fight-patent-suit . . . for the content of the information therein.").

3

much less her defamatory statement to Bloomberg.  *See* ECF No. 1 at 4; ECF No. 14 at 5.  Similarly again, in response to Paragraph 20 which alleges that "none of the patent companies LMR is involved with has ever 'go[ne] bankrupt,'" Lamkin denies the allegation without citing any alleged facts supporting her denial, much less her defamatory statement to Bloomberg.  *See* ECF No. 1 at 4; ECF No. 14 at 5.  Finally, in response to Paragraph 21, Lamkin again does not deny that she was quoted accurately, including her statement that LMR has "set[] up . . . shell corporations by false representations," he "knows [the] patents are patent-ineligible," and "the graft continues."  ECF No. 1 at 4, Ex. B; ECF No. 14 at 5-6; *see also S.E.C. v. Lybrand*, 200 F. Supp. 2d 384, 387 (S.D.N.Y. 2002) ("A 'shell' corporation is one that has neither assets nor revenues and generally exists as a vehicle for another company's business activities.") (citing *Black's Law Dictionary* 344 (7th Ed. 1999)).  None of the entities referenced were ever "shells," as each had assets in the form of valuable patents and a budget for licensing and/or litigation operations, and none were "a vehicle for another company's business activities;" these entities stand alone with their own business activities.

## The Counterclaim Should Be Dismissed As Implausible

A dismissal under Rule 12(b)(6) is proper unless a claimant meets her "obligat[ino] to provide the 'grounds' for h[er] entitlement to relief."  *See Flynn v. United States*, No. 23-485, at *9 (M.D. Fla. Dec. 10, 2024) (quoting *Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007)).  "[T]he court should not assume that the plaintiff can prove facts that were not alleged.  Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief."  Id.  For Lamkin's single alleged "tort of abuse of process," she must be able to evidence three factors: "(1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior

4

motive or purpose in exercising the illegal, improper, or perverted process; and (3) damage to the plaintiff as a result of the defendant's action." *CCP Harbour Island, LLC v. Manor at Harbour Island, LLC*, No. 2D22-2922, at *17 (Fla. Dist. Ct. App. Oct. 11, 2023) (internal quotations omitted). "[T]he usual case of abuse of process involves some form of extortion," but "[t]here is no abuse of process . . . when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose." *Id.* In *Flynn*, for example, the district court dismissed an abuse of process claim because "Plaintiff does not allege facts to show that any FBI agents used the judicial machinery to obtain a result ***other than such as would be proper in the regular prosecution of the charge***." *See id.* at *19 (emphasis added).

As follows is Defendant Lamkin's alleged—but implausibly deficient—factual basis for her "tort of abuse of process" counterclaim. In Paragraph 1 of the counterclaim, Lamkin alleges that "Plaintiffs' lawsuit here is a sham litigation, improperly filed and intended to (1) create settlement leverage in the E.D. Tex. Litigation, (2) create division between Attorney Lamkin and her client Starbucks, and (3) harm Attorney Lamkin." But as in *Flynn*, Plaintiffs' claims here stands on their own—that is, Lamkin's defamation, intentional infliction of emotional distress, business interference, and unfair competition have nothing to do with the parties' other litigation. Further, rather than being a "sham," Lamkin herself has not even denied her statements on which defamation is proven, so Plaintiffs' claims are the opposite of "baseless." Therefore, the only plausible conclusion here is that, as in *Flynn*, "There is no abuse of process . . . when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose." *Id.* at *19 (no support for assertion that "FBI

agents used the judicial machinery to obtain a result **other than such as would be proper in the regular prosecution of the charge**") (emphasis added).

In Paragraph 2 of the counterclaim, Lamkin alleges that "the only explanation for Rothschild and AT filing the above-captioned action is that they intend to use their meritless claims to accomplish [other] aims," for which there is no plausible support. *See supra*. In Paragraphs 3-4 of the counterclaim, Lamkin states "boilerplate" conclusions without any facts to support any grounds for relief.

In Paragraph 5 of the counterclaim, Lamkin asserts that Plaintiffs fabricated evidence, but there is no possible resolution of this particular assertion on the pleadings; instead, the evidence supporting Plaintiffs' assertion requires confirming LMR's credibility which is much superior to Lamkin, who cannot even offer any explanation for why her defamatory statements were not false, and defamatory.

In Paragraph 18 of the counterclaim, Lamkin asserts an "improper motive" for the filing of this defamation action because "Plaintiffs have sued Starbucks even though the statements at issue cannot be attributed to Starbucks." But as briefed already in response to Starbucks' motion to dismiss, the Bloomberg Article itself attributes Lamkin's statements to Starbucks—her client about whose case she was speaking to the Bloomberg reporter. *See* ECF No. 18.

In Paragraph 24 of the counterclaim, Lamkin asserts that RDC "did not pay CompanyCam the fees ordered by Judge Noreika," which is a misrepresentation given the fact that the parties reached a settlement, which Lamkin herself negotiated. A key term of settlement was RDC owing NO PAYMENT on the court-ordered fee-shifting in the amount of $86,150. Similarly, in Paragraph 29 of the counterclaim, Lamkin asserts that "[n]either RCDI nor Rothschild paid ADS any money in satisfaction of the court's attorneys' fees order," neglecting

to mention the fact that the district court never entered any final judgment that included any fee shifting.

In Paragraphs 31-34 of the counterclaim, Lamkin alleges facts in an attempt to demonstrate that certain entities connected to LMR qualify as a "shell" for having, for example, only $980.51 in a bank account. But these allegations have nothing to do with Plaintiffs' defamation and related claims, in the way of showing the plausibility of "abuse of process" counterclaim. Lamkin's allegations do not even meet her own proposed definition of a "shell," which is "a company without active business operations or significant assets." In all examples, the entities had active business operations (otherwise Lamkin would not have been litigating against them), and assets which were in appropriate amounts for the purposes of the business (*i.e.*, licensing patents).[2]

Lamkin's remaining allegations in the counterclaim are just wild conjecture, and untrue. There was never any "threat" toward her, nor was there a purpose to creating a "conflict" for her or "settlement leverage" against her client Starbucks. In fact, Plaintiffs have already settled with Starbucks, and are treating Defendant Lamkin separately, not tied to any proceeding against Starbucks. Moreover, no one forced Lamkin to make defamatory statements to Bloomberg, and this action is the direct result of her defamation, not anything going on in Texas or elsewhere.[3]

---

[2] Several of Lamkin's clients, including Garmin, have settled fairly with entities related to Plaintiffs.

[3] Ironically, only Lamkin has "abused process" in many ways, over many years. Her personal vendetta campaign against Leigh Rothschild extends all the way back to at least 2013, when she stated to the press, "It takes a village to kill a patent troll . . . [and] we've all got to do our part." Now, all these years later, Lamkin is still searching for her 15 minutes of fame as an "anti-Robin Hood"—that is, harassing poor inventors for the benefit of corporate behemoths. Her ill-motivated tactics even include asking district courts (unsuccessfully) to force plaintiffs to "post a bond" at the outset of litigation, just in case the "stars align" and (a) she proves patent invalidity by the very high, required standard of "clear and convincing" evidence, (b) thereafter the case is

**Conclusion**

For each of the foregoing reasons, Plaintiffs respectfully request that this Court should grant judgment of defamation on the pleadings, and dismiss Defendant Lamkin's counterclaim.


Dated: March 7, 2025                        Respectfully submitted,

*/s/ signature/*

**EDWARD F. O'CONNOR**
Florida Bar No. 132223
efo@avynolaw.com
**Law Offices Edward F. O'Connor**
104 Seabreeze Circle
Jupiter, Florida 33477
Tel: 949.291.2894

Stephen M. Lobbin (CA-SBN 181195)
sml@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

Attorneys for Plaintiffs

---

declared "exceptional" and (c) further thereafter, fee-shifting is awarded that is ultimately uncollectible. In other words, Lamkin wants U.S. courts to abandon the time-honored American Rule on a "wing and a prayer" of her client "running the table" with a very rare "straight flush" defense of a patent case.