# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

### Case No. 1:24-cv-24669-GAYLES/GOODMAN

LEIGH M. ROTHSCHILD and
ANALYTICAL TECHNOLOGIES, LLC,

        *Plaintiffs,*

v.

RACHAEL LAMKIN,

        *Defendant.*

_____

### PROTECTIVE ORDER[1]

The Parties submitted a proposed protective order establishing a protocol for the production of documents. On May 2, 2025, the Undersigned held a Zoom videoconference hearing to (among other things) resolve a limited dispute concerning the proposed protective order.

---

[1] The Undersigned substantively modified the proposed protective order in numbered paragraphs 2, 8–13, Exhibit A, and by adding the "Attorneys' Eyes Only" designation. I also made minor edits to correct syntax and grammar issues. If any Party objects to any of the edits or additions, then that Party may, within three (3) business days of entry of this Order, and after first conferring with opposing counsel, file a motion to amend or clarify the Protective Order.

## DEFINITIONS

1. The terms defined in this Paragraph **1** shall have the meanings provided.

Defined terms may be used in the singular or plural.

  a. "Producing Party" means the Party, entity or person who produces or who is asked to produce documents, information, or testimony that the Party, entity or person considers to be Confidential and/or Attorneys' Eyes Only;

  b. "Receiving Party" means the Party receiving or requesting production of documents, information, or testimony designated as Confidential and/or Attorneys' Eyes Only;

  c. The "Litigation" means the lawsuit captioned above, including all discovery proceedings, hearings, meet and confers, pre-trial proceedings, trial, and post-trial proceedings;

  d. "Litigation Documents" means all pleadings, motions, affidavits and related papers, answers to interrogatories, all documents produced or exchanged in the course of discovery, settlement negotiations, trial preparation or trial, and all transcripts of testimony given in depositions, in hearings or at trial in connection with the Litigation.

  e. The "Parties" shall mean the Parties to the Litigation: Plaintiffs Leigh M. Rothschild and Analytical Technologies, LLC, and Defendant Rachael Lamkin, or as amended during the course of the Litigation. The Parties may individually be referred to herein as a Party.

  f. "Non-Party" shall mean any entity or individual that is not a Party to the Litigation and any Party which has not executed this Agreed Protective Order.

## CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY INFORMATION DESIGNATIONS

2.      The terms "Confidential Information" and "Attorneys' Eyes Only Information" shall have the meaning provided below.

        a.      "Confidential Information" means all information, whether or not embodied in a document or other physical medium, including, but not limited to, business information or data and confidential, private or personal information relating to any individual Party or employee or former employee of the Party, which the Producing Party believes in good faith reflects information that would not normally be revealed to third parties except in confidence, or has undertaken with others to maintain in confidence. The contents of all employees or former employees' personnel files shall be deemed Confidential Information and subject to this Order, whether or not so marked or otherwise specifically designated. Confidential Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information. Confidential Information also includes any testimony in this case regarding Confidential Information.

        b.      "Attorneys' Eyes Only Information" means **extremely** sensitive "Confidential Information," such as trade secrets, software codes or other competitively sensitive data, the disclosure of which to another Party or Non-Party would create a **substantial** risk of serious harm that could not be avoided by less-restrictive means. Documents containing health or financial information do **not** meet the "Attorneys' Eyes Only" designation.

### INSPECTION OF "CONFIDENTIAL INFORMATION"

3.      Each person to whom "Confidential Information" is disclosed, revealed, or made available—other than the Parties and their counsel, who are bound by this Protective Order by virtue of counsel's agreement to this Protective Order on their own behalf and on behalf of their clients—including experts or consultants retained by one or

more of the Parties, shall be advised of the existence and the contents of this Order and

shall agree in writing to be bound by its terms and conditions by executing the Protective

Order agreement attached hereto as Exhibit A ("Protective Order Agreement"). Counsel

for the Receiving Party shall maintain the Protective Order Agreements throughout the

course of the Litigation and shall provide copies of same to the Producing Party and the

Court upon request.

4.     Confidential Information may be inspected by or revealed to the following

persons **only**:

a.     The Court, court personnel, court reporters, videographers, the jury
       and/or mediator;

b.     Counsel of record for the Parties in this Litigation, including regular
       employees who provide assistance for purposes of discovery,
       preparation for trial, and/or trial of this case as a part of their regular
       duties, as well as persons or agents employed by them and/or under
       contract with said attorneys of record;

c.     The Parties in this case;

d.     Representatives of a named Party who is an entity directly involved
       in the handling and/or administration of the Litigation or who, in the
       good faith judgment of the Party's counsel, need to have access to
       Confidential Information in connection with the proper handling of
       this case;

e.     Independent experts retained by the Parties in connection with the
       Litigation who have a legitimate need to review such Confidential
       Information for purposes of this Litigation, but only after they sign
       the Protective Order Agreement;

f.     Witnesses or potential witnesses who have authored or reviewed the
       Confidential Information prior to its production and with whom the

4

Parties' attorneys' deem it necessary to discuss such materials in the course of discovery and/or preparation for trial;

g.    Any other person who is designated to receive Confidential Information by Order of Court or agreement of the Parties; and

h.    In-house attorneys and their paralegals for each of the Parties.

**INSPECTION OF "ATTORNEYS' EYES ONLY INFORMATION"**

5.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "Attorneys' Eyes Only" to **only**:

a.    The Court, court personnel, and jurors;

b.    Court reporters, videographers, and/or the mediator(s);

c.    Counsel of record for the Parties in this Litigation, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties, as well as persons or agents employed by them and/or under contract with said attorneys of record;

d.    Independent experts retained by the Parties in connection with the Litigation who have a legitimate need to review Attorneys' Eyes Only Information for purposes of this Litigation, but only after they sign the Protective Order Agreement;

e.    Witnesses or potential witnesses who have authored or reviewed the Attorneys' Eyes Only Information prior to its production and with whom the Parties' attorneys' deem it necessary to discuss such materials in the course of discovery and/or preparation for trial; and

f.    Any other person who is designated to receive Attorneys' Eyes Only Information by Order of Court or agreement of the Parties

6.      All persons authorized to receive "Attorneys Eyes Only Information" shall be advised of the existence and the contents of this Order and shall agree in writing to be bound by its terms and conditions by executing the Protective Order agreement attached hereto as Exhibit A ("Protective Order Agreement"). Counsel for the Receiving Party shall maintain the Protective Order Agreements throughout the course of the Litigation and shall provide copies of same to the Producing Party and the Court upon request.

## USE OF "CONFIDENTIAL INFORMATION" (INCLUDING "ATTORNEYS' EYES ONLY INFORMATION")

7.      All Confidential Information (including Attorneys' Eyes Only Information) shall be used solely for the purposes of this Litigation and as permitted by and subject to this Protective Order. Under no circumstances may Confidential Information (including Attorneys' Eyes Only Information) be used for non-Litigation purposes, or in any other matter, controversy, mediation, arbitration, or litigation now pending or later filed other than the Litigation.

8.      No Party or person shall make or permit the making of more copies of any Confidential Information (including Attorneys' Eyes Only Information) than are

reasonably necessary to conduct settlement negotiations, discovery, or litigation relating to the matters referenced herein.

## DESIGNATION OF "CONFIDENTIAL INFORMATION" AND "ATTORNEYS' EYES ONLY INFORMATION"

9.     **LITIGATION DOCUMENTS.** The Producing Party shall clearly mark or designate in writing any Litigation Document to be treated as "Confidential Information" or "Attorneys' Eyes Only Information" under the terms of this Protective Order. With regard to documents and answers to interrogatories, such designation shall be made at the time that such answers are served or at the time that copies of documents are delivered or made available for inspection. Inadvertent failure to designate materials as "Confidential" or "Attorneys' Eyes Only" at the time of production may be remedied by supplemental written notice given by the Producing Party. Upon receipt of such notification, all documents, materials, or testimony so designated or redesignated shall be fully subject to this Order as if it had been initially so designated and shall be re-marked and reproduced by the Producing Party. The Receiving Party shall incur no sanction for any previous treatment of such information in conformance with its original designation. The Receiving Party shall make a reasonable, good faith effort to ensure that any analyses, memoranda, or notes which were internally generated based upon such

7

information shall immediately be treated in conformance with any such designation or redesignation.

10.    **DEPOSITION TRANSCRIPTS AND EXHIBITS.** Any Party may designate all or any portion of testimony given at a deposition, or documents attached as exhibits to a deposition, as "Confidential Information" or "Attorneys' Eyes Only Information" by indicating on the record at the deposition that the testimony is "Confidential Information" or "Attorneys' Eyes Only Information." In the case of a live hearing or trial, any Party who wishes to seal a portion of a live hearing or trial on the basis that the testimony (or evidence) that will be presented qualifies as "Confidential Information" or "Attorneys' Eyes Only Information" must timely raise the issue with the Court. The Court will then rule on whether that portion of the hearing or trial should proceed under seal. Further, all deposition transcripts shall be deemed "Confidential" or "Attorneys' Eyes Only Information" for fourteen (14) days after their receipt by counsel for each of the Parties, during which time the Producing Party may designate additional information contained in the transcript as "Confidential Information" or "Attorneys' Eyes Only Information" by notifying counsel for the Parties in writing of any specific pages and lines of the transcript which contain "Confidential Information" or "Attorneys' Eyes Only Information." The Parties shall not be prohibited from attaching "Confidential Information" or "Attorneys' Eyes Only Information" or testimony as an exhibit to any

pleadings or briefs filed with the Court at any time, pursuant to strict adherence to the terms of this Order. This Order does not authorize the Parties to file (or submit to the Court) documents under seal and the Parties must comply with Local Rule 5.4. Submissions filed with the Clerk's Office are presumptively open and accessible to the public. A Party seeking to file material under seal shall have the burden of demonstrating why sealing is necessary -- especially if the material is filed in connection with a request for a substantive ruling, like a summary judgment motion. The Producing Party will act in good faith designating information as "Confidential Information" or "Attorneys' Eyes Only Information" and any dispute regarding said designation will be resolved in accordance with the provisions of Paragraph 13 and the Court's Discovery Procedures Order [ECF No. 27].

11.    **DEPOSITION, HEARING, AND TRIAL TESTIMONY.** Persons may be deposed or examined at a hearing or trial regarding "Confidential Information" or "Attorneys' Eyes Only Information" of which they have knowledge. In the event any "Confidential Information" or "Attorneys' Eyes Only Information" is to be used or discussed in a deposition, any Party or the deponent shall have the right to exclude from attendance during such portions of the deposition in which "Confidential Information" or "Attorneys' Eyes Only Information" is disclosed or revealed any person other than the deponent/witness, counsel of record for the Parties, the court reporter, the videographer,

9

and the persons defined in paragraphs 4 or 5. In the case of a live hearing or trial, the Party wishing to exclude from attendance any person must promptly notify the Court and provide good cause. The Court will then determine whether it will grant such a request.

12.     **FILING UNDER SEAL.** Any document or testimony that is designated as "Confidential Information" or "Attorneys' Eyes Only Information" which is revealed by or included in any discovery proceeding, pre-trial hearing, or procedure (including any temporary injunction hearing), at trial, or in any motion, petition, writ, pleadings, affidavits, briefs, or other documents submitted to the Court (or any appellate court) shall be subject to this Protective Order. In the event a Party intends to include any "Confidential Information" or "Attorneys' Eyes Only Information" received from another Party as part of any pleading, memorandum, petition, brief, or other submission filed in this Litigation, the filing Party shall give prior notice to the Producing Party to obtain consent for the filing or shall file such documents under seal with the Court. This Order does not authorize the filing of documents under seal and any Party wishing to do so must comply with the requirements of Local Rule 5.4. Subject to further order of the Court, nothing herein shall prevent the use of "Confidential Information" or "Attorneys' Eyes Only Information" at a hearing or trial, provided the safeguards identified in this Order are complied with and any Party seeking to introduce the protected information

10

timely raises the issue with the Court. The Court will then rule on whether that portion of the trial or hearing should proceed under seal. Without further order of the Court, there shall be no mention to the Jury of the fact of designation under this Protective Order of a document, court paper, or testimony as "Confidential Information" or "Attorneys' Eyes Only Information."

## OBJECTION TO DESIGNATION

13.     Any dispute arising under this Protective Order shall be submitted to the Court for resolution in accordance with the Discovery Procedures Order [ECF No. 27]. If any Party disagrees with the designation of any information as "Confidential Information" or "Attorneys' Eyes Only Information," then the material so designated shall nonetheless be treated as such unless and until the Producing Party agrees or the Court orders that the designation shall be redesignated or removed. The Party objecting to the designation must provide either bates label ranges or deposition page/line numbers identifying the material containing the disputed designation. The Parties will meet and confer within seven (7) days of the objection being made in order to reach an agreement over the proper designation of any designated material. If no such agreement can be reached, then the Party making the objection to the designation may seek to redesignate or dissolve the designation as to the contested information or material by setting the dispute for hearing in accordance with the Discovery Procedures Order [ECF No. 27]. At that hearing, the designating Party will have the burden of persuasion as to the

designation, and the objecting Party shall have no burden of proof or persuasion on this issue. If a Party wishes to seal a portion of the hearing or exclude persons (other than counsel for the Parties and any independent experts retained by the Parties), then that Party will timely raise the issue with the Court. The Court will then rule on whether to exclude certain persons or seal all or part of the hearing.

### RETURN OF DISCOVERY MATERIAL

14.    Within forty-five (45) days after the final termination of this Litigation, whether by settlement, judgment, or decision on appeal, whichever occurs later, all originals and copies of "Confidential Information" or "Attorneys' Eyes Only Information" shall be returned to the Producing Party, together with all documents containing data or information obtained, derived, or generated therefrom. In the alternative, the Receiving Party may provide counsel for the Producing Party with a letter attesting that the "Confidential Information" or "Attorneys' Eyes Only Information" has been destroyed, together with all documents containing data or information obtained, derived, or generated therefrom. Notwithstanding the above, nothing in this paragraph shall prevent lead counsel for each of the Parties from maintaining their litigation files and the contents thereof, including deposition transcripts, deposition videos, pleadings, and documents produced in this Litigation.

## DISCOVERY IN OTHER PROCEEDINGS

15.     If any "Confidential Information" or "Attorneys' Eyes Only Information" or data obtained, derived, or generated therefrom, is sought through discovery from the Receiving Party by any party in any other judicial or administrative proceeding or otherwise, then the Receiving Party agrees to immediately notify the Producing Party so as to permit the Producing Party to seek a protective order from the appropriate court or take other appropriate action. The Receiving Party shall not produce any "Confidential Information" or "Attorneys' Eyes Only Information" without the Producing Party's consent or without giving the Producing Party a sufficient opportunity to seek a Protective Order or take other action.

## NO WAIVER

16.     Nothing in this Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any discovery request made in this action. The execution of this Protective Order shall not be construed as an agreement by any Party to produce any document or supply any information and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the Litigation or as a waiver of any privilege with respect thereto.

17.     Neither the provisions of this Protective Order nor any disclosure by a Party pursuant to this Protective Order shall constitute a waiver at any time, or in any litigation relating to the matters referenced herein or otherwise, of any attorney-client privilege,

13

work product doctrine, or any other privilege offered by the Federal Rules of Evidence or the Federal Rules of Civil Procedure.

18.     No use by any Party of any "Confidential Information," or "Attorneys' Eyes Only Information," or documents or any information contained therein or derived therefrom shall abrogate any of the provisions of this Protective Order with respect to such documents or any information contained therein or derived therefrom.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on May 5, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Darrin P. Gayles
All Counsel of Record

## EXHIBIT A TO AGREED PROTECTIVE ORDER

I, _____ , hereby represent that I have been advised of the existence and the contents of the Protective Order between the Parties in the civil action styled as *Rothschild, et al. v. Starbucks et al.*, Case No. 1:24-cv-24669-DPG, in the United States District Court for the Southern District of Florida (the "Litigation").

I further represent that I understand the terms and obligations of the Protective Order and voluntarily agree to comply with and be bound to its terms and conditions.

My signature below confirms the Receiving Party has not provided me with any access to information designated by the Producing Party as Confidential Information and/or Attorneys' Eyes Only Information before signing this Protective Order Agreement, other than that already-produced information that has been deemed produced for purposes of the above-captioned case. I hereby tender the original version of this Protective Order Agreement to counsel for the Receiving Party who shall maintain the same throughout the course of this Litigation.

I further acknowledge and understand that copies of this Protective Order Agreement may be produced to the Court and the Producing Party upon request if there are specific questions about potential violations of or compliance with the Protective Order or this Protective Order Agreement.

Date: _____, 20 ____

Signature:

_____

Print Name and Title, if any:

_____

_____

15