UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-24669

**LEIGH M. ROTHSCHILD and
ANALYTICAL TECHNOLOGIES, LLC,**

    Plaintiffs,

v.

**RACHAEL LAMKIN,**

    Defendant.

_____/

## DISCOVERY ORDER ON NOTICE OF DISCOVERY HEARING [ECF No. 56]

THIS CAUSE is before the Court on Plaintiffs Leigh Rothschild and Analytical Technologies, LLC's ("Plaintiffs") Notice of Discovery Hearing, [ECF No. 56], to hear the parties' disputes over Defendant Rachael Lamkin's ("Defendant") discovery responses. The Court heard the parties' arguments at the October 17, 2025 discovery hearing and memorializes the Court's rulings at the hearing:

**Requests for Admission**

For all Requests for Admission listed in Plaintiffs' Notice, [ECF No. 56], Defendant's objections are overruled. Defendant is ordered to admit, deny, or explain why she cannot admit or deny the Request pursuant to Federal Rule of Civil Procedure 36(a)(4). For any Requests wherein the parties dispute the term "bankrupt" or "bankruptcy," Defendant may qualify her answer after having responded to the Request pursuant to 36(a)(4) applying the commonly accepted meaning of bankruptcy with reference to the Black's Law Dictionary.

1

**Interrogatories**

For the Interrogatories listed below, Defendant is instructed to revise her Interrogatory responses to give specific responses without the objections that the Court has overruled, except where the Court has noted that Defendant's supplemental responses are sufficient:

- Interrogatory No. 3: The Court finds that questions related to any paragraph of the complaint are relevant under the Federal Rules of Civil Procedure. Further, it would not violate attorney-client privilege to identify specific responsive cases or motions so that Plaintiffs may have the opportunity to ask about those cases or motions during Defendant's deposition. Defendant's objections are therefore overruled.

- Interrogatory No. 4: Defendant's objections are overruled. Defendant must make a good faith effort to answer Interrogatory No. 4 based on the information that she is able to recall.

- Interrogatory No. 6: Plaintiffs have withdrawn their request to discuss Interrogatory No. 6.

- Interrogatory No. 8: Defendant's objection that Interrogatory No. 8 is duplicative is overruled. Notwithstanding the foregoing, Defendant's supplemental response is sufficient.

- Interrogatory No. 9: Defendant's objection that Interrogatory No. 8 is duplicative is overruled.

- Interrogatory No. 10: Defendant's overbroad and unduly burdensome objections are overruled. Notwithstanding the foregoing, Defendant's supplemental response is sufficient.

- Interrogatory No. 11: Defendant's overbroad and unduly burdensome objections are overruled, and Defendant is ordered to revise her response to Interrogatory No. 11 in compliance with the Court's guidance on Interrogatory No. 3.

- Interrogatory No. 12: Defendant's objection that Interrogatory No. 8 is duplicative is overruled.

- <u>Interrogatory No. 13</u>: Defendant's objection that Interrogatory No. 8 is duplicative is overruled. Notwithstanding the foregoing, Defendant's supplemental response is sufficient.

- <u>Interrogatory No. 16</u>: Defendant's objection that Interrogatory No. 8 is duplicative is overruled.

- <u>Interrogatory No. 19</u>: Defendant's objection that Interrogatory No. 8 is duplicative is overruled. Notwithstanding the foregoing, Defendant's supplemental response is sufficient.

**<u>Requests for Production</u>**

For the Requests for Production listed in Plaintiff's Notice, [ECF No. 56], Defendant's relevancy objections are overruled. Questions seeking specifics in the paragraphs of the Plaintiffs' complaint or the Defendant's defense are relevant to the instant case. If Defendant asserts that she is not withholding documents, she must either revise her responses to state the same or conduct a meet and confer with Plaintiffs. Regardless, Defendant is required to file a Notice of Completion pursuant to S.D. Fla. L.R. 26.1(e)(7) when appropriate.

**<u>Other Matters</u>**

With regard to the deposition of Plaintiff Leigh Rothschild, Defendant is entitled to a deposition of seven (7) hours pursuant to Federal Rule of Civil Procedure 30(d)(1). The Court orders that Plaintiff's deposition will start on October 27, 2025, and that Plaintiff must be given breaks to accommodate his medical needs. If Plaintiff is unable to complete seven (7) deposition hours on October 27, 2025, then Plaintiff must travel to Defendant's counsel location or a mutually agreed upon location to complete the deposition.

The Court also finds that Defendant must provide a privilege log of general categories of communications concerning the Plaintiffs from 2017 up until the date that Plaintiffs filed the Complaint prior to her deposition so that Plaintiffs can inquire concerning the privilege log at the

Defendant's deposition and determine what, if any, additional specificity they will compel with respect to the privilege log.

Lastly, the Court orders that the parties must make themselves available to a status conference either on Friday, October 31, 2025 or Monday, November 3, 2025.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 21st day of October 2025.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc:   All Counsel of Record