UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-24669

**LEIGH M. ROTHSCHILD and**
**ANALYTICAL TECHNOLOGIES, LLC,**

    **Plaintiffs,**

v.

**RACHAEL LAMKIN,**

    **Defendant.**
_____/

### ORDER ON DEFENDANT RACHAEL LAMKIN'S MOTION TO CONFIRM RACHAEL LAMKIN'S ABILITY TO CONDUCT DEPOSITIONS AND PARTICIPATE AS COUNSEL FOR DEFENSE

**THIS CAUSE** is before the Court on Defendant Rachael Lamkin's Motion to Confirm Rachael Lamkin's Ability to Conduct Depositions and Participate as Counsel for Defense in this Matter, [ECF No. 58].

Defendant Rachael Lamkin seeks an order confirming that she is permitted to represent herself and take depositions in this matter. Plaintiffs object and assert that S.D. Fla. L.R. 11(d)(4) precludes Ms. Lamkin from taking any depositions in this case and particularly objects to Ms. Lamkin taking Plaintiff Leigh Rothschild's deposition. While Plaintiffs are correct that under L.R. 11(d)(4) a party who is represented by counsel cannot act on the party's own behalf in the case, the Court disagrees that L.R. 11(d)(4) precludes Ms. Lamkin from representing herself and taking depositions in this matter. Ms. Lamkin is before this Court in two distinct roles. She is the named Defendant, but she is also a licensed attorney who has received pro hac vice admission from the District Judge authorizing her to appear before this court for all purposes related to this matter.

1

[ECF No. 45]. As such, Ms. Lamkin is authorized to participate in this matter as co-counsel with her local counsel and the other attorneys who have appeared in this matter on her behalf. *See Millette v. DEK Techs. Inc.*, Case No. 08-60639-cv-COHN/SELTZER, 2010 WL 11505115 (S.D. Fla. Feb. 11, 2010) ("[A] client who is an attorney may represent herself, in part, and hire other counsel to handle the remaining portion of the litigation."). Plaintiffs cannot refuse to move forward with the scheduled depositions, including Mr. Rothschild's deposition, solely because Ms. Lamkin is the attorney taking the depositions.

Plaintiffs assert that Ms. Lamkin and Mr. Rothschild have a contentious relationship and a history of litigation with each other. The Court expects Ms. Lamkin to conduct the deposition with professionalism and civility as she is required to do as a licensed attorney admitted pro hac vice in this court. However, the Court is concerned that her dual roles in this matter create a risk that boundaries could be crossed—by both sides—during her questioning of her adversary. This concerned is heightened by Mr. Rothschild's allegation in this case and his apparent belief—which Ms. Lamkin vehemently disputes—that Ms. Lamkin threatened to "bankrupt" him. [ECF No. 62 at 1 n.1]. Ms. Lamkin has a local counsel and attorneys from her firm who can handle the deposition and thereby avoid the potential conflicts that may arise if she takes the deposition. Ms. Lamkin, however, insists that she is the attorney of her team who is best suited to handle Mr. Rothschild's deposition.

The Court is not convinced that Mr. Rothschild's deposition will proceed in an efficient a civil manner — despite Ms. Lamkin's best intentions. Thus, the Court is inclined to appoint a Special Master to attend the deposition to address any issues resulting from Ms. Lamkin questioning her opposing party and to maintain the appropriate decorum and civility. Federal Rule of Civil Procedure 53 states that a Special Master may be appointed with the parties' consent or to

address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district. The Court believes that the concerns addressed above justify the attendance of a Special Master at Mr. Rothschild's deposition. The parties have advised the Court that the deposition will last substantially more than seven (7) hours, given the breaks that Plaintiff will need to take to accommodate his medical conditions. Therefore, it would strain judicial resources for the Court to attend the deposition. This is a matter better suited for a Special Master who can consult with the Court, as needed. The Court will schedule a hearing via separate order to give the parties an opportunity to address the potential appointment of a Special Master.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 23rd day of October 2025.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc:     All Counsel of Record