**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:24-cv-24669-DPG

| | |
|---|---|
| LEIGH M. ROTHSCHILD and ANALYTICAL TECHNOLOGIES, LLC, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) |
| STARBUCKS CORP. and RACHAEL LAMKIN, | ) ) ) |
| *Defendants*. | ) ) ) |

**DEFENDANT RACHAEL LAMKIN'S MOTION FOR LEAVE TO AMEND ANSWER TO ADD FUFTA COUNTERCLAIM**

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2) and 16(b), Defendant Rachael Lamkin files this Motion for Leave to Amend her Answer to add a counterclaim under Florida's Uniform Fraudulent Transfer Act ("FUFTA") based on her discovery—three (3) days ago—of a UCC Lien created by Plaintiff Leigh Rothschild, and designed to shield his personal assets from an attorneys' fees award against him in this case. For the reasons set out in this Motion, there is good cause for the amendment.[1]

**I.  INTRODUCTION**

In this lawsuit, Plaintiff Leigh M. Rothschild ("Rothschild") attempts to impose liability on Rachael Lamkin ("Attorney Lamkin") for accurately observing in an October 2024 Bloomberg interview that Plaintiff Leigh Rothschild underfunds the "shell" patent assertion LLCs that he

---

[1] Attorney Lamkin's Proposed Second Amended Answer and Counterclaims also supplements Paragraph 6 of her Counterclaims, as Attorney Lamkin recently recalled that she also deposed Plaintiff Leigh Rothschild on one occasion other than the December 22, 2022, deposition at issue in this case.

owns, preventing judgment creditors from collecting court-ordered attorneys' fees awards. Discovery in this matter has confirmed the truth of Attorney Lamkin's experience and opinions about Rothschild, as explained in her Bloomberg interview.

Patent Asset Management, LLC ("PAM") is the parent of Rothschild's patent assertion LLCs. As with his patent assertion LLCs, PAM is owned and controlled by Rothschild. On Tuesday, October 28, 2025, in preparing for the deposition of the Rule 30(b)(6) corporate representative of PAM, Attorney Lamkin discovered yet another example of Rothschild's asset-shielding, this time designed to prevent Attorney Lamkin herself from collecting on any judgment she may secure against Rothschild in this case.

Specifically, Attorney Lamkin discovered that, two (2) weeks to the day after Rothschild initiated this lawsuit against Attorney Lamkin, he filed a Uniform Commercial Code Financing Statement Form with the Florida Secured Transaction Registry (the "Rothschild UCC Lien"). The Rothschild UCC Lien form registers with the state of Florida an unspecified lending arrangement between Rothschild and PAM, the entity he owns and controls. The Rothschild UCC Lien makes clear that Rothschild is the "debtor" in this relationship, and the Rothschild UCC Lien gives PAM a secured interest in what appears to be every piece of personal property owned by Rothschild, ranging from high-end jewelry and dinner wear to a "blue and gold peacock" to "[v]arious lego toys," and everything in between. Ex. A, Rothschild UCC Lien.

Based on the foregoing, Attorney Lamkin respectfully requests leave to amend her Answer to add a FUFTA counterclaim.

## II.      MATERIAL BACKGROUND

The central issue in Plaintiffs' defamation case against Attorney Lamkin is whether Attorney Lamkin knowingly made a false statement when she explained her frustration with

litigating against Rothschild, a notorious "patent troll," in connection with an October 10, 2024, Bloomberg article (the "Bloomberg Article"). Pls.' Compl. Ex. A, Oct. 10, 2024, Bloomberg Article at 5 [ECF No. 1-1]. Rothschild relies on a section of the Bloomberg Article entitled "Long History," which includes a purported quote from Attorney Lamkin explaining that, in her experience, even when defendants incur the expenses of engaging in protracted litigation to defend against patent lawsuits filed by Rothschild-controlled entities, their efforts are thwarted—and future defenses disincentivized—because the patent assertion entities that Rothschild controls through PAM are judgement proof. *Id.* These statements are demonstrably true, as discovery in this case has confirmed.

At summary judgment, a central issue will be whether Attorney Lamkin spoke truthfully when referring to Rothschild-controlled, judgment-proof limited liability companies that assert patents as "shells" shielding Rothschild from liability. In preparing to depose PAM's Rule 30(b)(6) corporate representative last Wednesday, October 29, Attorney Lamkin discovered the Rothschild UCC Lien, which Rothschild filed with the Florida Secured Transaction Registry just two (2) weeks after initiating this lawsuit against Attorney Lamkin.

Under the Florida UCC, a "perfected security interest" like PAM's interest in the goods listed in the Rothschild UCC Lien "takes priority over all subsequently perfected and unperfected security interests in the same goods." *Brandnameswatches Int'l LLC v. PNC Bank, Nat'l Ass'n*, No. 17-CV-62124, 2018 WL 6259617, at *3 (S.D. Fla. Aug. 21, 2018) (citing § 679.322(1), Fla. Stat., and *Rayfield Inv. Co. v. Kreps*, 35 So. 3d 63, 65 (Fla. 4th DCA 2010)). Here, Mr. Rothschild is on both ends of this transaction, the debtor listed on the Rothschild UCC Lien as well as the creditor through his effectively exclusive control and ownership of PAM. In short, the Rothschild UCC Lien gives Rothschild priority over any creditor that might obtain a judgment against

Rothschild in his personal capacity, like Attorney Lamkin given her upcoming Anti-SLAPP motion, abuse of process counterclaim, and demand for attorneys' fees.

The Rothschild UCC Lien carries all the hallmarks of a fraudulent transaction under the Florida Uniform Fraudulent Transaction Act ("FUFTA"), codified at Section 726.101, Florida Statutes, *et seq*. *See* FUFTA Counterclaim, attached. By filing the Rothschild UCC Lien two (2) weeks to the day after suing Attorney Lamkin on a meritless defamation claim, Rothschild improperly sought to insulate himself from any attorneys' fee award and from any other monetary judgment Attorney Lamkin may obtain this case. Accordingly, Attorney Lamkin respectfully requests leave to file an amended answer to assert a FUFTA counterclaim, which will allow her to seek the dissolution of the Rothschild UCC Lien in a bench trial after summary judgment or Anti-SLAPP dismissal and fees award, should this Court rule in Attorney Lamkin's favor.

Attorney Lamkin's request for leave to amend is diligent, as she is filing this Motion less than seventy-two (72) hours after first discovering the Rothschild UCC Lien and asking PAM's corporate representative about it in a deposition. Additionally, amendment would not prejudice Plaintiffs as they are already under an obligation to produce all documents related to Rothschild's UCC Lien, as Attorney Lamkin drafted and served discovery requesting the same right after her deposition of PAM's corporate representative two (2) days ago, on Wednesday October 29, 2025. Attorney Lamkin's proposed Second Amended Answer and Counterclaim is attached hereto, Ex. B, along with a redline, Ex. C, showing the changes made to Attorney Lamkin's First Amended Answer and Counterclaim [ECF No. 14].

**III.   LEGAL STANDARD**

Leave to amend is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, where a party's motion to amend is filed after the deadline for such motions, as

4

delineated in the court's scheduling order, the party must show good cause why leave to amend the [pleading] should be granted." *Sanchez v. H & R Maint., L.C*., 294 F.R.D. 677, 679 (S.D. Fla. 2013) (quoting *Smith v. Sch. Bd. of Orange Cnty*., 487 F.3d 1361, 1366 (11th Cir. 2007)); *see* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order may be modified "only for good cause and with the judge's consent"). Therefore, "when granting leave would require modifying a Rule 16 scheduling order, the movant must first show good cause." *Alexander v. AOL Time Warner, Inc*., 132 F. App'x 267, 269 (11th Cir. 2005).

"To show good cause under Rule 16(b), a party must establish that, despite its diligence, the deadline could not be met." *Wolf v. Celebrity Cruises, Inc*., 304 F.R.D. 698, 699 (S.D. Fla. 2015). To determine whether a party has acted with diligence, a court may consider: "(1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information." *Nutradose Labs, LLC v. Bio Dose Pharma, LLC*, No. 22-CV-20780, 2022 WL 17582272, at *2 (S.D. Fla. Dec. 12, 2022).

## IV.   ARGUMENT

### A. Defendant Lamkin Was Diligent

The deadline to file an amended pleading was June 6, 2025. *See* Scheduling Order [ECF No. 25]. Fact discovery closes on December 4, 2025. *Id.* Attorney Lamkin requests leave to amend pursuant to Rule 16(b)'s good cause standard, as she has been diligent, and Plaintiffs will not be

prejudiced. Attorney Lamkin does not seek any other changes in the Scheduling Order, ECF No. 25.

Attorney Lamkin has been requesting the Rule 30(b)(6) depositions of PAM and the Patent Assertion Entities owned by PAM *since August 12, 2025*.[2] Those depositions finally took place on October 29, 2025, after the assistance of Magistrate Judge Detra Shaw-Wilder. *See* ECF Nos. 65-68. In preparation for the October 29, 2025, Rule 30(b)(6) deposition of PAM, Attorney Lamkin discovered the Rothschild UCC Lien, which had been filed with the Florida Secured Transaction Registry. Rothschild did not produce the Rothschild UCC Lien as part of discovery in this case. The Rothschild UCC Lien is not the kind of document one would search for in a defamation case, and the Florida Secured Transaction Registry is not the kind of website one would normally review in such a case. But Attorney Lamkin's team was able to find it as part of their deposition preparation.

Attorney Lamkin used the Rothschild UCC Lien as an exhibit in PAM's Rule 30(b)(6) deposition. PAM's designated corporate representative (who was not Mr. Rothschild) had never seen the document before. The Parties took a ninety-minute break in the deposition, and Attorney Lamkin provided the corporate representative five (5) written questions to ask Mr. Rothschild so that the Rule 30(b)(6) witness for PAM could be prepared to provide answers about the Rothschild UCC Lien. But when the witness and Rothschild's counsel returned from the ninety-minute break, Rothschild's counsel prevented the witness from answering any questions about the Rothschild UCC Lien.[3] After the deposition, Attorney Lamkin drafted and served discovery upon Mr. Rothschild regarding the Rothschild UCC Lien. That discovery is due by November 28, 2025,

---

[2] Defendant Lamkin can provide the relevant emails to the Court upon request.
[3] Defendant Lamkin will file deposition transcripts immediately upon the Court's request.

before the close of fact discovery. The Parties are also appearing before Magistrate Judge Shaw-Wilder on November 3, 2025, where Attorney Lamkin will ask Magistrate Judge Shaw-Wilder to order a short Rule 30(b)(6) deposition of PAM so that questions about the Rothschild UCC Lien can be answered by a corporate representative with knowledge of the Lien.

To determine whether a party has acted with diligence, a court may consider: "(1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information." *Nutradose,* 2022 WL 17582272, at *2. Factor 1 favors amendment here. The document at issue was discovered on a website that would not normally be reviewed in a federal defamation action and was located after Attorney Lamkin's diligent deposition preparations within the fact discovery period. Factor 2 also favors amendment. The Rothschild UCC Lien was not "available" to Attorney Lamkin; it was never produced by Rothschild, who clearly had knowledge of the document, and it was posted on a website not previously known to Attorney Lamkin or her team. Factor 3 also favors amendment. Attorney Lamkin is filing this motion for leave to amend less than seventy-two hours after she first discovered the document and asked PAM's corporate representative questions about it in a deposition (which the corporate representative refused to answer on instruction from Rothschild's counsel).

Attorney Lamkin has been diligent, and leave to amend should be granted.

### B. Rothschild Will Not Be Prejudiced if Leave to Amend is Granted

Rothschild will not be prejudiced if this Court grants leave to amend. On October 29, 2025, the same day as the PAM Rule 30(b)(6) deposition, Defendant Lamkin served discovery upon

Rothschild asking for all documents related to the UCC Lien. Rothschild is thus required to produce these documents and will suffer no additional prejudice beyond compliance with the Federal Rules of Civil Procedure. Rothschild is the only person in possession of any documents that demonstrate a valid reason for the UCC Lien and must produce any such documents in response to Attorney Lamkin's already-served Requests for Production. Attorney Lamkin seeks no additional discovery related to the Rothschild UCC Lien other than the discovery served on October 29 and the short Rule 30(b)(6) deposition of PAM's corporate representative.

### C. Defendant Lamkin Will Be Prejudiced if Leave to Amend is Denied

Conversely, if the Court does not grant leave to amend, Attorney Lamkin will be prejudiced. As Attorney Lamkin's forthcoming motion for summary judgment and fees under the Anti-SLAPP statute will show, Rothschild's initiation of the above-captioned case is a clear attempt to stifle Attorney Lamkin's exercise of her First Amendment rights in speaking truthfully about the important public issue of the patent-litigation activities of non-practicing entities—like Rothschild's patent assertion entities. *See, e.g.,* Proposed Amicus Brief (explaining that the accused speech relates to a matter of public concern in which Mr. Rothschild is a limited public figure.) [ECF No. 17-1]. Rothschild's lawsuit is also a clear violation of Florida's Anti-SLAPP statute, which implements procedural safeguards to protect these First Amendment rights. Those involved in the broader legal community in which these important public debates play out have recognized that Rothschild's defamation suit is not only meritless, but an improper attempt to intimidate patent-litigation defendants from fighting back and to muzzle those defendants and their attorneys from commenting in the public square about these issues. For example, a well-known

patent litigator has observed on LinkedIn[4] that Rothschild's suit was "filed as a deterrent for patent defendants to fight back":



If Attorney Lamkin is not permitted to amend her Answer to add a FUFTA counterclaim, Rothschild will yet again be permitted to shelter assets through a shell game, escaping yet another attorneys' fees award and leaving Attorney Lamkin without any redress for the burden she has faced simply for exercising her First Amendment rights to speak out about these important public issues.

In sum, although the Court's June 6, 2025, amendment deadline has passed, Attorney Lamkin seeks relief under the intertwined "good cause" standard of Rule 16(b)(4). The Rothschild

---

[4] The below post is available at: https://www.linkedin.com/posts/pat-muffo-56a7839_unified-patents-amicus-brief-activity-7307826046802763776-pNoU/?utm_source=share&utm_medium=member_desktop&rcm=ACoAAAETjqEBig9P7pfAvHZpgzLokZbWvVxEBuI

UCC Lien—a public record posted on an obscure secured-transactions registry—was not reasonably discoverable until deposition preparation on October 27–28, 2025. Defendant Lamkin's immediate follow-up (serving discovery on the same day as the PAM deposition and filing this Motion within seventy-two hours of the same), the absence of prejudice to Rothschild, and the prejudice to Attorney Lamkin if leave is denied, warrants the amendment.

## V.   CONCLUSION

For the reasons stated above, Attorney Lamkin respectfully asks that she be permitted to file an amended Answer asserting a TUFTA Counterclaim, attached.

Dated: October 31, 2025

                    Respectfully submitted,

                    */s/ Brenton H. Cooper*
                    Brenton H. Cooper
                    Florida Bar No. 1035909
                    **BAKER BOTTS LLP**
                    brent.cooper@bakerbotts.com
                    700 K St., N.W.
                    Washington, D.C. 20001
                    T: 202-639-1325
                    F: 202-639-7890

                    Paul R. Elliott (admitted *pro hac vice*)
                    Texas Bar No. 06547500
                    **BAKER BOTTS LLP**
                    paul.elliott@bakerbotts.com
                    910 Louisiana St.
                    Houston, Texas 77002
                    T: 713-229-1226
                    F: 713-229-1522

                    Rachael D. Lamkin (admitted *pro hac vice*)
                    California Bar No. 246066
                    **BAKER BOTTS L.L.P.**
                    101 California Street
                    San Francisco, California 94111
                    T: 415-291-6264
                    F: 415-291-6364
                    rachael.lamkin@bakerbotts.com

                    *Attorneys for Defendant Rachael Lamkin*

## CERTIFICATE OF CONFERENCE

    On October 30, 2025, counsel for Attorney Lamkin conferred via e-mail with counsel for Plaintiffs about the relief sought in this Motion. Plaintiffs' counsel responded to that email but did not indicate whether Plaintiffs are opposed to this Motion.

                    */s/ Brenton H. Cooper*
                    Brenton H. Cooper

## CERTIFICATE OF SERVICE

    I hereby certify that, on October 31, 2025, a true and correct copy of the above document was provided to counsel for Plaintiffs via e-mail.

                                      */s/ Brenton H. Cooper*
                                      Brenton H. Cooper