UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-24669-DPG

**Leigh M. Rothschild**, an individual citizen of Florida, and **Analytical Technologies, LLC**, a Wyoming company,

        Plaintiffs,

v.

**Starbucks Corporation**, a Washington corporation, and **Rachael Lamkin**, an individual citizen of California,

        Defendants.

_____/

**OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER TO ADD FUFTA COUNTERCLAIM**

Plaintiffs Leigh M. Rothschild ("LMR") and Analytical Technologies, LLC oppose as follows the Motion for Leave to Amend Answer to Add FUFTA Counterclaim filed by Defendant Rachael Lamkin ("Lamkin"). *See* ECF No. 69. Not only is Lamkin's request for leave to amend much too late, but any amendment would be prejudicial to Plaintiffs. The proposed addition of a FUFTA claim also is futile because it is meritless at best, and frivolous at worst.[1]

Legal Standard

Rule 16(b) controls amendments to pleadings at such a late stage of this action, with fact discovery set to be completed in just 20 days. *See* ECF No. 25 at 2 (Scheduling Order setting

---

[1] Local Rule 7.1(a)(2) requires a "reasonable effort to confer," but Exhibit A (herewith) shows Plaintiffs' counsel did not get a reasonable opportunity to confer. *See id.* (non-compliance "may be cause for the Court to [] deny the motion and impose on counsel an appropriate sanction").

1

December 3, 2025 fact discovery cutoff). This Court set June 6, 2025 as the deadline for "filing motions to amend," which precludes any leave to amend because the deadline was nearly ***six months ago***. *See id.* at 1. As one court explained just recently:

> [W]here (as here) a party seeks leave to amend after the amendment deadline established in the scheduling order, the party must first establish "good cause" for the untimely amendment under Fed. R. Civ. P. 16(b)(4) before the Court will consider whether amendment is proper under Rule 15. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* at 1418 (quoting Advisory Committee Note to Rule 16). Thus, "No diligence, no good cause, no leave to amend." *Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000).

*Bachelier v. Chipola Healthy Start, Inc.*, No. 25-28, 2025 WL 3114460, at *1 (N.D. Fla. Nov. 7, 2025); *see also Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) ("If [a] party was not diligent, the [good cause] inquiry should end.") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

<u>None Of Lamkin's Proposed Excuses For The Long Delay Demonstrates "Good Cause"</u>

Lamkin's first proposed excuse for the long delay is that supposedly she "discover[ed]—three (3) days ago—[] a UCC Lien created by Plaintiff Leigh Rothschild, and designed [as Lamkin argues without basis] to shield his personal assets from an attorneys' fees award against him in this case." *See* ECF No. 69-1. But a UCC Lien is a public record, so this document (filed in 2024) was ***accessible to Lamkin any time*** from the very beginning of this action, and well before Lamkin filed her original counterclaims on January 28, 2025 (*see* ECF No. 8). *See United States v. Archible*, No. 21-14172, 2022 WL 16833770, at *4 (11th Cir. Nov. 9, 2022) (UCC Liens are "public records"). Therefore, Lamkin's first proposed excuse shows a ***lack*** of diligence, is no excuse at all, and certainly does not equate to "good cause." This conclusion is analogous to the

Eleventh Circuit's determination in *Valpak Direct Mktg. Sys., Inc. v. Maschino*, 349 F. App'x 368, 369 (11th Cir. 2009), in which the court reasoned as follows in relevant part:

> [Just] days before the discovery period was set to expire, Mr. Maschino filed a motion for permission to file an amended . . . counterclaim. . . . [The] district court denied the motion to amend, finding [no] good cause for the tardy amendment . . . because "[a]ll of ***the facts alleged in the motion could have been ascertained with the exercise of due diligence prior to the deadline for amending pleadings***.
>
> . . .
>
> Our review of the record reveals that Mr. Maschino failed to demonstrate good cause for moving to amend his complaint more than seven months after amendment would have been allowed under the court's scheduling order. . . . ***The facts underlying the proposed amendment were actually known or could have been discovered with the exercise of due diligence in advance of the amendment deadline***. Mr. Maschino presented no evidence of good cause why an amended pleading could not have been filed before that deadline passed.

*Id.* at 369-71 (emphasis added). Following *Valpak*, this Court likewise should find no good cause even is possible when Lamkin could have discovered the complete factual basis for her proposed amendment over a year ago. Lamkin argues "diligence" because her motion was filed promptly "after first discovering the Rothschild UCC Lien and asking PAM's corporate representative about it in a deposition." But this contention fails to address Lamkin's lack of diligence in finding and marshaling publicly-available facts, including the UCC Lien documents available to Lamkin since before this action was even filed.[2]

Lamkin's factual analysis of the UCC Lien also is flawed. Rather than being connected in any way to this action, the UCC Lien actually was filed ***many years before*** the key event underlying this action had even occurred. Specifically, Plaintiff Rothschild filed the UCC Lien

---

[2] Lamkin argues without support that the "UCC Lien is not the kind of document one would search for in a defamation case," but obviously it is "the kind of document" to Lamkin, who searched for it (but not until just before the close of discovery). Lamkin complains about the discovery proceedings without basis, which only underscores Lamkin's lack of diligence in pursuing the facts only just before the close of fact discovery.

originally in 2018 as part of his regular estate planning activities, and the document Lamkin cites in her motion is simply an updated UCC Lien document filed in 2024. *See* Rothschild Decl. ¶ 3, Ex. B (original UCC Lien filing). The defamatory Bloomberg Law article underlying this action was not published until October 2024. Therefore, it is factually incorrect and misleading for Lamkin to assert that the UCC Lien document was part of any plan to "prevent Attorney Lamkin herself from collecting on any judgment she may secure against Rothschild in this case," which is a highly unlikely proposition to begin with.

  Lamkin's contention that a new counterclaim at this very late stage "would not prejudice Plaintiffs" is untenable because—of course—Plaintiffs would be prejudiced having to defend a new counterclaim without having the benefit of any discovery relating to the new claim. To litigate this new counterclaim if allowed, discovery would have to be reopened for at least several months, for additional written discovery, depositions, and expert reports. All of the pretrial and trial deadlines would need to be pushed back accordingly, which would be severely prejucicial to Plaintiffs and their case. More importantly, "Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." *Roberson v. BancorpSouth Bank, Inc.*, No. 12-0669, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013); *see also De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012) ("In short, diligence is the key to satisfying the good cause requirement."). Even a lack of prejudice is not relevant to the good cause requirement. *See Jasper Wood Prods., LLC v. Jordan Scrap Metal, Inc.*, No. 13-0407, 2014 WL 3720530, at *4 (S.D. Ala. July 25, 2014) ("Without a threshold showing of diligence to warrant modification of the Scheduling Order under Rule 16(b), whether defendants would or would not be prejudiced by the amendment (a relevant criterion under Rule 15(a)(2)) is inconsequential."). Lamkin contends that she would suffer prejudice if leave to amend is denied, but any prejudice to

Lamkin is irrelevant to the good cause inquiry, and nevertheless would be of her own making through her lack of diligence.

Finally, even if this Court could find good cause (which it should not), Lamkin's motion should be denied because it fails to address the required Rule 15(a)(2) factors. *See Bank of Am., N.A. v. Stark*, No. 24-4324, 2025 WL 3124012, at *5 (N.D. Ga. Sept. 15, 2025) ("[T]he Eleventh Circuit has instructed that 'a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment.'") (quoting *Maynard v. Bd. of Regents of Div. of Univs.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (leave denied where "there seems to be no good reason why [the movant] could not have made the motion earlier")). Of these factors, Lamkin's undue delay clearly favors denying the motion, as does the prejudice to Plaintiffs. *See supra*.

Lamkin's proposed amendment also would be futile because a violation of FUFTA requires evidence of the following elements: "(1) **there was a creditor** to be defrauded; (2) a debtor intending fraud; and (3) a conveyance of property which could have been applicable to the payment of the debt due." *PNC Bank, N.A. v. Rickenbacker Marina, Inc.*, No. 24-22204, 2025 WL 3091308, at *13 (S.D. Fla. Aug. 15, 2025) (emphasis added) (internal citation omitted). Here, Lamkin cannot plausibly allege that she was a "creditor" under FUFTA because at the time of the UCC Lien in 2018 (or even 2024), Lamkin was not a creditor nor did she hold any claim to be a creditor, contingent or otherwise. *See Wiand v. Lee*, 753 F.3d 1194, 1202-03 (11th Cir. 2014) (claim to be "creditor" must exist "at the time [debtor] made the transfers" alleged to be fraudulent). Because Lamkin had no such claim as a "creditor" at the time the UCC Lien was filed, Lamkin's FUFTA claim is futile and leave to amend should be denied under Rule 15(a)(2) if necessary, as well as being denied initially for lack of good cause under Rule 16(b).

**Conclusion**

For each of the foregoing reasons, Plaintiffs respectfully request that this Court should deny Defendant Lamkin's motion for leave to amend.

Dated: November 14, 2025                                    Respectfully submitted,

Edward F. O'Connor (FL Bar No. 132223)
efo@avynolaw.com
**Law Offices Edward F. O'Connor**
104 Seabreeze Circle
Jupiter, Florida 33477
Tel: 949.291.2894

Stephen M. Lobbin (admitted *pro hac vice*)
sml@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I certify hereby that I served the foregoing document on November 14, 2025 via CM/ECF on counsel for Defendants.

/s/ Stephen M. Lobbin