UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-24669-DPG

**Leigh M. Rothschild**, an individual citizen of Florida, and **Analytical Technologies, LLC**, a Wyoming company,

        Plaintiffs,

v.

**Starbucks Corporation**, a Washington corporation, and **Rachael Lamkin**, an individual citizen of California,

        Defendants.

_____/

### PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO ADD FUFTA COUNTERCLAIM

Pursuant to Local Rule 7.1(c)(1), Plaintiffs Leigh M. Rothschild ("LMR") and Analytical Technologies, LLC hereby request leave of Court to file a short sur-reply brief and evidence in response to the reply brief filed October 14, 2025 by Defendant Rachael Lamkin ("Lamkin") on her motion requesting leave to amend her counterclaim to add a new FUFTA claim against LMR. *See* ECF No. 69 and 72-73.

The reason a sur-reply is warranted is that with its reply, Lamkin introduced new arguments and evidence not included in its original motion. Specifically, Lamkin presented new arguments that (a) the 2018 UCC filing allegedly lapsed by operation of Florida Statute section 679.515 and that the 2024 filing is not a continuation but a brand new UCC-1 lien that should be treated as a separate transfer supporting her FUFTA theory, and (b) FUFTA supposedly expressly protects future and contingent creditors and treats the creation and perfection of an insider lien as a transfer even when the debtor keeps possession of the property. In fairness, LMR should be permitted to respond to these new arguments and materials. Specifically, in sur-reply LMR would demonstrate that (a) Lamkin's new description of the 2018 and 2024 filings misstates the facts and the statute, (b) the lien dates back years and reflects LMR's longstanding estate planning process rather than any litigation-driven asset transfer, (c) Lamkin was not a creditor at the time of any alleged transfer and cannot rely on a new "contingent creditor" theory to cure that defect, and (e) Lamkin's new legal theories raised for the first time in reply cannot supply the missing diligence or avoid the futility of the proposed FUFTA counterclaim.

In the alternative, and also pursuant to the explicit limitation recited in Local Rule 7.1(c)(1), LMR respectfully requests that the reply evidence and related arguments should be stricken and not considered by the Court in connection with a decision on the pending motion. *See* Local Rule 7.1(c)(1) (any "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without re-argument of matters covered in the movant's initial memorandum").

WHEREAS, LMR respectfully submits that good cause exists to justify this Court granting leave for LMR to file a short sur-reply brief to address the new evidence and argument set forth in Lamkin's reply.

A proposed order granting this Motion is attached herewith.

Dated: November 18, 2025            Respectfully submitted,

Edward F. O'Connor (FL Bar No. 132223)
efo@avynolaw.com
**Law Offices Edward F. O'Connor**
104 Seabreeze Circle
Jupiter, Florida 33477
Tel: 949.291.2894

Stephen M. Lobbin (admitted *pro hac vice*)
sml@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I certify hereby that I served the foregoing document on November 18, 2025 via CM/ECF on counsel for Defendants.

/s/ Stephen M. Lobbin