**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:24-cv-24669-DPG**

**Leigh M. Rothschild**, an individual citizen of Florida, and **Analytical Technologies, LLC**, a Wyoming company,

           Plaintiffs,

      v.

**Starbucks Corporation**, a Washington corporation, and **Rachael Lamkin**, an individual citizen of California,

           Defendants.

_____/

**<u>PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION</u>**
**<u>OF DEFAMATION AND NO ABUSE OF PROCESS</u>**

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. 56(a), this Court's Local Rule 56.1,[1] and ECF Nos. 25 at 2 and 79, Plaintiffs Leigh M. Rothschild ("LMR") and Analytical Technologies, LLC ("AT") move hereby for partial summary judgment of (a) liability of Defendant Rachael Lamkin ("Lamkin") for defamation, and (b) Plaintiffs' non-liability on Defendant's counterclaim for abuse of process.

---

[1] Included herewith this Motion is the separate "Statement of Material Facts" required by Local Rule 56.1(a)(1), which lists "the material facts that the movant contends are not genuinely disputed."  Local Rule 56.1(b)(1)(B) requires the statement to be in "separately numbered paragraphs, limited as far as practicable to a single material fact, with each fact supported by specific, pinpoint references to particular parts of record material . . . (*e.g.*, Exhibit D, Smith Affidavit, ¶ 2; Exhibit 3, Jones deposition, p. 12/lines 4-9)."  Reference to the Statement are included herein as "SMF."

**<u>Memorandum in Support</u>**

Plaintiffs' Complaint set forth a straightforward set of facts underlying their claims of (a) defamation, (b) intentional infliction of emotional distress, (c) tortious interference with business relationships, and (d) unfair competition.  The elements of a defamation claim include (1) publication; (2) falsity; (3) at least negligence on a matter concerning a private person; (4) actual damages; and (5) defamatory content.  *See Finkelstein v. Mount Sinai Med. Ctr.*, No. 23-20188, 2025 WL 3280340, at *10 (S.D. Fla. Nov. 25, 2025) (citing *Johnston v. Borders*, 36 F.4th 1254, 1275 (11th Cir. 2022)); *Turner v. Wells*, 879 F.3d 1254, 1272 (11th Cir. 2018) (plaintiff who is "limited public figure" required to prove "actual malice only in regard to certain issues").[2] Although the quantum of damages is an issue for the jury, Defendant's liability for negligently (or at worst, maliciously) publishing a false and defamatory statement may be determined here as a matter of law based on undisputed facts, as a matter for summary adjudication. The important context of Defendant Lamkin's malicious, defamatory statements to the press is that she is an experienced attorney who has represented clients in litigation many times against Plaintiffs and related patent licensing companies, and for years she has long championed a campaign to harm Plaintiff LMR personally and his patent licensing activities, any way she can both in litigation and now, through defamation.

---

[2] Although no such basis exists here for Plaintiff LMR to be anything more than a private citizen for defamation purposes, the court determines a plaintiff's status as, if alleged, a "limited public figure." *See Berisha v. Lawson*, 973 F.3d 1304, 1310 (11th Cir. 2020) ("First, the court must determine whether the individual played a central role in the controversy.  Second, the court must determine whether the alleged defamation was germane to the individual's role in the controversy.").

Based on the incontrovertible liability for defamation, Defendant's counterclaim fails as a matter of law as well, as "abuse of process" requires (1) an illegal, improper, or perverted use of process, (2) ulterior motives or purposes in exercising such process, and (3) damages. *See Ackley v. Cont'l Cas. Co.*, No. 22-60377, 2025 WL 2208177, at *5 (S.D. Fla. July 1, 2025) (citing *Della-Donna v. Nova Univ., Inc.*, 512 So. 2d 1051, 1055 (Fla. 4th DCA 1987)); *Burnett v. Davidoff*, No. 25-21342, 2025 WL 2105772, at *3 (S.D. Fla. July 28, 2025) ("There is no abuse of process [] when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose.") (quoting *Scorazi v. Barone*, 546 So. 2d 750, 751 (Fla. 3d DCA 1989)).

In this action, the principal material allegations are stated in Paragraphs 17-20 of the Complaint:

17. Beyond their allegations in the ATL Action, Defendants made false and defamatory statements in an October 10, 2024 press article published in Bloomberg throughout the United States including Florida and this District, entitled "Starbucks Levels Fraud Claim In New Tactic To Fight Patent Suit," a true and correct copy of which is attached herewith as **Exhibit A** ("the Bloomberg Article"). ***The Bloomberg Article includes the following false and defamatory statement attributable to Defendants: "[W]ith Leigh Rothschild, we never get the money because the shells go bankrupt."***

18. Neither LMR nor any of the companies he is involved with, however, has ever owed any of the Defendants any money for them to "get."

19. Moreover, none of the companies LMR is involved with is a "shell" (*i.e.*, a company with no significant assets or operations); instead, each of the companies is a lawful corporate entity with assets, bank accounts, and operations appropriate for its purpose, which in most cases is to own and license valuable U.S. patents.

20. Further, none of the patent companies LMR is involved with has ever "go[ne] bankrupt." Acknowledging this fact, Defendant Lamkin stated recently to LMR directly that "before I'm done with you I'm going to bankrupt you," which

evidences her own knowledge contrary to any "bankrupt" entities, and evidences her own bad faith and malevolent intent.

ECF No. 1 at 3-4; ECF No. 1-1 at 5 (Exhibit A).

In March 2025, Plaintiffs moved for a "judgment of defamation" based on there being no genuine issue of material fact concerning these allegations, noting as follows:

> Lamkin does not deny that she was quoted accurately . . . including her statement that "with Leigh Rothschild, we never get the money because the shells go bankrupt." This is a key, material fact that Lamkin does not dispute, and supports a judgment for Plaintiffs on the pleadings, because there is no plausible dispute that "go[ing] bankrupt" means following a process under the U.S. Bankruptcy Code, which Lamkin does not dispute never has happened vis-à-vis Plaintiffs or any related entity. *See Wells Fargo Bank, N.A. v. Kendrick*, No: 13-1577, at \*6-7 (M.D. Fla. Feb. 3, 2014) ("Black's Law Dictionary defines 'bankruptcy' as a procedure in which a debtor undergoes either a reorganization or liquidation of assets or as '[t]he status of a party who has declared bankruptcy under a bankruptcy statute.'") (quoting *Black's Law Dictionary* 166-67 (9th ed. 2009)); *see id.* (case law and definitions "support an interpretation that the meaning of the term 'declare bankruptcy' is to file a bankruptcy petition under any Bankruptcy Code chapter").

ECF No. 29 at 2-3 (noting Lamkin's denials "without citing any alleged facts" of Paragraphs 18-20). Plaintiffs also requested dismissal of Defendant's "abuse of process" counterclaim as implausible under Rule 12(b)(6), because in summary "no one forced Lamkin to make defamatory statements to Bloomberg, and this action is the direct result of her defamation, not anything [else]." ECF No. 29 at 7. In other words, the legitimacy of Plaintiffs' claims vitiates the single counterclaim.[3]

---

[3] Defendant Lamkin is attempting to add a second counterclaim after discovery already has closed, but for any one of several important reasons, this Court should deny leave to amend. *See, e.g.,* ECF No. 72.

4

The Court denied the early dispositive motion, ruling in only a brief discussion that "there are material facts in dispute here, including whether Defendant Lamkin's statements in the Bloomberg article are false," and "Defendant Lamkin has sufficiently alleged her counterclaim for Abuse of Process."  ECF No. 35 ("The issues raised by Plaintiffs may be appropriately addressed at summary judgment.").  As discovery has confirmed, however, Defendant cannot (and does not) reasonably dispute any material fact, which material facts together would compel any reasonable jury to adopt the indisputable, material facts stated in Paragraphs 18-20 of the Complaint, which demonstrate the three separate ways Defendant's undisputed statement in the Bloomberg Article was false, any one of which proves liability for defamation and disproves any abuse of process.

**<u>Defendant Published A False And Defamatory Statement</u>**

As Plaintiffs allege in Paragraph 17 of the Complaint (and as shown in Exhibit A therewith), in the October 10, 2024 Bloomberg Law press article entitled "Starbucks Levels Fraud Claim In New Tactic To Fight Patent Suit," Defendant published the following statement: "[W]ith Leigh Rothschild, we never get the money because the shells go bankrupt."  *See* ECF No. 1 at 3-4; ECF No. 1-1 at 5 (Exhibit A); SMF ¶ 1.  In answering Paragraph 17, Lamkin admitted only "that she was quoted" in the Bloomberg Article (*see* ECF No. 14 at 4-5),[4] but in discovery Lamkin finally admitted making the quoted statement.  *See* Lobbin Decl. ¶ 2, Ex. 1 at

---

[4] Although not necessary because Lamkin admits its authenticity and accuracy, this Court may take judicial notice of the Bloomberg Article (*see* ECF No. 1-1).  *See In re Silver Lake Grp. Sec. Litig.*, No. 20-2341, at *4 n.5 (N.D. Cal. Sep. 27, 2022) ("The Court takes judicial notice of the existence of this [Bloomberg] article . . . [but] does not take judicial notice of the truth of those facts."); *see also* ECF No. 14 at 5 ("Attorney Lamkin refers the Court to that article—available at https://news.bloomberglaw.com/ip-law/starbucks-levels-fraud-claim-in-new-tacticto-fight-patent-suit . . . for the content of the information therein.").

3-4 (October 10, 2025 Supplemental Response to RFA No. 5);[5] Ex. 2 at 52:4-8 (Lamkin admitting she could not dispute she was quoted accurately); SMF ¶ 2. This fact also is confirmed in a declaration of the Bloomberg Law reporter who interviewed Lamkin and wrote the article. *See* Ex. 3 (Shapiro Decl. ¶ 3) ("[E]ach of the quotations attributed to Rachael Lamkin in the article are accurate accounts of what she said to me."); SMF ¶ 3. Therefore, this fact cannot reasonably be disputed.

As Plaintiffs allege in Paragraphs 18-20 of the Complaint, Lamkin's quoted statement is false and defamatory in any one of three separate ways. First, "Neither LMR nor any of the companies he is involved with, however, has ever owed any of the Defendants any money for them to 'get.'" ECF No. 1 at 4 (Complaint ¶ 18); SMF ¶ 4. In discovery, Lamkin admitted that no LMR-related entity ever owed her or her clients any money in the form of a judgment, as opposed to two fee-shifting orders that were mooted by settlement and/or dismissal, before any judgment was entered. *See* Ex. 4 at 14-15 (October 10, 2025 Response to Interrogatory No. 7); Ex. 2 at 21:22-22:1 (Lamkin admitting there was never any "document that was called a judgment" for either of the two attorney fee orders she claims represented money "owed"); SMF ¶ 5. Second, "[N]one of the companies LMR is involved with is a 'shell' (*i.e.*, a company with no significant assets or operations); instead, each of the companies is a lawful corporate entity with assets, bank accounts, and operations appropriate for its purpose, which in most cases is to own and license valuable U.S. patents." ECF No. 1 at 4 (Complaint ¶ 19); SMF ¶ 6. In discovery, Lamkin admitted that the only two LMR-related entities she considers "shells" were engaged in operations including patent litigation, had their own counsel, owned patents, had

---

[5] Exhibits 1-5 referenced herein are attached with the Declaration of Stephen M. Lobbin, filed herewith.

funded bank accounts, and otherwise were not "shells" in any reasonable sense of the term. *See* Ex. 2 at 33:21-34:2 (Lamkin admitting the two entities she called "shells" were engaged in operations including patent litigation); SMF ¶ 7. Third, and most clearly representing a false statement, "[N]one of the patent companies LMR is involved with has ever 'go[ne] bankrupt.'" ECF No. 1 at 4 (Complaint ¶ 20); SMF ¶ 8. In discovery, Lamkin admitted that the two entities she was referring to, companies called RDC and RCDI, have never filed for bankruptcy. *See* Ex. 1 at 7-9 (October 10, 2025 Supplemental Response to RFA No. 12); Ex. 5 at 3 (October 22, 2025 Supplemental Responses to RFA Nos. 12, 16); Ex. 2 at 61:25-62:3 (Lamkin admitting that neither of the two entities she said went "bankrupt" every actually went bankrupt); SMF ¶ 9.[6]

Any one of these undisputed factual predicates confirms that Lamkin's statement in the Bloomberg Article was (1) published, (2) false, (3) negligent and/or malicious, and (5) defamatory in content. These elements establish—beyond any genuine issue of material fact— Defendant Lamkin's liability for defamation, as well as Plaintiffs' non-liability for "abuse of process." SMF ¶ 12.

### Request for Hearing

Pursuant to Local Rule 7.1(b)(2), Plaintiffs desire oral argument or a hearing of this Motion. The reasons why a hearing is desired and would be helpful to the Court include (a) addressing specific facts, if any, alleged to constitute a genuine issue of material fact, and (b) confirming the applicable legal principles implicated and dispositive on this Motion. Plaintiffs

---

[6] Lamkin's contentions about what the terms "shell" and "bankrupt" mean are wildly implausible, especially for a seasoned litigation attorney. *See* Ex. 2 at 68:1-5 (Lamkin claiming to be ignorant of Chapter 7 versus Chapter 11 bankruptcy); SMF ¶ 10. Lamkin also admitted that she knew RCDI was engaged in other litigation for many years, including spending millions of dollars to fight against Coca-Cola, including two separate appeals. *See id.* at 101:16-25; SMF ¶ 11.

estimate the time required for argument is 30 minutes, plus additional time to respond to any questions by the Court.

**<u>Conclusion</u>**

For each of the foregoing reasons, Plaintiffs respectfully request that this Court should grant summary adjudication (a) establishing Defendant Lamkin's liability for defamation, leaving damages (including punitive damages) for determination by a jury, and (b) dismissing with prejudice Defendant Lamkin's counterclaim for abuse of process.

Dated: December 19, 2025             Respectfully submitted,

Edward F. O'Connor (FL Bar No. 132223)
efo@avynolaw.com
**Law Offices Edward F. O'Connor**
104 Seabreeze Circle
Jupiter, Florida 33477
Tel: 949.291.2894

Stephen M. Lobbin (admitted *pro hac vice*)
sml@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

Attorneys for Plaintiffs