**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:24-cv-24669-DPG**

**Leigh M. Rothschild**, an individual
citizen of Florida, and **Analytical
Technologies, LLC**, a Wyoming
company,

                 Plaintiffs,

     v.

**Starbucks Corporation**, a
Washington corporation, and
**Rachael Lamkin**, an individual
citizen of California,

                 Defendants.

                                   /

**PLAINTIFFS' PRETRIAL MOTIONS INCLUDING MOTION *IN LIMINE***

Pursuant to this Court's Scheduling Orders (*see* ECF Nos. 25 and 93) and S.D. Fla. L.R. 16.1 ("Pretrial Procedure in Civil Actions"), Plaintiffs provide the following "pretrial motions and memoranda of law, including motions in limine." *See* ECF No. 25 at 2 ("Each party shall be limited to filing one (1) motion in limine."); S.D. Fla. L.R. 16.1(j) ("Memoranda of Law. Counsel shall serve and file memoranda treating any unusual questions of law, including motions in limine, no later than seven (7) days prior to the pretrial conference, or if no pretrial conference is held, seven (7) days prior to the call of the calendar.").[1]

---

[1] Pursuant to S.D. Fla. L.R. 7.1(a)(3), the parties are required to "confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the

**Plaintiffs' Motion *in Limine***

In their motion for summary adjudication on the central defamation issue in this action (see ECF No. 89), Plaintiffs' explained how Defendant Lamkin admitted in her discovery that the very limited "context" of her defamatory statement at issue was two prior litigation matters, which should be the only "context" permitted to be discussed at trial.  For lack of disclosure, lack of relevance, improper character evidence, and the Court's discretion under Rule 403, the Court should order excluded from trial any other discussion of any of Plaintiffs' many past litigation matters.

In the October 10, 2024 Bloomberg Law press article entitled "Starbucks Levels Fraud Claim In New Tactic To Fight Patent Suit," Defendant published the following defamatory statement: "[W]ith Leigh Rothschild, we never get the money because the shells go bankrupt." *See* ECF No. 1 at 3-4; ECF No. 1-1 at 5 (Exhibit A).  What "money" was there for Defendant to "get"?  Defendant has admitted that the "context" was ***just two*** prior fee-shifting orders that were mooted by settlement and/or dismissal, before any judgment was entered.  *See* ECF No. 89-5 at 15-16 (October 10, 2025 Response to Interrogatory No. 7).  What entities were "shells"? Defendant has admitted that the two entities involved in the ***same two*** prior orders are the contemplated "shells"—that is, and otherwise were not "shells" in any reasonable sense of the

---

issues to be raised in the motion."  Concerning "pretrial motions" more generally, Plaintiffs filed a Motion for Summary Adjudication of Defamation and No Abuse of Process (*see* ECF No. 89), which is fully briefed and argued, and awaiting a decision.  Concerning "memoranda," Local Rule 16.1(j) notes that parties "shall serve and file memoranda treating any unusual questions of law, including motions in limine."  Any such unusual questions of law have been addressed in the pending motion for summary adjudication and related motions filed previously, and in Plaintiffs' motion *in limine* presented herein.

term. *See id.* (identifying two entities—RDC and RCDI); ECF No. 89-3 at 35-36.  What entities have "gone bankrupt"?  Again, Lamkin has admitted that the ***same two*** entities she was referring to, companies called RDC and RCDI, have never filed for bankruptcy.  *See* ECF No. 89-2 at 8-10 (October 10, 2025 Supplemental Response to RFA No. 12); ECF No. 89-6 at 4 (October 22, 2025 Supplemental Responses to RFA Nos. 12, 16); ECF No. 89-3 at 63-64 (Lamkin admitting that neither of the two entities she said went "bankrupt" every actually went bankrupt).

To be sure, Plaintiff Leigh M. Rothschild ("LMR") has created many hundreds of companies and businesses which have been involved in many hundreds of litigation matters over the course of his many decades-long professional career.  What is also certain is Defendant's nefarious intention to present at trial, in front of the jury, a cherry-picked sampling of a few of LMR's past litigation matters which have not resulted as favorably as the vast majority of others.  In particular, as is clear from Defendant's many references to other cases and matters, including the recent *Valve* case involving completely different issues, Defendant will attempt to turn its trial presentation from a carefully-focused presentation of the two-example "context" of her defamatory statement at issue, into a broadside attack on LMR's entire professional career, including many past litigation matters.

Such a presentation at trial, besides being irrelevant, beyond its discovery responses, and violating Fed. R. Evid. 403, would be an improper attempt to attack personal character in violation of Fed. R. Evid. 404.  Rule 404(a)(1) mandates that [e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait," while Rule 404(b)(1) mandates that "[e]vidence of any

3

other . . . act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Even if such an attack on LMR at trial was relevant in any respect, such evidence and/or argument should be excluded under Rule 403 because any probative value would be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Therefore, the Court should grant Plaintiffs' motion in limine and order excluded from trial any evidence or argument about Plaintiffs' many past litigation matters, other than the two matters Lamkin admitted in her discovery responses are the very limited asserted "context" of her defamatory statement at issue.

### Plaintiffs' Motion for Sanctions

Pursuant to Rule 37, 28 U.S.C. § 1927 and the Court's inherent authority, Plaintiffs urge this Court to Defendant Lamkin and her counsel of record to show cause why they should not be sanctioned for pressing alleged discovery "deficiency" issues which already have been waived by now, four months after discovery closed.

In her latest vituperative attack on Plaintiff LMR, Defendant presented a tardy, waived and meritless "motion for sanctions." *See* ECF No. 145; S.D. Fla. L.R. 26.1(g). Moreover, during the last two months of discovery, the following events occurred, hinting of no discovery misconduct whatsoever, besides that of Defendant Lamkin. First, in October 2025, Plaintiffs' raised with Magistrate Judge Shaw-Wilder a dispute over Defendant's gross non-compliance with its written discovery response obligations, and Judge Shaw-Wilder agreed. *See* ECF No.

4

56, 60 (finding Defendant's responses deficient in nearly all respects).  In November, Judge Shaw-Wilder engaged with the parties on several other discovery issues, held more discovery hearings, and even allowed Defendant to take discovery on her long-belated FUFTA claim which Defendant later agreed was too late to even be at issue in this action.  *See* ECF No. 71. Discovery closed on December 3, 2025, and until just yesterday Defendant Lamkin had never raised any further discovery issue concerning Plaintiffs' document production or deposition testimony, or anything else.

Under these circumstances, and particularly under S.D. Fla. L.R. 26.1(g), Defendant's request for Rule 37 discovery sanctions has been waived, which Defendant knew but filed its motion anyway.  As L.R. 26.1(g)(2)(A)(iv) mandates, any discovery motion must be filed "within twenty-eight (28) days of the date when the issue was first raised with the opposing party," which here was well before the December 3, 2025 discovery cutoff date—in fact, any motion was required to be filed before January 1, 2026.  Additionally, Defendant failed to conduct the required pre-filing conference pursuant to S.D. Fla. L.R. 7.1(a)(3)."  *See* S.D. Fla. L.R. 26.1(g)(2)(D).  Defendant's 4+ months of delay "may, in the Court's discretion, constitute grounds for denial of the requested relief."  *See* S.D. Fla. L.R. 26.1(g)(2)(B).

Therefore, this Court should rule that Defendant and her counsel have filed an obviously defective motion, both procedurally and substantively, and order Defendant to show cause why she and her counsel should not be sanctioned under Rule 37, 28 U.S.C. § 1927 and/or the Court's inherent authority, including for unreasonably and vexatiously pressing a rule-barred discovery dispute long after discovery has closed.  *See, e.g.*, 28 U.S.C. § 1927 ("Any attorney . . . who so

multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

### Certification Under S.D. Fla. L.R. 7.1(a)(3)

The parties are required to "confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion," and "certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so."

Counsel for Defendant contacted Plaintiffs' counsel Mr. Lobbin via email earlier today (on the due date) to confer on its two motions filed today, but because Mr. Lobbin was with his children for spring break, he advised counsel for Defendant by return email and text message that more time was needed to meaningfully meet and confer, contemplating conferral on Plaintiffs' motions herein as well. As Mr. Lobbin requested, "The court wants meaningful conferrals so we approve an agreed motion to get another week of time, let's make it April 10 for these and our motions. We can confer on Friday ok?" Defendant's counsel refused Plaintiffs' request, stating in part that the parties "have known about these deadlines for months," which makes unusual

6

Defendant's **last-day request** for a conferral (only after the Court denied their motions once),
because Defendant and its counsel also "have known about these deadlines for months." *See*
ECF Nos. 142-143.

Dated: March 31, 2026                    Respectfully submitted,

Edward F. O'Connor (FL Bar No. 132223)
efo@avynolaw.com
**Law Offices Edward F. O'Connor**
104 Seabreeze Circle
Jupiter, Florida 33477
Tel: 949.291.2894

Stephen M. Lobbin (admitted *pro hac vice*)
sml@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I certify hereby that I served the foregoing document on March 31, 2026 via CM/ECF on
counsel for Defendants.

/s/ Edward F. O'Connor