IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CV-24669-DPG

LEIGH M. ROTHSCHILD and
ANALYTICAL TECHNOLOGIES, LLC,

*Plaintiffs*,

v.

STARBUCKS CORP. and
RACHAEL LAMKIN,

*Defendants*.

## [DRAFT] JOINT PRETRIAL STIPULATION

Plaintiffs, Leigh M. Rothschild and Analytical Technologies, LLC, and Defendant

Rachael Lamkin, by and through their undersigned counsel, and pursuant to Local Rule 16.1(e),[1]

hereby file their Joint Pretrial Stipulation, and state:

**1.      Plaintiffs' Statement of the Case.**

[Insert]Plaintiffs' Complaint set forth a straightforward set of facts underlying their

pending claims of defamation and tortious interference with business relationships, based on

Defendant Lamkin's malicious actions in publishing a statement in Bloomberg Law in October

2024 that "with Leigh Rothschild, we never get the money because the shells go bankrupt."  The

---

[1] Local Rule 16.1(e) requires a pretrial stipulation "filed with the Court no later than seven (7) days . . . prior to the [July 22, 2026] call of the calendar," which is a due date of July 15, 2026. Until that time, Plaintiffs reserve all rights to add, delete, amend, edit, or otherwise revise the contents of this draft pretrial stipulation, particularly once the Court has ruled on the several pending motions.

important context of Defendant Lamkin's malicious, defamatory statements to the press is that she is an experienced attorney who has represented clients in litigation many times against Plaintiffs and related patent licensing companies, and for years she has long championed a campaign to harm Plaintiff LMR personally and his patent licensing activities, any way she can both in litigation and now, through defamation and tortious interference, causing great harm and damages to Plaintiffs.

**2.      Defendant's Statement of the Case.**

Ms. Lamkin is a well-known litigator and partner at Baker Botts. Over the course of her legal career, she has defended numerous high-profile clients against infringement allegations made by patent assertion entities owned or controlled by Mr. Rothschild, allegations that were either ultimately determined to be without merit by a court, or allegations that were dismissed when Mr. Rothschild realized Ms. Lamkin would be defense counsel. Plaintiff Analytical Technologies, LLC ("AT") is a Rothschild entity.

Ms. Lamkin's successes against Mr. Rothschild and her public commentary regarding the negative effects companies like his (frequently referred to as "patent trolls") have on the judicial system drew the ire of Mr. Rothschild. The October 10, 2024 Bloomberg article that is at-issue in this lawsuit recognizes long-standing "accusations that [Mr. Rothschild's] patent assertion activity is abusive." And that Starbucks, represented by Ms. Lamkin, "accuses Rothschild of exploiting a dynamic where risk-averse companies will settle patent suits quickly to avoid the high cost of mounting a defense and where recouping the cost of defending a suit by pursuing fees from often poorly capitalized and judgment-proof patent-holding LLCs is a crapshoot." [ECF No. 1-1, at 3.]

Consistent with Mr. Rothschild's reputation for filing baseless patent litigations through "shell" and "underfunded" entities that he ultimately owns, and filing over 1,300 patent cases that never reached trial, Ms. Lamkin commented to Bloomberg News that "The settlement amounts [Mr. Rothschild's companies seek] are so low that companies aren't going to pay attorneys the thousands of hours it takes to catch him at his game. . . . And with Leigh Rothschild, we never get the money because the shells go bankrupt."

Mr. Rothschild and his patent-assertion company AT sued Ms. Lamkin for defamation and tortious interference[2] for only a single sentence in that quote, the gist in the context of the Bloomberg article being that defendants are unable to obtain awarded legal fees because Mr. Rothschild's entities are undercapitalized/underfunded. Specifically, it is publicly known that two Rothschild entities have been ordered to pay defendants' attorneys' fees. Neither entity paid those fees, however, because as Mr. Rothschild explained to the courts in those cases, his entities did not have the money to pay the attorneys' fees awards.

Ms. Lamkin denies that her statements were defamatory or that they amounted to tortious interference, including because the gist of her statement in the context of the October 2024 Bloomberg article is not substantially false and because Mr. Rothschild cannot show that Ms. Lamkin acted with knowledge or reckless disregard as to the alleged falsity of her statement. In addition, Ms. Lamkin has asserted affirmative defenses under the First Amendment of the U.S. and Florida constitutions.

Ms. Lamkin likewise contends that the true, and improper, purpose behind Mr. Rothschild's present suit has been clear since the beginning. He has used this lawsuit, which has

---

[2] Mr. Rothschild's and AT's claims of intentional infliction of emotional distress and unfair competition were dismissed on the pleadings. [ECF Nos. 122, 135].

no reasonable basis in fact or law, as an opportunity to place an undue burden on Ms. Lamkin as she continues representing her clients (including against Mr. Rothschild's companies) and to force a settlement in the *AT v. Starbucks* patent-infringement litigation in the Eastern District of Texas where Starbucks had asserted a Texas Uniform Fraudulent Transfer Act counterclaim against Mr. Rothschild personally. Accordingly, Ms. Lamkin counterclaimed against Mr. Rothschild and AT, accusing them of abuse of process. Plaintiffs deny that they have abused the legal system.

**3.      Basis for Federal Jurisdiction.**

This Court has federal diversity jurisdiction because the parties are completely diverse and the amount in controversy pleaded exceeds $75,000. [ECF Nos. 131, 132].

**4.      Pleadings.**

- Plaintiffs Leigh M. Rothschild's and Analytical Technologies, LLC's Complaint [ECF No. 1]
- Defendant Rachael Lamkin's Answer to Plaintiffs' Complaint and Counterclaim [ECF No. 8]
- Defendant Rachael Lamkin's Amended Answer to Plaintiffs' Complaint and Counterclaim [ECF No. 14]
- Plaintiffs' Answer to Counterclaim [ECF No. 38]

**5.      Undisposed Motions and Other Matters Requiring Action by the Court.**

- Defendant Rachael Lamkin's Motion for Leave to Amend Answer to Add FUFTA Counterclaim [ECF No. 69]
- Defendant Rachael Lamkin's Motion to Exclude the Expert Testimony of Sameer Somal and Douglas Ryder [ECF No. 82]

- Plaintiffs' Motion for Summary Adjudication of Defamation and No Abuse of Process [ECF No. 89]

- Defendant Rachael Lamkin's Motion for Summary Judgment on Plaintiffs' Claims in Their Entirety and for Attorneys' Fees Under Florida's Anti-SLAPP Statute [ECF No. 91]

- Defendant Rachael Lamkin's Motions in Limine [ECF No. 144]

- Plaintiffs' Pretrial Motions Including Motion in Limine [ECF No. 146]

6.   **Statement of Uncontested Facts.**

a.   In the October 10, 2024 Bloomberg Law press article entitled "Starbucks Levels Fraud Claim In New Tactic To Fight Patent Suit," Defendant published the following statement: "[W]ith Leigh Rothschild, we never get the money because the shells go bankrupt."

b.   Lamkin made the quoted statement.

c.   The Bloomberg Law reporter also confirmed that "each of the quotations attributed to Rachael Lamkin in the article are accurate accounts of what she said to me."

d.   Neither Plaintiff LMR nor any of the companies he is involved with has ever owed any of the Defendants any money for them to "get."

e.   Lamkin admitted that no LMR-related entity ever owed her or her clients any money in the form of a judgment, as opposed to two fee-shifting orders that were mooted by settlement and/or dismissal, before any judgment was entered.

f.   None of the companies LMR is involved with is a "shell" (*i.e.*, a company with no significant assets or operations); instead, each of the companies is a lawful corporate entity with assets, bank accounts, and operations appropriate for its purpose, which in most cases is to own and license valuable U.S. patents.

g.   Lamkin admitted that the only two LMR-related entities she considers "shells" were engaged in operations including patent litigation, had their own counsel, owned patents, had funded bank accounts, and otherwise were not "shells" in any reasonable sense of the term.

h.   None of the patent companies LMR is involved with has ever "go[ne] bankrupt."

i.   Lamkin admitted that the two entities she was referring to, companies called RDC and RCDI, have never filed for bankruptcy.

j.   Lamkin also admitted that she knew RCDI was engaged in other litigation for many years, including spending millions of dollars to fight against Coca-Cola, including two separate appeals.

**Formatted:** Font: Italic

k.  No money is owed from LMR or his entities to Lamkin or any of her clients.

l.  Lamkin has made numerous statements disparaging LMR from the time she met him to date.

m.  Lamkin said "it takes a village to stop a patent troll" and she has also said LMR is a patent troll.

n.  Lamkin represented Garmin in a case against a LMR entity and her client agreed to pay in excess of $[REDACTED].

o.  Lamkin asked a court in California to have LMR post a bond, but the judge refused.

p.  Lamkin sued LMR immediately and personally in response to a patent infringement case against Starbucks.

q.  Personal causes of action are very rarely filed against individuals when their companies are asserting patents.

r.  Lamkin uses intimidation tactics to settle her patent litigation cases.

s.  Lamkin once convinced an inventor to sign a document saying he would never file patent cases in Lamkin's home state of California.

t.  Lamkin recently taken part as counsel in the case of Starbucks v Key Patents where they accused the defendant of patent trolling.

u.  Lamkin considers herself a top patent litigator with a mission to stop inventors who she does not feel are worthy of filing patent cases.

v.  Lamkin testified in her deposition that she had no in depth knowledge of bankruptcy laws and did not study bankruptcy when she attended law school.

w.  Lamkin was one of the attorneys that filed a complaint against Key Patents (Starbucks v Key Patents) in which the complaint signed by Ms. Lamkin discusses bankruptcy.

x.  LMR has asked this Court to award sanctions against Lamkin for the misleading and untrue statements she has filed in this case.

y.  Lamkin testified in her deposition that there have been times where she talked to LMR off the record while he was not being deposed.

z.  Lamkin has testified that her current salary from her Baker and Botts law firm is in excess of one million dollars.

**Formatted:** Indent: Left:  1.25",  No bullets or numbering

a.  Patent assertion companies connected to Mr. Rothschild have filed more than 1,300 patent infringement lawsuits.

b.  Mr. Rothschild's patent assertion companies are structured as subsidiaries of Patent Asset Management, LLC ("PAM").

c.  Mr. Rothschild has the power to control his patent-assertion companies as the Chief Executive Officer of PAM.

d.aa.  [REDACTED]

e.  Bank Account Number [REDACTED] belongs to PAM.

_____

f.  Bank Account Number [REDACTED] belongs to PAM.

g. ~~Mr. Rothschild can take money out of PAM's bank accounts at any time without restriction.~~

h. ~~PAM does not have any policies or procedures that limit how much money PAM can loan Mr. Rothschild.~~

i. ~~Numerous articles and blog posts identify Mr. Rothschild as a "patent troll" and contain criticisms of his practice of filing weak lawsuits to extract nuisance-value settlements.~~

j. ~~Numerous articles, internet posts, and judicial documents from before October 2024 specifically highlight Mr. Rothschild's use of underfunded "shell" entities.~~

~~k.~~bb. ~~In Rothschild Digital Confirmation, LLC v. CompanyCam, Case No. 1:19-cv-01109-MN (D. Del.), the plaintiff, Rothschild Digital Confirmation, LLC ("RDC"), was subject to the control of Mr. Rothschild through RDC's parent company, PAM.~~

~~l.~~cc. Ms. Lamkin represented CompanyCam in Rothschild Digital Confirmation, LLC v. CompanyCam.

~~m.~~dd. On November 1, 2021, in Rothschild Digital Confirmation, LLC v. CompanyCam, RDC filed a letter signed by Mr. Rothschild that identified Mr. Rothschild as RDC's "Managing Member."

n. ~~In Rothschild Digital Confirmation, LLC v. CompanyCam, on February 23, 2021, Judge Noreika ordered RDC to pay $86,150 in attorneys' fees to CompanyCam within forty-five days.~~

o. ~~Neither RDC, PAM, nor Rothschild ever paid CompanyCam its attorneys' fees.~~

p. ~~CompanyCam's counsel e-filed a letter notifying Judge Noreika that "RDC refused to pay the Court's fee award."~~

q. ~~CompanyCam's counsel e-filed a letter notifying Judge Noreika that RDC was failing to properly respond to discovery CompanyCam served in connection with its efforts to collect the attorneys' fees award.~~

r. ~~CompanyCam's counsel e-filed a letter alerting Judge Noreika to the fact that "RDC's termination of its attorneys may have been [a] strategic . . . effort to frustrate CompanyCam's efforts to collect its fee award."~~

s. ~~In interrogatory responses verified by Mr. Rothschild, RDC stated that the "only" "contribution of capital or other funds" to RDC was "labor and U.S. Patent No. 7,456,872 (assigned to RDC in August of 2016)" and that~~

~~the then-current "assets [of RDC] consist[ed] of only labor, U.S. Patent No. 7,456,872, and a bank account containing $980.51."~~

t. ~~On January 6, 2022, after CompanyCam had been trying to collect its fee award for nearly a year, including against Mr. Rothschild personally, Mr. Rothschild's attorney emailed Attorney Lamkin and said, "RDC would be willing to provide a covenant not to sue across the entire portfolio of Rothschild patents where Rothschild is the inventor in exchange for a walkaway in which CompanyCam waives its claim to the award of the court and all other claims."~~

u. ~~CompanyCam filed a Notice of Settlement with RDC on January 10, 2022.~~

v. ~~In Rothschild Connected Devices Innovations, LLC v. Garmin International, Inc., Case No. 2:17-cv-00158-JRG-RSP (E.D. Tex.), the plaintiff, Rothschild Connected Devices Innocations, LLC ("RCDI"), was subject to Mr. Rothschild's control through RCDI's parent company, PAM.~~

~~w.~~cc.   Ms. Lamkin represented Garmin International in Rothschild Connected Devices Innovations, LLC v. Garmin International, Inc.

x. ~~RCDI also filed a lawsuit against ADS Security, L.P. ("ADS Security") in the Eastern District of Texas that was based on one of the same patents asserted against Garmin.~~

y. ~~On November 8, 2017, Magistrate Judge Roy Payne ordered that RCDI "shall pay ADS . . . attorneys' fees and costs in the amount of $288,911.99" within thirty days.~~

z. ~~RCDI never paid the attorneys' fees ordered by Magistrate Payne.~~

aa. ~~On June 27, 2018, after not receiving payment of the award for nearly nine months, ADS Security filed a Motion for Order to Show Cause as to why RCDI has failed to pay and why Mr. Rothschild should not be held jointly and severally liable with RCDI.~~

bb. ~~In interrogatory responses signed by Mr. Rothschild in RCDI's case against ADS Security, RCDI stated that its only assets were three patents, a patent application, and $5.00 in a bank account.~~

cc. ~~In a sworn declaration submitted by Mr. Rothschild on behalf of RCDI in response to ADS Security's Motion to Show Cause, Mr. Rothschild stated: "RCDI does not have any assets other than the patents listed above and a de minimus amount in its lone bank account."~~

dd.   In RCDI, the court made a factual finding that RCDI admitted it "does not have the ability to pay the fee award."

ee.   In RCDI's lawsuit against ADS Security, the court allowed ADS Security to amend its answer and counterclaims to seek enforcement of the attorneys' fees award against Mr. Rothschild personally.

ff.   However, because ADS Security was not able to serve Mr. Rothschild personally, the case was dismissed on September 16, 2019, with neither RCDI nor Mr. Rothschild ever honoring Judge Payne's order.

gg.   [REDACTED

hh.   At least 51 different entities have filed lawsuits asserting Mr. Rothschild's patents or in which PAM was disclosed as having an interest.

ii.   The entities owned by PAM, including RCDI and RDC, have no employees.

jj.   The entities owned by PAM, including RCDI and RDC, do not have corporate credit cards.

kk.   RCDI owns no real property.

ll.   RDC owns no real property.

mm.   RDC's administrative and operating expenses are paid by PAM.

nn.   In Valve Corporation's lawsuit against Mr. Rothschild under the Washington Patent Troll Prevention Act, Judge Jamal N. Whitehead acknowledged Valve's allegations that Rothschild's entities are "empty shells" that would "shield Rothschild from personal liability."

oo.   In a publicly filed lawsuit brought by Constance Kazanjian against Mr. Rothschild in 2017, Ms. Kanzanjian alleged: "Rothschild is self-dealing. Rothschild pays his attorneys fees first, pays questionable costs, pays for expenses both unreasonable and unrelated to the specific transaction[.]"

pp.   Ms. Kazanjian further alleged: "Rothschild transfers each patent to a specific corporation," which was created "for the exclusive purpose of using the corporation[] to assert Rothschild's patents in Court. However, when settlement monies are received they do not flow to the corporation named as a Plaintiff in the suit, instead the money is transferred to Defendant, Rothschild Trust Holdings LLC, where it is fraudulently converted for Rothschild's personal use in order to defraud creditors . . . from monies that are due and owing."

qq. ~~[REDACTED]~~

rr. ~~In Valve Corporation's lawsuit against Mr. Rothschild under the Washington Patent Troll Prevention Act, Valve Corporation alleged in a complaint filed on July 7, 2023: "Defendant Rothschild's movement of patents between the dozens of shell companies he owns or operates, in complete disregard of corporate formalities, is nothing but an attempt to insulate himself and what is believed to be his holding company, PAM, from fees and penalties that may accrue from his bad-faith patent assertions of patent infringement."~~

~~ss.~~ff. On July 10, 2023, articles in Law360 and Bloomberg Law reported on and attached Valve's complaint against Mr. Rothschild under the Washington Patent Troll Prevention Act.

tt. ~~A February 23, 2017 article from DataPoint on Technology identified Rothschild as the second "Most Active 'Patent Troll'" in 2016.~~

uu. ~~Leigh Rothschild caused to be created a website bearing his name, LeighMRothshehild.com.~~

vv. ~~Rothschild links to multiple media interviews on his website, LeighMRothshehild.com.~~

ww. ~~Rothschild has given multiple interviews defending his litigation activities and business model, including a September 2023 YouTube interview with attorney Patrick Muffo, directly addressing critics who label him a "patent troll."~~

xx. ~~Mr. Rothschild was "happy" when Starbucks Corp. agreed to settle AT's patent claims in Analytical Technologies LLC v. Starbucks Corp., Case No. 2:24-cv-00448 (E.D. Tex.), and the case was dismissed because it "meant that [Ms. Lamkin] w[as] out" of the case.~~

yy. ~~On June 19, 2024, AT's counsel in Analytical Technologies LLC v. Starbucks Corp. emailed Ms. Lamkin and, in discussing the topic of an early settlement number for the case, stated: "I think they also have special lower rate for friends, family and and [sic] clients of Lamkin, which provides you the lowest numbers automatically."~~

zz. ~~On September 5, 2024, AT's counsel in Analytical Technologies LLC v. Starbucks Corp. emailed Ms. Lamkin and stated: "I . . . was hoping this case would just go away. Fingers still crossed."~~

aaa. ~~On January 8, 2025, AT's counsel in Analytical Technologies LLC v. Starbucks Corp. emailed Ms. Lamkin, claiming that "Baker Botts has developed a conflict of interest with Starbucks" and that "Baker Botts is~~

- 10 -

[REDACTED]

ddd.

eee.

fff.

ggg.

hhh.

iii.

jjj.

kkk.

lll. [REDACTED]

mmm. [REDACTED]

nnn. [REDACTED]

ooo. [REDACTED]

ppp. [REDACTED]

qqq. [REDACTED]

rrr. [REDACTED]

sss. [REDACTED]

ttt. [REDACTED]

uuu. [REDACTED]

vvv. [REDACTED]

www. [REDACTED]

xxx. [REDACTED]

- 12 -

yyy. [REDACTED]

zzz. [REDACTED]

aaaa. [REDACTED]

bbbb. [REDACTED]

cccc. [REDACTED]

dddd. [REDACTED]

eeee. [REDACTED]

ffff. [REDACTED]

gggg. [REDACTED]

hhhh. [REDACTED]

iiii. [REDACTED]

7.   **Issues of Fact Remaining to be Litigated.**

a.   Whether ~~Ms~~Defendant~~.~~ Lamkin is liable for defamation, and if so, what are the appropriate compensatory and/or punitive damages.~~defamed Mr. Rothschild by stating that "with Leigh Rothschid, we never get the money because the shells go bankrupt."~~

b.   Whether Defendant Lamkin's statement was false or misleading.

c.   Whether Defendant Lamkin made the statement maliciously.

~~a.~~d.Whether Defendant Lamkin's statement included defamatory content.

**Formatted:** Add space between paragraphs of the same style

e.   Whether Defendant~~Ms.~~ Lamkin is liable for tortious interference, and if so, what are the appropriate compensatory and/or punitive damages~~made the statement at issue knowing it was false or with reckless disregard for the falsity thereof ( acted with actual malice)~~.

f.   Whether each of Plaintiffs LMR and AT has business relationships with many patent owners and related entities that affords existing or prospective legal rights, including these Plaintiffs' efforts to acquire and license patents.

g.   Whether Defendant has knowledge of these business relationships.

h.   Whether by publishing false and defamatory statements about LMR and AT, Defendant has intentionally interfered with these relationships.

i.   Whether as a result of Defendant's publication of these false and defamatory statements, each of LMR and AT has suffered and continues to suffer damages, including but not limited to economic damage to business interests including hindering the ability to acquire and license patents and other intellectual property assets.

~~b.~~j.   Whether each of LMR and AT has suffered and continues to suffer irreparable injury because of Defendants' tortious interference.

~~e.      Whether Mr. Rothschild was damaged by Ms. Lamkin's defamation, and if so, the amount of any economic, reputational, rehabilitation, or emotional distress damages, if any.~~

~~d.      Whether Mr. Rothschild had an actual and identifiable understanding or agreement with a particular and identifiable party which in all probability would have been completed if Ms. Lamkin had not interfered.~~

~~e.      Whether Ms. Lamkin had knowledge of the existence of that relationship.~~

~~f.      Whether Ms. Lamkin acted unjustifiably by committing the tort of defamation against Mr. Rothschild by stating "with Leigh Rothschild, we never get the money because the shells go bankrupt."~~

~~g.      Whether Ms. Lamkin's alleged defamation induced or otherwise caused one of the parties to that relationship to terminate the relationship.~~

~~h.      Whether Ms. Lamkin intended to cause the breach of the relationship or acted knowing that her actions were likely to cause that result.~~

~~i.      Whether Ms. Lamkin's actions were not improper because they are not provably false and/or expressions of opinion, and thus protected by the First Amendment.~~

~~j.      Whether Mr. Rothschild was damaged by Ms. Lamkin's tortious interference, and if so, the amount of such damages.~~

~~k.      Whether Ms. Lamkin's interference is the legal cause of that damage.~~

**Formatted:** Add space between paragraphs of the same style

l. ~~Whether Analytical Technologies had an actual and identifiable understanding or agreement with a particular and identifiable party which in all probability would have been completed if Ms. Lamkin had not interfered.~~

m. ~~Whether Ms. Lamkin had knowledge of the existence of that relationship.~~

n. ~~Whether Ms. Lamkin acted unjustifiably by committing the tort of (insert) against Analytical Technologies.~~

o. ~~Whether Ms. Lamkin's alleged (tort) induced or otherwise caused one of the parties to that relationship to terminate the relationship.~~

p. ~~Whether Ms. Lamkin intended to cause the breach of the relationship or acted knowing that her actions were likely to cause that result.~~

q. ~~Whether Analytical Technologies was damaged by Ms. Lamkin's tortious interference, and if so, the amount of such damages.~~

r. ~~Whether Ms. Lamkin's interference is the legal cause of that damage.~~

> **Commented [KG1]:** Counsel: Please identify the basis for AT's allegations of tortious interference.

~~s.~~k.    Whether Mr. Rothschild and Analytical Technologies made an illegal, improper, or perverted use of the legal process to accomplish a purpose for which the process is not designed.

~~t.~~l.    Whether Mr. Rothschild's and Analytical Technologies' claims in this case have no basis of law or fact and are based on untrue allegations.

~~u.~~m.    Whether Mr. Rothschild and Analytical Technologies had an ulterior motive or purpose in exercising the legal process.

~~v.~~n.    Whether Ms. Lamkin was injured as a result of their actions, and if so, what amount of compensatory damages is she entitled to.

~~w.~~o.    Whether punitive damages are appropriate to punish Mr. Rothschild and/or Analytical Technologies and as a deterrent to others, and if so, in what amount.

8.    **Issues of Law on Which There Is Agreement (Local Rule 16.1(e)(7)).**

a.    This Court has subject matter jurisdiction based on diversity jurisdiction.

b.    This Court has personal jurisdiction over the parties for this matter alone.

c.    Venue is proper in this court for this matter alone.

d.    Where state law applies, Florida law governs. Where federal or constitutional law applies, the law of the Eleventh Circuit governs.

9.    **Issues of Law that Are Disputed.**

   a.    Issues of law raised in the Parties' pending motions identified in Section 4.

   b.    Whether Plaintiffs' claims fail as a matter of law [ECF No. 91].

   c.    Whether Defendant Lamkin is liable for defamation, and if so, what are the appropriate compensatory and/or punitive damages.

   d.    Whether Defendant Lamkin is liable for tortious interference, and if so, what are the appropriate compensatory and/or punitive damages.

   c.e.    Whether Ms. Lamkin is entitled to attorneys' fees and costs under Florida Statute § 768.295.

   d.    ~~Whether the "gist" of Ms. Lamkin's statement at issue may have a defamatory meaning.~~

   e.f.    Whether Mr. Rothschild is a limited public figure. *See Tovarian v. Rubic, LLC*, No. 24-14037-CIV-CANNON/Maynard, 2025 WL 747435, at \*3 (S.D. Fla. Mar. 10, 2025) ("Determining whether a plaintiff is a . . . limited public figure is a question of law for the court." (citing *Mile Marker, Inc. v. Peterson Publ'g, LLC*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002))).

   f.    ~~If the Court grants' Ms. Lamkin's motion to amend [ECF No. 69], whether the Court should void and set aside a fraudulent security interest created by Mr. Rothschild in favor of his wholly controlled entity, Patent Asset Management LLC via a UCC-1 Financing Statement filed on December 11, 2024, two weeks after commencing this lawsuit, encumbering ten pages of Mr. Rothschild's personal household goods, fine art, jewelry, electronics, and family items under the Florida Uniform Fraudulent Transfer Act (Florida Statute § 726.101 et seq.).~~

10.    **Trial Exhibits and Objections.**

Plaintiffs' proposed exhibit list and Ms. Lamkin's objections thereto is attached as

Exhibit A.

Ms. Lamkin's proposed exhibit list and Plaintiffs' objections thereto is attached as

Exhibit B. In addition to admissibility objections, Plaintiffs object to any proposed trial

exhibit which was not timely disclosed during discovery.

11.     **Parties' Witness Lists.**

  a.  **Plaintiffs' Witness List**

  [Insert]

| Name | Address | May/Will Call |
|---|---|---|
| Rachael Lamkin | c/o Brenton H. Cooper<br>Baker Botts LLP<br>700 K St., N.W.<br>Washington, D.C. 20001 | Will call live |
| Leigh M. Rothschild | c/o Stephen M. Lobbin<br>SML Avvocati, P.C.<br>888 Prospect St., Suite 200<br>La Jolla, CA 92037 | Will call live |
| Sameer Somal | c/o Stephen M. Lobbin | Will call live |
| Daniel Falcucci | c/o Stephen M. Lobbin | Will call live |
| Christina Arias | c/o Stephen M. Lobbin | Will call live |
| Reagan Rothschild | c/o Stephen M. Lobbin | Will call live |
| Rene Vazquez | c/o Stephen M. Lobbin | Will call live |
| Dr. David Levey, MD | c/o Stephen M. Lobbin<br>*7593 Boynton Beach Blvd.,<br>Suite 220<br>Boynton Beach, FL 33437 | Will call live |
| Dr. Gary J. Merlino, DO | c/o Stephen M. Lobbin<br>*4308 Alton Road #310<br>Miami Beach, FL 33140 | Will call live |
| Michael D. Felson | c/o Stephen M. Lobbin<br>*399 W. Palmetto Park Road,<br>Suite 102<br>Boca Raton, FL 33432 | Will call live |
| Andrew Silver | c/o Stephen M. Lobbin | Will call live |
| Richard Ehrlickman | c/o Stephen M. Lobbin<br>*799 Dover Street<br>Boca Raton, FL 33487 | Will call live |
| Dirk Tomsin | c/o Stephen M. Lobbin | Will call live |

| | | |
|---|---|---|
| Michael Shapiro | 1801 S. Bell St. Arlington, VA 22202 | Will call live |
| Adam M. Taylor | c/o Stephen M. Lobbin | Will call live |
| James Arkin | c/o Stephen M. Lobbin | Will call live |
| Patrick T. Muffo | 150 N. Riverside Plaza, Ste 3000 Chicago, IL 60606 | Will call live |
| Dario A. Machleidt | 1420 Fifth Avenue, Suite 3700 Seattle, Washington 98101 | Will call live |
| Connie Kazanjian | 10350 West Bay Harbor Drive, Unit 8TUV Bay Harbor Islands, FL 33154Presently unknown | Will call live |
| Barton G. Weiss | BGW Design Ltd.ESIGN LIMITED, INC. 2815 Evans Street Hollywood, FL 33020 | Will call live |
| Donald Barnes Mount Sinai Medical Center Chief Human Resources Officer | 4300 Alton Road Miami Beach, FL 33140, United States | Will call live |
| Kevin Herbert | 3883 TurqoiseTurquoise Way Apt 1417 Oakland, CA 94609 | Will call live |
| Begonia Blossom Herbert | Not found yet | Will call live |

To the extent that Defendant does not intend to bring any witness live to trial, or to the extent that they are unavailable, Plaintiffs reserve the right to call them by deposition or otherwise use their depositions as permitted under Rules 30 and 32.

**b.   Ms. Lamkin's Witness List**

| Name | Address | May/Will Call |
|---|---|---|
| Rachael Lamkin | c/o Brenton H. Cooper Baker Botts LLP 700 K St., N.W. | Will call live |

| | Washington, D.C. 20001 | |
|---|---|---|
| Leigh M. Rothschild | c/o Stephen M. Lobbin<br>SML Avvocati, P.C.<br>888 Prospect St., Suite 200<br>La Jolla, CA 92037 | Will call live |
| Daniel Falcucci | c/o Stephen M. Lobbin<br>SML Avvocati, P.C.<br>888 Prospect St., Suite 200<br>La Jolla, CA 92037 | Will call live or by deposition |
| Christina Arias | c/o Stephen M. Lobbin<br>SML Avvocati, P.C.<br>888 Prospect St., Suite 200<br>La Jolla, CA 92037 | Will call live |
| Constance Kazanjian | Kazanjian Consulting LLC<br>10350 West Bay Harbor<br>Drive, Apt. 8T<br>Bay Harbor Islands, FL<br>33154 | Will call live or by deposition |
| Sugouri Batra | 215 East 91st Avenue,<br>Apartment 14B<br>New York, NY 11428 | Will call by deposition |
| Shea Palavan | HoustonIP<br>5353 W. Alabama St.<br>Suite 303<br>Houston, TX 77056 | Will call by deposition |
| James Hughes | c/o Brenton H. Cooper<br>Baker Botts LLP<br>700 K St., N.W.<br>Washington, D.C. 20001 | May call live |

To the extent that Defendants do not intend to bring Mr. Rothschild, Mr. Falcucci, or Mr. Arias live to trial, or to the extent that they are unavailable, Ms. Lamkin reserves the right to call them by deposition or otherwise use their depositions as permitted under Rules 30 and 32.[3]

**12.     Trial Time.**

Plaintiffs estimate that the jury trial will take a total of 6 hours, split evenly between the parties.  Defendant Lamkin~~The parties~~ estimates that the jury trial will take 20 hours (with each

---

[3] In addition to admissibility objections, Plaintiffs object to any proposed witness not timely disclosed during discovery.

side receiving 10 hours in which to try their case), inclusive of opening statements and closing arguments but excluding jury selection. Defendant Lamkin~~The parties also~~ estimates that an additional day will be necessary for a bench trial on Ms. Lamkin's FUFTA claim should the Court grant her motion to amend [ECF No. 69].[4]  Plaintiffs note that Defendant Lamkin already agreed with the Court on the record that the FUFTA claim should be pursued, if at all, in a separate action which Defendant Lamkin has not filed.

13.     **Estimation of Attorneys' Fees.**

Plaintiffs are entitled to recover their costs, attorneys' fees and interest against Defendant Lamkin, which fees through trial will be no less than $2 million, and maybe more depending on issues that may arise at trial and for post-trial briefing.  Ms. Lamkin is entitled to recover her attorneys' fees and interest against Plaintiffs at the very least under Florida's Anti-SLAPP law. Ms. Lamkin estimates that attorneys' fees through trial will be no less than $2 million, and states that it may be more depending on issues that may arise at trial and for post-trial briefing.

Attached herewith as Exhibit C is a set of jury instructions proposed by Defendant Lamkin, including revisions/edits proposed by Plaintiffs.  Attached herewith as Exhibit D a special verdict form proposed by Defendant Lamkin, including revisions/edits proposed by Plaintiffs; however, Plaintiffs propose that a general verdict form on liability and damages would be more efficient and reasonable in this case.

**Formatted:** Body Text, Indent: First line:  0", Line spacing: single

---

[4] Per this Court's order [ECF No. 158], Ms. Lamkin does not at this time submit proposed findings of fact or conclusions of law in support of her FUFTA claim.

Dated: May 3, 2026                    Respectfully submitted,

Edward F. O'Connor (FL Bar No. 132223)
efo@avynolaw.com
**Law Offices Edward F. O'Connor**
104 Seabreeze Circle
Jupiter, Florida 33477

Stephen M. Lobbin (admitted *pro hac vice*)
sml@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 9203

Attorneys for Plaintiffs

Dated: May 1, 2026

Respectfully submitted,

/s/
Edward F. O'Connor
Florida Bar No. 132223
LAW OFFICES EDWARD F. O'CONNOR.
104 Seabreeze Circle
Jupiter, Florida 33477
T: 949-291-2894
efo@avynolaw.com

Stephen M. Lobbin (admitted *pro hac vice*)
SML AVVOCATI P.C.
888 Prospect Street, Suite 200.
San Diego, California 92037
T: 49-636-1391
sml@smlavvocati.com

*Attorneys for Plaintiffs*

/s/ DRAFT
Brenton H. Cooper
Florida Bar No. 1035909
BAKER BOTTS L.L.P.
700 K Street, N.W.

- 21 -

~~Washington, D.C. 20001~~
~~T: 202-639-1325~~
~~F: 202-639-7890~~
~~brent.cooper@bakerbotts.com~~

~~Paul R. Elliott (admitted *pro hac vice*)~~
~~Texas Bar No. 06547500~~
~~**BAKER BOTTS L.L.P.**~~
~~910 Louisiana St.~~
~~Houston, Texas 77002~~
~~T: 713-229-1226~~
~~F: 713-229-1522~~
~~paul.elliott@bakerbotts.com~~

~~Rachael D. Lamkin (admitted *pro hac vice*)~~
~~California Bar No. 246066~~
~~**BAKER BOTTS L.L.P.**~~
~~101 California Street~~
~~San Francisco, California 94111~~
~~T: 415-291-6264~~
~~F: 415-291-6364~~
~~rachael.lamkin@bakerbotts.com~~

~~Dario A. Machleidt (admitted *pro hac vice*)~~
~~**KILPATRICK TOWNSEND & STOCKTON LLP**~~
~~1420 Fifth Avenue, Suite 3700~~
~~Seattle, Washington 98101~~
~~T: 206-224-2857~~
~~cmachleidt@ktslaw.com~~

~~Kathleen R. Geyer (admitted *pro hac vice*)~~
~~**KILPATRICK TOWNSEND & STOCKTON LLP**~~
~~1420 Fifth Avenue, Suite 3700~~
~~Seattle, Washington 98101~~
~~T: 206-516-3094~~
~~kgeyer@ktslaw.com~~

~~*Attorneys for Defendant Rachael Lamkin*~~

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 3, 2026, a true and correct copy of the above document was provided to all counsel of record through the Court's CM/ECF system.