**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:24-cv-24669-DPG**

LEIGH M. ROTHSCHILD and
ANALYTICAL TECHNOLOGIES, LLC,

      *Plaintiffs*,

v.

STARBUCKS CORP. and
RACHAEL LAMKIN,

      *Defendants*.

---

**DEFENDANT RACHAEL LAMKIN'S EXPEDITED MOTION TO SEAL**

In connection with their cross-motions for summary judgment, the Parties previously agreed to, and the Court approved of, a procedure for addressing sealing issues where one party is filing information that the other party claims is confidential. The Plaintiffs did not comply with that agreed-to procedure. The same issue presented itself on May 1, 2026, when the Parties submitted their respective Pre-Trial Stipulations. Plaintiffs initially filed an unredacted submission that contained a settlement amount from separate litigation in which Ms. Lamkin represented a client, even though that settlement amount is required to be kept confidential pursuant to the relevant settlement agreement. When Ms. Lamkin alerted Plaintiffs to their mistake, they filed a Motion to Strike this unredacted version and filed a corrected version that redacts the settlement amount. The Court granted the Motion to Strike, but the unredacted version of the document was not deleted from the docket. On Thursday, May 14, counsel for Ms. Lamkin and for Plaintiffs spoke together by phone with the Court's CM/ECF Help Desk, who informed counsel that only a motion to seal can remove information from the docket.

To resolve these issues, to ensure the confidentiality that a third party (Ms. Lamkin's former client) negotiated and paid for, and to comply with the agreed-to procedure that Plaintiffs previously did not follow, Ms. Lamkin files this Motion, respectfully requesting that: (1) with respect to Plaintiffs' original, unredacted submission [ECF No. 162], the Court direct the clerk to replace ECF No. 162 with the document attached as Exhibit 1 to this Motion, which redacts the at-issue settlement amount (at page 6); and (2) keep the settlement amount, as it appears in the corrected version [ECF No. 165] (at page 6) (and any future filings that refer back to this corrected version) redacted/sealed indefinitely.

## I. FACTUAL BACKGROUND

### A. In connection with the Motions for Summary Judgment, the Parties agreed to, and the Court approved of, a procedure for sealing information that the opposing party claims is confidential.

Local Rule 5.4(b) provides that a litigant seeking to file a document under seal is to first "file and serve electronically via CM/ECF a motion to file under seal that sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the 'proposed sealed material') with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material." L.R. 5.4(b)(1). If this motion to seal is not yet ruled on by the time the moving party "elects or is required to publicly file a pleading, motion, memorandum, or other document that attaches or reveals the content of the proposed sealed material, then the moving party must redact from the public filing all content that is the subject of the motion to file under seal" while the motion to seal remains pending. *Id.*

Local Rule 5.4 does not expressly reference a situation in which one party files information that the opposing party (or, as here, a third party) contends is confidential. In these situations, Party A is filing the information and may be indifferent to whether it remains sealed—or even opposed

to sealing—and Party B, the non-filer, is the party asserting confidentiality concerns, either on its behalf or, as here, on behalf of a third party. The Protective Order [ECF No. 44] in the above-captioned case, at 8-9, also does not expressly reference the situation the Parties find themselves in.

This situation presented itself when the Parties filed their cross-motions for summary judgment [ECF Nos. 89, 91] and the Statements of Material Facts in support of the same [ECF Nos. 88, 90] on December 19, 2025. Specifically, Ms. Lamkin intended to file information that Plaintiffs had designated as confidential pursuant to the Protective Order that has been entered in this case. In the interest of clarifying the procedure—and as a courtesy to Plaintiffs, who maintained that this information was confidential in nature—on December 11, 2025, Ms. Lamkin proposed the following procedure to Plaintiffs' counsel:

- In her summary judgment filings, Ms. Lamkin would "redact[] information [that] Plaintiffs have design[at]ed as confidential" and immediately email both Plaintiffs' counsel "and the Court an unredacted version." Ex. 2, 12/11/2025 B. Cooper Email.

- "Then, within 14 days, Plaintiffs [would] file a Motion to Seal any or all the information designated as confidential, explaining why sealing is appropriate, and [Ms. Lamkin would] respond 14 days thereafter." *Id.*

- "The Court [would] then make a determination as to whether the unredacted copy should be filed publicly or under seal, and [the parties would] then re-file accordingly." *Id.*

The Parties' counsel further discussed this proposal on a meet and confer on December 12, 2025, and agreed to it on or around that date.

On December 18, 2025, the Court held a status conference. Among other issues discussed at the status conference, Ms. Lamkin described this agreement to the Court, and the Court indicated that this procedure was permissible. The next day, pursuant to this procedure, Ms. Lamkin provided unredacted versions of her Motion for Summary Judgment, Statement of Material Facts, and Exhibits thereto to the Court and to Plaintiffs. Ex. 3, 12/19/2025 B. Cooper Email (attachments

omitted). That email stated: "As discussed at yesterday's status hearing, Attorney Lamkin is providing the Court and Plaintiffs' counsel (cc'd here) with the unredacted versions of those documents, and the parties have agreed that the Plaintiffs will file a motion/memorandum within 14 days (by January 2) explaining why all or some of these redactions should remain under seal on the Court's public docket." *Id.* But Plaintiffs never filed the motion/memorandum contemplated by this agreement.

### B. The Parties' pre-trial stipulations involved a similar situation, yet Plaintiffs filed confidential information in unredacted form.

On May 1, 2026, Ms. Lamkin filed her own Pre-Trial Stipulation pursuant to Local Rule 16.1(f). *See* R. Lamkin's Pre-Trial Stipulation at 1-3 [ECF No. 163]. Some of the information contained in this filing was the same information that Ms. Lamkin had redacted in her prior summary judgment filings, again on the basis that Plaintiffs had marked that information as confidential. Accordingly, notwithstanding the fact that Plaintiffs never made the required filing stating why this information must be sealed, Ms. Lamkin redacted this information as a courtesy to Plaintiffs and to maintain the status quo. *See id.* at 7, 9-14.

Plaintiffs did not initially extend the same courtesy. Specifically, their own filing [ECF No. 162] did not redact information about a settlement amount that is, by the terms of the relevant settlement agreement entered into by one of Ms. Lamkin's clients in a prior matter, required to be kept confidential. Ms. Lamkin promptly alerted Plaintiffs to this problem. Two days later, Plaintiffs filed: (1) a corrected version of their Pre-Trial Stipulation [ECF No. 165], which redacts the settlement amount; and (2) a Motion to Strike the original submission [ECF No. 166]. The Court granted the Motion to Strike [ECF No. 169]. But the original Stipulation [ECF No. 162] remained on the docket. On Thursday, May 14, 2026, counsel for Ms. Lamkin and for Plaintiffs together

spoke by phone with the Court's CM/ECF Help Desk, who informed counsel that only a motion to seal can remove information from the docket.

To remedy this situation and to comply with the previously agreed-to procedure for sealing information that the opposing party claims is confidential, Ms. Lamkin files this Motion.

## II. ARGUMENT AND AUTHORITIES

"In this Circuit and in others, '[c]ourts have found that a company's interest in keeping the terms of confidential agreements private often outweigh[s] the interest in public access.'" *Leslie v. Wells Fargo Bank, N.A. (Inc.)*, No. 1:22-CV-03983-ELR-JEM, 2023 WL 7169098, at *1 (N.D. Ga. Apr. 12, 2023) (quoting *Lee v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-99-TCB-LTW, 2014 WL 12546415, at **3-4 (N.D. Ga. June 17, 2014) (collecting cases)). Indeed, courts within this circuit have "recognize[d] the strong interest in allowing parties to settle their disputes in private" and have accordingly found "good cause for filing [settlement agreements] under seal." *Leslie*, 2023 WL 7169098, at *2.[1]

---

[1] *See also Lee*, 2014 WL 12546415 at *1 (finding good cause to seal the parties' settlement agreement because they "agree[d] to keep it confidential and there is a strong societal interest in giving the parties the opportunity to settle their disputes in private") (collecting cases); *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010) ("Courts have found that a company's interest in the privacy of . . . the terms of confidential agreements, however, often outweighs the public right of access."); *CIBA Vision Corp. v. De Spirito*, No. 1:09-cv-01343-JOF, 2010 WL 11506773 at *1 (N.D. Ga. Oct. 4, 2010) ("[r]ecognizing the parties' desire to maintain the confidentiality of the settlement agreement" and granting the defendant's motion to file under seal portions of a response brief quoting a confidential settlement agreement, which the plaintiff was seeking to enforce); *see also United States ex rel. Petrowski v. Epic Sys. Corp.*, No. 8:15-cv-1408-T-30JSS, 2017 WL 5248421 at **1-3 (M.D. Fla. Nov. 13, 2017) (granting the defendant's motion to seal exhibits to the plaintiff's amended complaint); *see also George v. Wayman*, No. 15-14435-CIV, 2016 WL 8808774, at *1 (S.D. Fla. June 10, 2016), *report and recommendation adopted*, No. 15-14435-CIV, 2016 WL 8808775 (S.D. Fla. Aug. 31, 2016) ("This Court filed the Settlement Agreement under seal in order to preserve its confidentiality."); *Brayboy v. Malibu Motors, Inc.*, No. 11-CV-14060-KMM, 2012 WL 12861030, at *1 (S.D. Fla. Jan. 23, 2012) ("If the Parties intend to keep the settlement agreement confidential, they may file the settlement agreement as a sealed document.").

Accordingly, consistent with  this Circuit's case law and the terms of the settlement agreement, Ms. Lamkin respectfully requests that the Court: (1) direct the Clerk to replace ECF No. 162 with the document attached as Exhibit 1 to this Motion, which is an identical copy of ECF No. 162 except for the sole change of redacting the at-issue settlement amount (at page 6); and (2) keep the settlement amount, as it appears in both the new version of ECF No. 162 and in ECF No. 165 (at page 6 for both) ) (and any future filings that refer back to this corrected version), indefinitely redacted/sealed in light of its confidential nature. In support of these requests, Ms. Lamkin states as follows:

### III. CONCLUSION

Ms. Lamkin respectfully requests that the Court: (1) direct the Clerk to replace ECF No. 162 with the document attached as Exhibit 1 to this Motion, which is an identical copy of ECF No. 162 except for the sole change of redacting the at-issue settlement amount (at page 6); and (2) keep the settlement amount, as it appears in both the new version of ECF No. 162 and in ECF No. 165 (at page 6 for both) ) (and any future filings that refer back to this corrected version), indefinitely redacted/sealed in light of its confidential nature.

### Local Rule 7.1(d)(2) Statement

Ms. Lamkin respectfully requests that the Court act quickly to remove confidential information from the public docket. Specifically, Ms. Lamkin requests that the Court either (1) direct Plaintiffs to respond within forty-eight (48) hours; or (2) remove ECF No. 162 from the public docket (or replace it with Exhibit 1 to this Motion) in the interim while Plaintiffs respond within the time permitted by the Local Rules. This is necessary because confidential information remains accessible on the public docket and should be removed as soon as possible.

Dated: May 15, 2026

Respectfully submitted,

Dario A. Machleidt
Washington Bar No. 41860
*Admitted pro hac* vice
Kathleen R. Geyer
Washington Bar No. 55493
*Admitted pro hac* vice
**KILPATRICK TOWNSEND &
STOCKTON LLP**
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
T: (206) 224-2857
F: (206) 374-2199
dmachleidt@ktslaw.com
kgeyer@ktslaw.com

Kristin M. Adams
Georgia Bar No. 474008
*Admitted pro hac vice*
**KILPATRICK TOWNSEND &
STOCKTON LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
T: (404) 815-6138
F: (404) 541-3233
kmadams@ktslaw.com

*s/ Brenton H. Cooper*
Brenton H. Cooper
Florida Bar No. 1035909
**BAKER BOTTS L.L.P**.
700 K Street, N.W.
Washington, D.C. 20001
T: (202) 639-1325
F: (202) 639-7890
brent.cooper@bakerbotts.com

Paul R. Elliott (admitted *pro hac vice*)
Texas Bar No. 06547500
**BAKER BOTTS L.L.P.**
910 Louisiana St.
Houston, Texas 77002
T: (713) 229-1226
F: (713) 229-1522
paul.elliott@bakerbotts.com

Rachael D. Lamkin (admitted *pro hac vice*)
California Bar No. 246066
**BAKER BOTTS L.L.P.**
101 California Street
San Francisco, California 94111
T: (415) 291-6264
F: (415) 291-6364
rachael.lamkin@bakerbotts.com

*Attorneys for Defendant Rachael Lamkin*

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Plaintiffs' counsel via e-mail correspondence on May 14 and 15, 2026, regarding the relief sought in this Motion, and Plaintiffs are opposed.

/s/ *Brenton H. Cooper*
Brenton H. Cooper

7

## CERTIFICATE OF SERVICE

I hereby certify that, on May 15, 2026, a true and correct copy of the above document was provided to all counsel of record through the Court's CM/ECF system.

/s/ *Brenton H. Cooper*

Brenton H. Cooper