UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 1:24-cv-24669-DPG**

LEIGH M. ROTHSCHILD and
ANALYTICAL TECHNOLOGIES, LLC,

      *Plaintiffs*,

v.

STARBUCKS CORP. and
RACHAEL LAMKIN,

      *Defendants*.

---

**DEFENDANT RACHAEL LAMKIN'S MOTION FOR LEAVE TO FILE RESPONSES
AND OBJECTIONS TO PLAINTIFFS' UNILATERAL PRETRIAL DISCLOSURES**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................... 1

III.  LEGAL FRAMEWORK .................................................................................... 2

IV.   ARGUMENT ..................................................................................................... 3

      A.    Ms. Lamkin requests that this Court strike the majority of Plaintiffs' proposed uncontested facts. ......................................................................................... 3

      B.    The Court should grant Ms. Lamkin's request to file the accompanying objections and responses to Plaintiffs' alleged disputes of facts it previously admitted, issues of fact remaining to be litigated, issues of law that are disputed, witness list, exhibits, jury instructions, and verdict form. ........................................................ 5

            a.    Issues of fact remaining to be litigated. ...................................................... 5

            b.    Issues of law that are disputed. .................................................................. 7

            c.    Witnesses. ................................................................................................. 7

            d.    Exhibits. .................................................................................................... 8

            e.    Jury instructions and verdict form. ............................................................ 9

V.    CONCLUSION ................................................................................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agostinacchio v. Heidelberg Eng'g, Inc.*,
   No. 0:18-CV-60935-UU, 2019 WL 3243408 (S.D. Fla. Feb. 5, 2019) ......................................6

*Bowen, Miclette & Britt of Fla., LLC v. James*,
   No. 6:12-cv-306ORL28KRS, 2013 WL 12158117 (M.D. Fla. May 9, 2013).........................2

*Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*,
   752 F. Supp. 2d 1271 (S.D. Fla. 2010) ...................................................................................6

*Cohen v. Off. Depot, Inc.*,
   184 F.3d 1292 (11th Cir. 1999), *opinion vacated in irrelevant part on reh'g*,
   204 F.3d 1069 (11th Cir. 2000) ..............................................................................................5

*Garcia v. Acosta Tractors Inc.*,
   No. 1:12-CV-21111, 2019 WL 13470241 (S.D. Fla. June 11, 2019)......................................3

*Ravendo v. PMG Holdings, Inc.*,
   No. 2:07-cv-00554, 2008 WL 11388679 (D. Nev. Nov. 19, 2008).........................................2

*Santeiro v. Wacko's Too, Inc.*,
   No. 3:17-CV-1233-J-25PDB, 2019 WL 12523745 (M.D. Fla. May 2, 2019).........................2

*Tabarestani v. Walmart Inc.*,
   No. 18-62963-CIV, 2020 WL 10058152 (S.D. Fla. Jan. 6, 2020)..........................................2

*Topp, Inc. v. Uniden Am. Corp.*,
   No. 05-21698-CIV, 2008 WL 938880 (S.D. Fla. Apr. 7, 2008)..............................................6

**Other Authorities**

Local Rule 16.1(e)(5)....................................................................................................................3

Local Rule 16.1(e)(9)....................................................................................................................8

Local Rule 16.1(f).........................................................................................................................2

## I.   INTRODUCTION

On May 3, 2026, Plaintiffs filed their corrected pretrial stipulation. [ECF No. 165.] Although styled as a "joint" submission, Plaintiffs submitted a unilateral stipulation (as did Ms. Lamkin). In their filing, Plaintiffs delete, respond to, and object to Ms. Lamkin's proposed uncontested facts, legal and factual issues remaining to be litigated, witnesses, exhibits, and jury instructions. Ms. Lamkin, however, has not been given the opportunity to provide her responses and objections to Plaintiffs' proposals, which they first served on her at noon Eastern on the May 1 due date. [ECF No. 163-1 at 5.][1] Accordingly, through this motion, Ms. Lamkin requests that the Court:

1.  Strike the majority of Plaintiffs' proposed uncontested facts because they are in fact contested, consistent with her responses and objections below and in accompanying Exhibit 2.

2.  Grant Ms. Lamkin's request to file her objections and responses to Plaintiffs' issues of fact remaining to be litigated, issues of law that are disputed, exhibits, witnesses, and redlined jury instructions and verdict form. Ms. Lamkin attaches to this motion as Exhibits 3–8 each of her proposed objections and responses.

## II.   FACTUAL BACKGROUND

This Court set May 1, 2026, as the deadline for the parties to file their proposed joint pretrial stipulation. Although she is the defendant, Ms. Lamkin offered to prepare initial drafts of each of the parties' joint submissions due May 1. [ECF No. 154 at 12–13; ECF No. 163-1 at 4.] She proposed various interim deadlines for Plaintiffs to respond and that would allow the parties to provide the Court with a joint submission. [ECF No. 154 at 12–13.] Plaintiffs, however,

---

[1] The time stamps in ECF 163-1 are Pacific time.

1

neither responded nor countered with their own exchange proposal. *Id.* Rather, on the May 1 due date, Plaintiffs served redlined versions of Ms. Lamkin's original drafts. *Id.* at 5.

Unable to reach agreement, the parties filed unilateral submissions under Local Rule 16.1(f). [ECF Nos. 162–165.] In their initial, unilateral stipulation, Plaintiffs failed to redact confidential information. [ECF No. 162.] Upon prompting from Ms. Lamkin's team, they moved to strike their own stipulation and re-filed a redacted version a few days later. [ECF Nos. 165 & 166.]

The parties met and conferred on May 11, 2026 regarding this motion. Plaintiffs oppose, contend that this should be filed as a joint submission, yet provide no realistic path to prepare and get such a stipulation on file. Because the deadline for filing a joint filing passed and the parties submitted unilateral pretrial stipulations under Local Rule 16.1(f), Ms. Lamkin proceeds under that rule.

## III.    LEGAL FRAMEWORK

This Court's Local Rule 16.1(f) permits parties to "file and serve separate proposed pretrial stipulations not later than . . . seven (7) days prior to the call of the calendar, with a statement of reasons no agreement was reached thereon." The Local Rules, however, do not specify how parties should respond to each other's unilateral filings. Parties addressing similar rules have moved to strike and/or sought leave to respond to unilateral pretrial statements. *See, e.g.*, *Ravendo v. PMG Holdings, Inc.*, No. 2:07-cv-00554, 2008 WL 11388679 (D. Nev. Nov. 19, 2008); *see also Bowen, Miclette & Britt of Fla., LLC v. James*, No. 6:12-cv-306ORL28KRS, 2013 WL 12158117 (M.D. Fla. May 9, 2013) (party moved to strike); *Tabarestani v. Walmart Inc.*, No. 18-62963-CIV, 2020 WL 10058152 (S.D. Fla. Jan. 6, 2020) (same); *Santeiro v.*

2

*Wacko's Too, Inc.*, No. 3:17-CV-1233-J-25PDB, 2019 WL 12523745 (M.D. Fla. May 2, 2019) (same).

## IV.   ARGUMENT

### A.   Ms. Lamkin requests that this Court strike the majority of Plaintiffs' proposed uncontested facts.

Local Rule 16.1(e)(5) requires the parties to provide a "concise statement of uncontested facts which will require no proof at trial, with reservations, if any." "This is not regarded as a *pro forma* requirement. Counsel shall carefully prepare the joint statement after reviewing all admissions contained in the pleadings and in discovery. The purpose of the statement is to eliminate unnecessary testimony from witnesses on undisputed matters of fact. The statement shall be read to the jury after opening statements." *Garcia v. Acosta Tractors Inc.*, No. 1:12-CV-21111, 2019 WL 13470241, at *10 (S.D. Fla. June 11, 2019). Following this guidance, Ms. Lamkin drew many of her proposed, uncontested facts from the parties' identification of undisputed facts during summary judgment, uncontested facts in the pleadings, responses to requests for admission, and similar admissions in discovery. *See* Exhibit 1. Lamkin's uncontested facts include facts that Plaintiffs admitted are undisputed. [*Compare* ECF No. 88 at 2–10 ¶¶ 1–62, *with* ECF No. 134 at 1–4 ¶¶ 1–62; *compare* ECF No. 103 at 6–10 ¶¶ 13–55, *with* ECF No. 111 at 1–3 ¶¶ 13–55.]

Plaintiffs, conversely, identified as proposed uncontested facts legal arguments, opinions, and actually contested facts. Nearly every fact listed under Plaintiffs' "undisputed facts" is, in fact, disputed. For instance, Plaintiffs treat their argument that Ms. "Lamkin uses intimidation tactics to settle her patent litigation cases" as an alleged uncontested fact. [ECF No. 165 ¶ 6.r.] In addition to being improper argument and not fact, this statement contradicts the record in this case. When asked whether her intention during the Starbucks infringement matter was "to

3

intimidate Mr. Rothschild," Ms. Lamkin responded "No." [ECF No. 89-3 (Lamkin Tr.), at 110:13–20]. Nothing else in the record supports this improper, and incorrect, argument, and Plaintiffs provided no justification for their inclusion of this alleged "fact."

Other proposed "undisputed facts" directly contradict Plaintiffs' own admissions. For example, Plaintiffs posit, "Neither Plaintiff LMR nor any of the companies he is involved with has ever owed any of the Defendants any money for them to 'get.'" [ECF No. 165 ¶ d.] But Plaintiffs do not dispute that two of Rothschild's entities did owe third-party defendants their attorneys' fees, and they never paid. For instance, Lamkin's Separate Statement of Undisputed Fact No. 13 states, "Neither RDC nor PAM ever paid CompanyCam its attorneys' fees." [ECF No. 88, at 4, No. 13]. Plaintiffs responded to this fact, "undisputed". [ECF No. 134, at 3, No. 13].

As another example Plaintiffs argued in their pretrial stipulation that Ms. "Lamkin testified in her deposition [in this defamation action] that there have been times where she talked to [Plaintiff Rothschild] off the record while he was not being deposed." [ECF No. 165 ¶ 6.y.] As Plaintiffs know, this is untrue; and it is certainly not undisputed.[2] Ms. Lamkin testified that she is "not aware of any off-the-record conversations with Mr. Rothschild with the exception of last month when I took his deposition in Miami" as part of this defamation case. [ECF No. 89-3 (Lamkin Tr.), at 140:23–141:1.] "But other than in Miami when we were in person, [Ms. Lamkin has] never had an off-the-record conversation with Mr. Rothschild." *Id.* at 141:4–6; *see also id.* at 150:2–8 ("I do not believe Mr. Rothschild and I exchanged pleasantries in Miami, but I cannot

---

[2] This undisputed fact purportedly supports Plaintiffs' accusation that Ms. Lamkin threatened to "bankrupt" Mr. Rothschild while the two were off the record and on a break during a deposition. [*See, e.g.*, ECF No. 1 ¶ 20.] This did not happen—including because the Zoom deposition where she allegedly threatened Rothschild *did not have any breaks*. *See, e.g.*, Ex. 9 (Palavan Tr.) at 56:4–18.

4

say for sure. I know I never spoke with him outside your presence . . . I don't believe Mr. Rothschild and I exchanged pleasantries in the Miami deposition.").

Exhibit 2 sets forth the allegedly uncontested facts Plaintiffs included in their stipulation that Ms. Lamkin considers to be still in dispute and, accordingly, that she requests the Court strike from any statement to be read to the jury.

> **B.   The Court should grant Ms. Lamkin's request to file the accompanying objections and responses to Plaintiffs' alleged disputes of facts it previously admitted, issues of fact remaining to be litigated, issues of law that are disputed, witness list, exhibits, jury instructions, and verdict form.**

> **a.   Issues of fact remaining to be litigated.**

Ms. Lamkin objects to Plaintiffs' edits to her proposed outstanding issues of fact and the addition of legally incorrect (and unnecessary) issues remaining to be litigated. Ms. Lamkin summarizes a few of her objections (*see* Exhibit 3) below:

Defamation. Plaintiffs' revisions to Ms. Lamkin's summary of the defamation-related issues remaining to be litigated include numerous statements contrary to law. [ECF No. 16 at 13 ¶¶ 7.a–d.] Substantively, Plaintiffs include an issue that they long since waived: punitive damages. "Punitive damages are a remedy, so under the rule a request for them should be included in the complaint." *Cohen v. Off. Depot, Inc.*, 184 F.3d 1292, 1297–98 (11th Cir. 1999), *opinion vacated in irrelevant part on reh'g*, 204 F.3d 1069 (11th Cir. 2000). Plaintiffs' complaint, however, does not reference punitive damages. *See generally* [ECF No. 1]. Plaintiffs therefore cannot seek punitive damages for defamation at trial having never pled or sought them earlier in the case. *See* [ECF No. 144 at 11–14.]

Tortious interference. First, Plaintiffs also introduce a request for "punitive damages" under their tortious interference-related facts to be litigated. [ECF No. 165 at 14 ¶¶ 7.e–j.] As with their defamation claim, Plaintiffs' attempt to add this request in the pretrial stage is too late.

"Plaintiff likewise should have moved to add a punitive damages claim to Count III for tortious interference" earlier in the case, and at "this stage of the litigation and under these circumstances, it is too late for Plaintiff to seek punitive damages." *Topp, Inc. v. Uniden Am. Corp.*, No. 05-21698-CIV, 2008 WL 938880, at *1 (S.D. Fla. Apr. 7, 2008) (denying plaintiff's motion for leave to seek punitive damages); *see also* [ECF No. 144 at 11–14].

Second, Plaintiffs' identification of the business relationship purportedly interfered with is insufficient because Plaintiffs do not name the specific persons or entities with which they had a business relationship. Plaintiffs are required to specify in detail the persons or entities involved in a business relationship with Plaintiffs that Ms. Lamkin allegedly interfered with. Instead, they rely on Plaintiffs' alleged relationships with the general category of "many patent owners and related entities." [ECF No. 165 at 14 ¶ 7.f.] This is a deficient identification for purposes of Plaintiffs' interference claim. *See* [ECF No. 122 at 8] (finding Plaintiffs' identification of "patent owners and related entities" in the complaint "does not specifically identify each of the relationships alleged interference with"); *see also Agostinacchio v. Heidelberg Eng'g, Inc.*, No. 0:18-CV-60935-UU, 2019 WL 3243408, at *10 (S.D. Fla. Feb. 5, 2019) (finding insufficient the allegation that a defendant interfered with "actual and prospective customers" and stressing that, "[w]hile Heidelberg need not plead an exhaustive description of each client, it must at least plausibly allege the existence of those customers via some description"); *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (Lucky's allegation that it was planning to sell its sunglasses to "various customers" is too vague and abstract to satisfy the first element of a tortious interference claim).

Ms. Lamkin includes as attached Exhibit 3 her objections and responses to Plaintiffs' issues of fact remaining to be litigated.

6

**b.      Issues of law that are disputed.**

Plaintiffs added two issues of law that are in fact issues of fact. In addition, Plaintiffs struck two of Ms. Lamkin's issues of disputed law without explanation. Ms. Lamkin includes as attached Exhibit 4 her objections and responses to Plaintiffs' issues of law allegedly remaining in dispute.

**c.      Witnesses.**

In a footnote to their pretrial stipulation, Plaintiffs state that they "object to any proposed witness not timely disclosed during discovery." [ECF No. 165 at 19 n. 3.] Lamkin did not identify any witnesses not disclosed in discovery. Instead, and despite their own objections, Plaintiffs include six new "witnesses not timely disclosed during discovery." The list of new witnesses includes Ms. Lamkin's trial counsel, Dario Machleidt, and other persons never previously identified. [ECF No. 165 at 18.]

Based on Plaintiffs' untimely inclusion on their exhibit list of pleadings from the ongoing case *Herbert et al. v. Kazanjian*, a lawsuit pending since 2022, they appear poised to call two undisclosed witnesses—Begonia Herbert and Kevin Herbert—to undermine the credibility of Ms. Constance Kazanjian, Mr. Rothschild's former business partner. Ms. Lamkin disclosed Ms. Kazanjian on her witness list on June 20, 2025. Ex. 10 (Lamkin Witness List) at 2. Even though discovery did not close until almost sixth months after Ms. Kazanjian was disclosed [ECF No. 25 at 2], Plaintiffs did not identify Begonia Herbert or Kevin Herbert during fact discovery, nor did they produce any information about the *Herbert et al. v. Kazanjian* lawsuit. Plaintiffs' belated disclosure prejudices Ms. Lamkin at the very least because she was unable to depose these new witnesses.

Ms. Lamkin includes as attached Exhibit 5 her objections and responses to Plaintiffs' witnesses. Ms. Lamkin reserves the right to add or amend her objections to Plaintiffs' witnesses, including because as of today, it remains unclear who some of the newly added individuals are and the purported scope of their testimony at trial.

### d.  Exhibits.

Ms. Lamkin includes as attached Exhibit 6 her objections and responses to Plaintiffs' Exhibits.[3]

In addition, Ms. Lamkin requests that Plaintiffs' objections to her exhibit list be deemed waived. Local Rule 16.1(e)(9) states that the pretrial stipulation must include "[e]ach party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information and thing." The Rule also informs parties that "the following [objection] codes should be used:

A–Authenticity

I–Contains inadmissible matter (mentions insurance, prior conviction, etc.)

R–Relevancy

H–Hearsay

UP–Unduly prejudicial-probative value outweighed by undue prejudice

P–Privileged[.]"

Plaintiffs listed each of these objections in response to every single one of Ms. Lamkin's trial exhibits. Indeed, Plaintiffs raised these objections—including relevance, undue prejudice,

---

[3] Plaintiffs' exhibit list failed to comply with Local Rule 16.1(e)(9) because it did not "identify those [exhibits] which the party expects to offer and those which the party may offer if the need arises."

8

and privilege—to the allegedly defamatory Bloomberg article that is the basis for their

defamation claim:

| TRIAL EX. # | BEGBATES | ENDBATES | DESCRIPTION | AUTHENTICITY | ADMISSIBILITY | OBJECTION | ADMITTED |
|---|---|---|---|---|---|---|---|
| | LAMKIN_001162 | LAMKIN_001165 | 10/10/2024 Bloomberg article entitled, "Starbucks Levels Fraud Claim in New Tactic to Fight Patent Suit," by Michael Shapiro (Dkt. 1-1) | | | A,I,R,H,UP,P | |

[ECF No. 165-2 at 12; *see generally* ECF No. 165-2.] Plaintiffs' objections to every document

on every basis does not show a good faith attempt to comply with the Rule's requirement that

parties "include[e] the basis of all objections to each document," and prejudices Ms. Lamkin as

she prepares for trial. Therefore, Ms. Lamkin requests that Plaintiffs' blanket objections be

deemed waived.

### e.       Jury instructions and verdict form.

Ms. Lamkin includes as attached Exhibits 7–8 her objections and responses to Plaintiffs'

revisions to the jury instructions and verdict form originally prepared and served by Ms. Lamkin.

### V.       CONCLUSION

Ms. Lamkin respectfully asks that her requested relief be granted.

Dated: May 15, 2026

Respectfully submitted,

/s/ /s/ Brenton H. Cooper

| | |
|---|---|
| Dario A. Machleidt | Brenton H. Cooper |
| Washington Bar No. 41860 | Florida Bar No. 1035909 |
| *Admitted pro hac* vice | **BAKER BOTTS L.L.P.** |
| Kathleen R. Geyer | 700 K Street, N.W. |
| Washington Bar No. 55493 | Washington, D.C. 20001 |
| *Admitted pro hac vice* | T: 202-639-1325 |
| **KILPATRICK TOWNSEND** | F: 202-639-7890 |
| **& STOCKTON LLP** | brent.cooper@bakerbotts.com |
| 1420 Fifth Avenue, Suite 3700 | |
| Seattle, Washington 98101 | Paul R. Elliott (*admitted pro hac vice*) |

<table>
<tr><td>T: (206) 224-2857</td><td>Texas Bar No. 06547500</td></tr>
<tr><td>F: (206) 374-2199</td><td>**BAKER BOTTS L.L.P.**</td></tr>
<tr><td>dmachleidt@ktslaw.com</td><td>910 Louisiana St.</td></tr>
<tr><td>kgeyer@ktslaw.com</td><td>Houston, Texas 77002</td></tr>
<tr><td></td><td>T: 713-229-1226</td></tr>
<tr><td>Kristin M. Adams</td><td>F: 713-229-1522</td></tr>
<tr><td>Georgia Bar No. 474008</td><td>paul.elliott@bakerbotts.com</td></tr>
<tr><td>*Admitted pro hac vice*</td><td></td></tr>
<tr><td>**KILPATRICK TOWNSEND**</td><td>Rachael D. Lamkin (*admitted pro hac vice*)</td></tr>
<tr><td>**& STOCKTON LLP**</td><td>California Bar No. 246066</td></tr>
<tr><td>1100 Peachtree Street NE, Suite 2800</td><td>**BAKER BOTTS L.L.P.**</td></tr>
<tr><td>Atlanta, Georgia  30309</td><td>101 California Street</td></tr>
<tr><td>T:  (404) 815-6138</td><td>San Francisco, California 94111</td></tr>
<tr><td>F:  (404) 541-3233</td><td>T: 415-291-6264</td></tr>
<tr><td>kmadams@ktslaw.com</td><td>F: 415-291-6364</td></tr>
<tr><td></td><td>rachael.lamkin@bakerbotts.com</td></tr>
</table>

*Attorneys for Defendant Rachael Lamkin*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 15, 2026 true and correct copy of the above document was provided to all counsel of record through the Court's CM/ECF system.

/s/ *Brenton H. Cooper*
Brenton H. Cooper

10