**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:24-cv-24669-DPG**

**Leigh M. Rothschild**, an individual
citizen of Florida, and **Analytical
Technologies, LLC**, a Wyoming
company,

               Plaintiffs,

      v.

**Starbucks Corporation**, a
Washington corporation, and
**Rachael Lamkin**, an individual
citizen of California,

               Defendants.

                          /

**DECLARATION OF STEPHEN M. LOBBIN IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR BRIEF CONTINUANCE OF TRIAL DATE**

I, Stephen M. Lobbin, declare and state as follows:

1.      I am an attorney with SML Avvocati P.C., counsel for Plaintiffs in the above-referenced action along with Mr. Edward F. O'Connor, who is local counsel.  I have personal knowledge of the facts stated herein, and if called to testify as a witness, I could and would testify competently thereto.

2.      On February 4, 2026 the parties appeared in person before Magistrate Judge Shaw-Wilder, who heard argument on several key dispositive motions concerning all claims and issues in the case.  *See* ECF Nos. 47, 69, 82, 89, 91 and 115.  At the hearing, Judge Shaw-Wilder stated her intention to have decisions on the motions completed promptly, because of the fast

1

case schedule and the periods for objections and responses (and this Court's review) following each Report and Recommendation under 28 U.S.C. § 636(b)(1).

3.      Indeed, the next day on February 5, 2026, Judge Shaw-Wilder completed a Report and Recommendation concerning Defendant's Motion for Judgment on the Pleadings, which determination this Court ultimately confirmed about five weeks later on March 13, 2026, following objections and responses, etc.  *See* ECF No. 135 at 2 ("After conducting a *de novo* review of the record, the Court agrees with Judge Shaw-Wilder's well-reasoned analysis and conclusions . . . .").

4.      Because in the intervening 3+ months the parties received no other decisions from Judge Shaw-Wilder, in late June 2026 I contacted her Chambers, who was kind enough to set a status conference promptly for July 6, 2026.  On the videoconference that day, Judge Shaw-Wilder advised the parties of her mis-impression that the July 27, 2026 trial date already had been continued, which is why she had not yet completed any other decisions on the many dispositive motions argued in February 2026.  Upon learning that there was not yet a continuance of the July 27, 2026 trial date, Judge Shaw-Wilder apologized to the parties and advised that she would work promptly and expeditiously to complete her decisions on all pending and argued motions by the week of July 13, 2026.

5.      Judge Shaw-Wilder also reminded the parties of the objection and response periods under 28 U.S.C. § 636(b)(1), and this Court's required review, following any Report and Recommendation.  Judge Shaw-Wilder asked whether the parties would stipulate to a brief continuance of the trial date to allow for the Report and Recommendation process to be completed before trial, which would be the most efficient course.  Plaintiffs stated their agreement and desire for a trial continuance, while Defendant opposed any continuance.  I

mentioned that perhaps Judge Shaw-Wilder and Judge Gayles might have a conversation about the case status and the most efficient course for this action, including a brief continuance of the trial date, as requested herein.

6. In addition to gaining the benefit (before trial) of Judge Shaw-Wilder's expedited hard work and decisions on the many still-pending dispositive motions, which likely would streamline significantly the trial time and issues for decision by the Court and jury, a continuance also would alleviate a conflict that has developed in my schedule and the schedules of several trial witnesses.

7. My conflict is that on July 28, 2026, I must be present in person in Santa Ana, California to attend and argue a preliminary injunction motion for a client in the trademark infringement case *Miramar Brands Group, Inc. v. Rag & Bone Holdings, LLC et al.*, Case No. 8:26-cv-00011-MRA-BFM (C.D. Cal.). The preliminary injunction motion was noticed for hearing on July 21, 2026, but *sua sponte* the judge continued the hearing date to July 28, 2026. Attached herewith as Exhibit A is a true and correct copy of the court's order. Because the preliminary injunction motion is necessarily based on a required showing of irreparable harm, the hearing date cannot be continued without causing potential prejudice to my other client.

8. Local counsel in this action, Mr. Edward F. O'Connor, also has a trial scheduled in California for another client starting August 7, 2026. Mr. O'Connor is scheduled to be in California starting July 19, 2026 for trial preparation activities. This presents another conflict with this action if no continuance is permitted.

9. Based on the foregoing circumstances believed by Plaintiffs to substantiate good cause for a brief continuance of the July 27, 2026 trial date, Plaintiffs request that this Court consult with Judge Shaw-Wilder and discuss a brief continuance of the trial date in this action in

3

order to (a) complete the Report and Recommendation process for the pending, dispositive motions, and (b) allow the parties additional time to ensure that all counsel and witnesses will be available and present for trial, if necessary, following the resolution of all summary judgment issues by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called to testify, I could and would competently do so.

Executed on this 12th day of July 2026 at San Diego, California.

*Stephen Lobbin*

__/s/ Stephen M. Lobbin_____

4