UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-24669-DPG

LEIGH M. ROTHSCHILD and
ANALYTICAL TECHNOLOGIES, LLC,

     *Plaintiffs*,

v.

STARBUCKS CORP. and
RACHAEL LAMKIN,

     *Defendants*.

---

**DEFENDANT RACHAEL LAMKIN'S
OPPOSITION TO PLAINTIFFS' MOTION TO CONTINUE JURY TRIAL**

Ms. Rachael Lamkin opposes Plaintiffs' request to delay the trial date.

## ARGUMENT

The Court should deny Plaintiffs' Motion. In response to Plaintiffs' prior motions for extensions to the pretrial deadlines, this Court made clear that it "does not find good cause to further extend" those deadlines. [*See* ECF Nos. 139, 158; *see also* ECF No. 173.] This Court's rulings—from March, April, and May of this year—equally apply to Plaintiffs' current request to extend the long-set trial date. Plaintiffs acknowledged in their April 16, 2026 request that although "dispositive motions [were] pending," including a "*Daubert* motion," an "extension" of the "Trial Calendar beginning July 27, 2026" was not "necessary." [ECF No. 154.] Nothing has changed since April that rises to the level of "good cause" to reverse course and delay trial for months.

First, the "fact that a summary judgment motion is pending does not provide good cause for further extending the mediation deadline *and delaying the trial* in this matter." *Flynn v. Polk Cnty.*, No. 8:11-CV-2054-T-33AEP, 2013 WL 425834, at *2 (M.D. Fla. Feb. 4, 2013) (emphasis added) (denying agreed motion for extension). Plaintiffs acknowledge that resolution of the pending motions will only "streamline" the "trial time and issues" for the Court to decide. [ECF No. 180 at 3.] And as Plaintiffs have repeatedly stressed, this is a "straightforward" case. [*See, e.g.*, ECF Nos. 89 at 2, 165 at 1.] The parties have prepared proposed jury instructions, verdict forms, and witness and exhibit lists based on the assumption that the case at trial will look like the case does today, and thus adjusting to the Court's rulings on summary judgment and *Daubert* should be straightforward and not present any undue challenges for the parties. [ECF Nos. 163, 164, & 165, 165 at 19 ("Plaintiffs estimate that the jury trial will take a total of 6 hours, split evenly between the parties.").]

2

Second, Plaintiffs' counsel's (Stephen Lobbin) "preliminary injunction" hearing on July 28 is not good cause. [ECF No. 180 at 3.] As Ms. Lamkin explained when Plaintiffs previously sought an extension based on Mr. Lobbin's earlier conflicts that had developed during this case, "conflicting work obligations are an insufficient excuse to seek 'an extension of the case management deadlines in the scheduling order . . . .'" [ECF No. 155 (quoting *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179 (D. Nev. 2022)).] Further, as Plaintiffs' own filing shows, there are other lawyers at Mr. Lobbin's firm—including Joshua Osborn—representing the client at the upcoming preliminary injunction hearing. [ECF No. 180-2 at 2 ("Joshua Osborn" with email at "jno@smlavvocati.com").]

Plaintiffs argue that Mr. Lobbin's "preliminary injunction motion was noticed for hearing on July 21, 2026, but *sua sponte* the judge continued the hearing date to July 28, 2026." [ECF Nos. 180 at 3 & 180-1, ¶7.] The order from Mr. Lobbin's other case, however, shows that the California court reset the preliminary injunction hearing *on June 9*. [ECF No. 180-2 ("The following transaction was entered on *6/9/2026*" (emphasis added)).] In the 33 days following that order, Neither Plaintiffs nor Mr. Lobbin informed this Court of this new development, which once more shows that they did not act promptly.

Third, and for the same reasons that Mr. Lobbin's arguments fail, Mr. Edward O'Connor's conflicting trial obligations in California are an insufficient reason to continue this Court's long-set July 27 trial date. *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1179 (conflicting work obligations are an "insufficient basis to modify case management deadlines"); *see also Carvalho-Knighton v. Univ. of S. Fla. Bd. of Trs.*, No. 8:14-CV-1097-T-35TGW, 2016 WL 7666152, at *1 (M.D. Fla. Feb. 16, 2016) (finding "plaintiff's counsel's busy schedule does not provide adequate justification" for modifying the scheduling order). Plaintiffs do not offer any details regarding Mr.

O'Connor's upcoming trial in California—such as the case caption, the parties involved, or the specific court where the action is pending. [*See* ECF Nos. 180 at 3 and 180-1 at ¶8.] Plaintiffs have therefore prevented Ms. Lamkin and the Court from analyzing the actual nature of this perceived conflict, including whether Plaintiffs could have raised their concern earlier than two weeks before trial in this case.

Fourth, Plaintiffs refer to a "conflict that has developed in the . . . schedules of several trial witnesses." [ECF No. 180 at 3 (citing Lobbin Decl., ¶ 6).] But in neither their motion nor the Lobbin declaration do Plaintiffs explain (a) which trial witnesses have an alleged conflict, (b) what that conflict is, (c) why that conflict was unavoidable when they knew trial that has been set for months, or (d) why Plaintiffs and their witnesses could not have raised this issue earlier with the Court. L.R. 7.6 (explaining that the Court *may* grant a continuance when a request is made "at the earliest practical date prior to the trial").

Plaintiffs' own inaction since the July 6 status conference confirms a delay is unnecessary. Despite stressing to Judge Shaw-Wilder that Plaintiffs would need—and indeed, seek—a delay of the trial date until September/October 2026, they waited seven days after the conference before filing their motion. [ECF No. 180 at 2, 4 (Plaintiffs' July 12 motion for continuance referencing the "status conference" held on "July 6, 2026").] Such lack of urgency with trial two weeks away means Plaintiffs did not comply with Local Rule 7.6's mandate to "serve[] and file[]" a request for continuance "at the earliest practical date prior to the trial." L.R. 7.6 ("upon written notice served and filed *at the earliest practical date prior to the trial*, . . . *and supported by affidavit setting forth a full showing of good cause*, a continuance may be granted by the Court").

The Court should deny Plaintiffs' motion for an additional reason they ignore: delaying trial will impose undue prejudice on Ms. Lamkin. For nearly two years, the unresolved question

4

Case 1:24-cv-24669-DPG   Document 181   Entered on FLSD Docket 07/13/2026   Page 5 of 7

of whether she is liable for defamation—or whether Mr. Rothschild abused the legal system by accusing her of defamation—has disrupted her livelihood. The time is now for a jury to resolve this question and allow her to take whatever next steps are necessary to vindicate her name.

Dated: July 13, 2026

Respectfully submitted,

/s/ Brenton H. Cooper

Dario A. Machleidt
Washington Bar No. 41860
*Admitted pro hac vice*
Kathleen R. Geyer
Washington Bar No. 55493
*Admitted pro hac vice*
**KILPATRICK TOWNSEND
& STOCKTON LLP**
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
T: (206) 224-2857
F: (206) 374-2199
dmachleidt@ktslaw.com
kgeyer@ktslaw.com

Brenton H. Cooper
Florida Bar No. 1035909
**BAKER BOTTS L.L.P.**
700 K Street, N.W.
Washington, D.C. 20001
T: 202-639-1325
F: 202-639-7890
brent.cooper@bakerbotts.com

Paul R. Elliott (*admitted pro hac vice*)
Texas Bar No. 06547500
**BAKER BOTTS L.L.P.**
910 Louisiana St.
Houston, Texas 77002
T: 713-229-1226
F: 713-229-1522
paul.elliott@bakerbotts.com

Kristin M. Adams
Georgia Bar No. 474008
*Admitted pro hac vice*
Karina Glushchak
Georgia Bar No. 233307
*Admitted pro hac vice*
**KILPATRICK TOWNSEND
& STOCKTON LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia  30309
T:  (404) 815-6138
F:  (404) 541-3233
kmadams@ktslaw.com

Rachael D. Lamkin (*admitted pro hac vice*)
California Bar No. 246066
**BAKER BOTTS L.L.P.**
101 California Street
San Francisco, California 94111
T: 415-291-6264
F: 415-291-6364
rachael.lamkin@bakerbotts.com

*Attorneys for Defendant Rachael Lamkin*

6

## CERTIFICATE OF SERVICE

I hereby certify that, on July 13, 2026, a true and correct copy of the above document was provided to all counsel of record through the Court's CM/ECF system.

> */s/ Brenton H. Cooper*
> Brenton H. Cooper