IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CV-24669-DPG

LEIGH M. ROTHSCHILD and
ANALYTICAL TECHNOLOGIES, LLC,

       *Plaintiffs*,

   v.

STARBUCKS CORP. and
RACHAEL LAMKIN,

       *Defendants*.

**PLAINTIFFS' [PROPOSED] PRETRIAL STIPULATION**

Pursuant to Local Rule 16.1(e)[1] and Local Rule 16.1(f),[2] Plaintiffs hereby submit their

Pretrial Stipulation as follows.

---

[1] Local Rule 16.1(e) requires a Pretrial Stipulation "filed with the Court no later than seven (7) days . . . prior to the [July 22, 2026] call of the calendar," which is today—July 15, 2026. Plaintiffs reserve all rights to add, delete, amend, edit, or otherwise revise the contents of this Pretrial Stipulation, particularly once the Court has ruled on several pending dispositive motions.

[2] Local Rule 16.1(f) ("Unilateral Filing of Pretrial Stipulation Where Counsel Do Not Agree") requires: "If for any reason the pretrial stipulation is not executed by all counsel, each counsel shall file and serve separate proposed pretrial stipulations not later than seven (7) days prior to the pretrial conference, or if no pretrial conference is held, seven (7) days prior to the call of the calendar, with a statement of reasons no agreement was reached thereon." The reasons no agreement was reached are uncertain, as just this morning counsel for Plaintiffs received an email from counsel for Defendant commanding that Plaintiffs "remove all references that the 'parties hereby submit' this stipulation, and also remove Ms. Lamkin's positions from this unilateral filing." *See* **Exhibit A** (herewith).

**Local Rule 16.1(e)(1)**—A short concise statement of the case by each party:

Plaintiffs' Statement of the Case

Plaintiffs' Complaint sets forth a straightforward set of facts underlying their pending claims of defamation and tortious interference with business relationships, based on Defendant Lamkin's malicious actions in publishing a statement in Bloomberg Law in October 2024 that "with Leigh Rothschild, we never get the money because the shells go bankrupt."  The important context of Defendant Lamkin's malicious, defamatory statements to the press is that she is an experienced attorney who has represented clients in litigation many times against Plaintiffs and related patent licensing companies, and for years she has long championed a campaign to harm Plaintiff Rothschild ("LMR") personally and his patent licensing activities, any way she can both in litigation and now, through defamation and tortious interference, causing great harm and damages to Plaintiffs.

Defendant's Statement of the Case

[REMOVED by Defendant's command]

**Local Rule 16.1(e)(2)**—The basis of federal jurisdiction:

This Court has federal diversity jurisdiction because the parties are completely diverse and the amount in controversy pleaded exceeds $75,000. [ECF Nos. 131, 132].

**Local Rule 16.1(e)(3)**—The pleadings raising the issues:

- Plaintiffs' Complaint [ECF No. 1]

- Defendant Lamkin's Answer to Plaintiffs' Complaint and Counterclaim [ECF No. 8]

- Defendant's Amended Answer to Plaintiffs' Complaint and Counterclaim [ECF No. 14]

- Plaintiffs' Answer to Counterclaim [ECF No. 38]

**Local Rule 16.1(e)(4)**—Undisposed of motions or other matters requiring Court action:

- Defendant's Motion for Leave to Add FUFTA Counterclaim [ECF No. 69]

- Defendant's Motion to Exclude Expert Testimony [ECF No. 82]

- Plaintiffs' Motion for Summary Adjudication of Defamation and No Abuse of Process [ECF No. 89]

- Defendant's Motion for Summary Judgment on Plaintiffs' Claims in Their Entirety and for Attorneys' Fees Under Florida's Anti-SLAPP Statute [ECF No. 91]

- Defendant's Motions in Limine [ECF No. 144]

- Plaintiffs' Pretrial Motions Including Motion in Limine [ECF No. 146]

**Local Rule 16.1(e)(5)**—Uncontested facts requiring no proof at trial, with reservations:

a. In the October 10, 2024 Bloomberg Law press article entitled "Starbucks Levels Fraud Claim In New Tactic To Fight Patent Suit," Defendant published the following statement: "[W]ith Leigh Rothschild, we never get the money because the shells go bankrupt."

b. Lamkin made the quoted statement.

c. The Bloomberg Law reporter also confirmed that "each of the quotations attributed to Rachael Lamkin in the article are accurate accounts of what she said to me."

d. Neither Plaintiff LMR nor any of the companies he is involved with has ever owed any of the Defendants any money for them to "get."

e. Lamkin admitted that no LMR-related entity ever owed her or her clients any money in the form of a judgment, as opposed to two fee-shifting orders that were mooted by settlement and/or dismissal, before any judgment was entered.

f. None of the companies LMR is involved with is a "shell" (*i.e.*, a company with no significant assets or operations); instead, each of the companies is a lawful corporate entity with assets, bank accounts, and operations appropriate for its purpose, which in most cases is to own and license valuable U.S. patents.

g. Lamkin admitted that the only two LMR-related entities she considers "shells" were engaged in operations including patent litigation, had their own counsel, owned patents, had funded bank accounts, and otherwise were not "shells" in any reasonable sense of the term.

h. None of the patent companies LMR is involved with has ever "go[ne] bankrupt."

i. Lamkin admitted that the two entities she was referring to, companies called RDC and RCDI, have never filed for bankruptcy.

j. Lamkin also admitted that she knew RCDI was engaged in other litigation for many years, including spending millions of dollars to fight against Coca-Cola, including two separate appeals.

k. No money is owed from LMR or his entities to Lamkin or any of her clients.

l. Lamkin has made numerous statements disparaging LMR from the time she met him to date.

m. Lamkin said "it takes a village to stop a patent troll" and she has also said LMR is a patent troll.

n. Lamkin represented Garmin in a case against a LMR entity and her client agreed to pay in excess of $200,000.

o. Lamkin asked a court in California to have LMR post a bond, but the judge refused.

p. Lamkin sued LMR immediately and personally in response to a patent infringement case against Starbucks.

q. Personal causes of action are very rarely filed against individuals when their companies are asserting patents.

r. Lamkin uses intimidation tactics to settle her patent litigation cases.

s. Lamkin once convinced an inventor to sign a document saying he would never file patent cases in Lamkin's home state of California.

t. Lamkin recently taken part as counsel in the case of Starbucks v Key Patents where they accused the defendant of patent trolling.

u. Lamkin considers herself a top patent litigator with a mission to stop inventors who she does not feel are worthy of filing patent cases.

v. Lamkin testified in her deposition  that she had no in depth knowledge of bankruptcy laws and did not study bankruptcy when she attended law school.

w. Lamkin was one of the attorneys that filed a complaint against Key Patents (Starbucks v Key Patents) in which the complaint signed by Ms. Lamkin discusses bankruptcy.

x. LMR has asked this Court to award sanctions against Lamkin for the misleading and untrue statements she has filed in this case.

y. Lamkin testified in her deposition that there have been times where she talked to LMR off the record while he was not being deposed.

z. Lamkin has testified that her current salary from her Baker and Botts law firm is in excess of one million dollars.

aa. PAM is owned by Leigh M. Rothschild and his family trust, S. Ariel Rothschild Trust.

bb. Lamkin represented CompanyCam in Rothschild Digital Confirmation, LLC v. CompanyCam.

cc. On November 1, 2021, in Rothschild Digital Confirmation, LLC v. CompanyCam, RDC filed a letter signed by Mr. Rothschild that identified Mr. Rothschild as RDC's "Managing Member."

dd. Ms. Lamkin represented Garmin International in Rothschild Connected Devices Innovations, LLC v. Garmin International, Inc.

ee. On July 10, 2023, articles in Law360 and Bloomberg Law reported on and attached Valve's complaint against Mr. Rothschild under the Washington Patent Troll Prevention Act.

**Local Rule 16.1(e)(6)**—Issues of fact which remain to be litigated at trial:[3]

a.       Whether Defendant Lamkin is liable for defamation, and if so, what are the appropriate compensatory and/or punitive damages.
b.       Whether Defendant Lamkin's statement at issue was false or misleading.
c.       Whether Defendant Lamkin made the statement maliciously.
d.       Whether Defendant Lamkin's statement included defamatory content.
e.       Whether Defendant Lamkin is liable for tortious interference, and if so, what are the appropriate compensatory and/or punitive damages.
f.       Whether each of Plaintiffs LMR and AT has business relationships with many patent owners and related entities that affords existing or prospective legal rights, including these Plaintiffs' efforts to acquire and license patents.
g.       Whether Defendant has knowledge of these business relationships.
h.       Whether by publishing false and defamatory statements about LMR and AT, Defendant has intentionally interfered with these relationships.
i.       Whether as a result of Defendant's publication of these false and defamatory statements, each of LMR and AT has suffered and continues to suffer damages, including but not limited to economic damage to business interests including hindering the ability to acquire and license patents and other intellectual property assets.
j.       Whether each of LMR and AT has suffered and continues to suffer irreparable injury because of Defendants' tortious interference.
k.       Whether Mr. Rothschild and Analytical Technologies made an illegal, improper, or perverted use of the legal process to accomplish a purpose for which the process is not designed.
l.       Whether Mr. Rothschild's and Analytical Technologies' claims in this case have no basis of law or fact and are based on untrue allegations.
m.       Whether Mr. Rothschild and Analytical Technologies had an ulterior motive or purpose in exercising the legal process.
n.       Whether Ms. Lamkin was injured as a result of their actions, and if so, what amount of compensatory damages is she entitled to.

**Local Rule 16.1(e)(7)**—Issues of law on which there is agreement:

a.       This Court has subject matter jurisdiction based on diversity jurisdiction.
b.       This Court has personal jurisdiction over the parties for this matter alone.
c.       Venue is proper in this court for this matter alone.

---

[3] As the Local Rule provides: "By way of example, reasonable details of issues of fact would include: (A) As to negligence or contributory negligence, the specific acts or omissions relied upon; (B) As to damages, the precise nature and extent of damages claimed; (C) As to unseaworthiness or unsafe condition of a vessel or its equipment, the material facts and circumstances relied upon; (D) As to breach of contract, the specific acts or omissions relied upon."

d.      Where state law applies, Florida law governs.

e.      Where federal or constitutional law applies, the law of the Eleventh Circuit governs.

**Local Rule 16.1(e)(8)**—Issues of law which remain for determination by the Court:

a.      Issues of law raised in the parties' pending motions identified hereinabove.

b.      Whether Plaintiffs' claims fail as a matter of law [ECF No. 91].

c.      Whether Defendant Lamkin is liable for defamation, and if so, what are the appropriate compensatory and/or punitive damages.

d.      Whether Defendant Lamkin is liable for tortious interference, and if so, what are the appropriate compensatory and/or punitive damages.

e.      Whether Defendant Lamkin is entitled to attorneys' fees and costs under Florida Statute § 768.295.

f.      Whether LMR is a limited public figure. *See Tovarian v. Rubic, LLC*, No. 24-14037-CIV-CANNON/Maynard, 2025 WL 747435, at *3 (S.D. Fla. Mar. 10, 2025) ("Determining whether a plaintiff is a . . . limited public figure is a question of law for the court." (citing *Mile Marker, Inc. v. Peterson Publ'g, LLC*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002))).

**Local Rule 16.1(e)(9)**—Each party's numbered list of trial exhibits, with objections:[4]

        For Plaintiffs' proposed exhibit list, *see* Dkt. No. 165-1.  For Defendant's proposed

exhibit list, *see* Dkt. No. 163-2.[5]

---

[4] As the Local Rule provides: "The list of exhibits shall be on separate schedules attached to the stipulation, should identify those which the party expects to offer and those which the party may offer if the need arises, and should identify concisely the basis for objection [using] the following codes: A–Authenticity; I–Contains inadmissible matter (mentions insurance, prior conviction, etc.); R–Relevancy; H–Hearsay; UP–Unduly prejudicial-probative value outweighed by undue prejudice; P–Privileged."

[5] Very recently Defendant is seeking to add more trial exhibits, which Plaintiffs object to as untimely.  The parties should be limited to their original trial exhibit lists exchanged months ago.

**Local Rule 16.1(e)(10)**—Each party's numbered list of trial witnesses, with their addresses[6]

Plaintiffs' Witness List[7]

| Name | Address | May/Will Call |
|---|---|---|
| Rachael Lamkin | c/o Brenton H. Cooper<br>Baker Botts LLP<br>700 K St., N.W.<br>Washington, D.C. 20001 | Will call live |
| Leigh M. Rothschild | c/o Stephen M. Lobbin<br>SML Avvocati, P.C.<br>888 Prospect St., Suite 200<br>La Jolla, CA 92037 | Will call live |
| Reagan Rothschild | c/o Stephen M. Lobbin | Will call live |
| Sameer Somal | c/o Stephen M. Lobbin | Will call live |
| Daniel Falcucci | c/o Stephen M. Lobbin | Will call live |
| Christina Arias | c/o Stephen M. Lobbin | Will call live |
| Rene Vazquez | c/o Stephen M. Lobbin | May call live |
| Dr. David Levey, MD | c/o Stephen M. Lobbin<br>*7593 Boynton Beach Blvd.,<br>Suite 220<br>Boynton Beach, FL 33437 | Will call live |
| Dr. Gary J. Merlino, DO | c/o Stephen M. Lobbin<br>*4308 Alton Road #310<br>Miami Beach, FL 33140 | Will call live |
| Michael D. Felson | c/o Stephen M. Lobbin<br>*399 W. Palmetto Park Road,<br>Suite 102<br>Boca Raton, FL 33432 | Will call live |
| Andrew Silver | c/o Stephen M. Lobbin | May call live |
| Richard Ehrlickman | c/o Stephen M. Lobbin<br>*799 Dover Street<br>Boca Raton, FL 33487 | May call live |
| Dirk Tomsin | c/o Stephen M. Lobbin | May call live |

---

[6] As the Local Rule provides: "[S]eparately identifying those whom the party expects to present and those whom the party may call if the need arises.  Witnesses whose testimony is expected to be presented by means of a deposition shall be so designated.  Impeachment witnesses need not be listed. Expert witnesses shall be so designated."

[7] To the extent that Defendant does not intend to bring any witness live to trial, or to the extent that they are unavailable, Plaintiffs reserve the right to call them by deposition or otherwise use their depositions as permitted under Rules 30 and 32.

| | | |
|---|---|---|
| Michael Shapiro | 1801 S. Bell St. Arlington, VA 22202 | May call live |
| Adam M. Taylor | c/o Stephen M. Lobbin | May call live |
| James Arkin | c/o Stephen M. Lobbin | May call live |
| Patrick T. Muffo | 150 N. Riverside Plaza, Ste 3000 Chicago, IL 60606 | May call live |
| Dario A. Machleidt | 1420 Fifth Avenue, Suite 3700 Seattle, Washington 98101 | Will call live |
| Connie Kazanjian | 10350 West Bay Harbor Drive, Unit 8TUV Bay Harbor Islands, FL 33154 | Will call live |
| Barton G. Weiss | BGW Design Ltd., INC. 2815 Evans Street Hollywood, FL 33020 | May call live |
| Donald Barnes Mount Sinai Medical Center Chief Human Resources Officer | 4300 Alton Road Miami Beach, FL 33140, United States | May call live |
| Kevin Herbert | 3883 Turquoise Way Apt 1417 Oakland, CA 94609 | May call live |
| Begonia Blossom Herbert | Not found yet | May call live |

Defendant Lamkin's Witness List

| Name | Address | May/Will Call |
|---|---|---|
| Rachael Lamkin | c/o Brenton H. Cooper Baker Botts LLP 700 K St., N.W. Washington, D.C. 20001 | Will call live |
| Leigh M. Rothschild | c/o Stephen M. Lobbin SML Avvocati, P.C. 888 Prospect St., Suite 200 La Jolla, CA 92037 | Will call live |
| Daniel Falcucci | c/o Stephen M. Lobbin SML Avvocati, P.C. 888 Prospect St., Suite 200 La Jolla, CA 92037 | Will call live or by deposition |
| Christina Arias | c/o Stephen M. Lobbin SML Avvocati, P.C. 888 Prospect St., Suite 200 La Jolla, CA 92037 | Will call live |

| Constance Kazanjian | Kazanjian Consulting LLC<br>10350 West Bay Harbor Drive, Apt. 8T<br>Bay Harbor Islands, FL 33154 | Will call live or by deposition |
| --- | --- | --- |
| Sugouri Batra | 215 East 91st Avenue, Apartment 14B<br>New York, NY 11428 | Will call by deposition |
| Shea Palavan | HoustonIP<br>5353 W. Alabama St. Suite 303<br>Houston, TX 77056 | Will call by deposition |
| James Hughes | c/o Brenton H. Cooper<br>Baker Botts LLP<br>700 K St., N.W.<br>Washington, D.C. 20001 | May call live |

**Local Rule 16.1(e)(11)**—Estimated trial time:

Plaintiffs estimate that the jury trial will take a total of 6 hours (including opening statement and closing argument), split evenly between the parties.[8]

**Local Rule 16.1(e)(12)**—Where attorney's fees may be awarded to the prevailing party, an estimate of each party as to the maximum amount properly allowable:

Plaintiffs are entitled to recover their costs, attorneys' fees and interest against Defendant Lamkin, which fees through trial will be no less than $2 million, and maybe more depending on issues that may arise at trial and for post-trial briefing.

**Settlement**

Pursuant to Local Rule 16.1(d)(1), the parties have discussed settlement and will continue to discuss settlement.  At this time, no settlement appears likely.

---

[8] Plaintiffs note that Defendant Lamkin already agreed with the Court on the record at the February 2026 hearing that the FUFTA claim should be pursued, if at all, in a separate action which Defendant Lamkin has not filed.

**Proposed Jury Instructions**

Pursuant to Local Rule 16.1(k), the parties will be prepared to submit proposed jury instructions "[a]t the close of the evidence or at an earlier reasonable time that the Court directs," including in the form as previously filed by Defendant, with necessary revisions. *See* Dkt. No. 164. As noted in the Local Rule, "At the close of the evidence, a party may file and serve additional instructions covering matters occurring at the trial that could not reasonably be anticipated; and with the Court's permission, file and serve untimely requests for instructions on any issue."

Dated: July 15, 2026                                     Respectfully submitted,

Edward F. O'Connor (FL Bar No. 132223)
efo@avynolaw.com
**Law Offices Edward F. O'Connor**
104 Seabreeze Circle
Jupiter, Florida 33477
Tel: 949.291.2894

Stephen M. Lobbin (admitted *pro hac vice*)
sml@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 15, 2026, a true and correct copy of the above document was provided to all counsel of record through the Court's CM/ECF system.