**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:24-cv-24669-DPG**

LEIGH M. ROTHSCHILD and
ANALYTICAL TECHNOLOGIES, LLC,

      *Plaintiffs*,

v.

STARBUCKS CORP. and
RACHAEL LAMKIN,

      *Defendants*.

---

### <u>DEFENDANT RACHAEL LAMKIN'S OBJECTIONS TO MAGISTRATE JUDGE SHAW-WILDER'S REPORT AND RECOMMENDATIONS</u>

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(2), and the Report and Recommendation [ECF No. 194] (the "R&R"), Defendant Rachael Lamkin submits these limited objections solely to Section III.C of the R&R and the recommendation that summary judgment be entered against her abuse-of-process counterclaim. Ms. Lamkin respectfully requests that the Court reject that portion of the R&R and deny Plaintiffs' Motion for Summary Judgment [ECF No. 89] as to the counterclaim.

**<u>TABLE OF CONTENTS</u>**

I.    INTRODUCTION ................................................................................................ 1

II.    MATERIAL FACTS ........................................................................................... 2

      A.    Ms. Lamkin pleaded a post-filing, cross-case abuse of process theory. ................. 2

      B.    Plaintiffs moved for summary judgment on a different theory. ............................ 2

      C.    The Rule 56 record contains evidence of post-filing cross-case use. .................... 3

      D.    The R&R supplied two new grounds for judgment. ............................................... 4

III.    LEGAL AUTHORITY ....................................................................................... 5

IV.    ARGUMENT ...................................................................................................... 5

      A.    The R&R improperly recommends granting summary judgment on unraised grounds without giving Ms. Lamkin notice and opportunity to respond under Rule 56(f). ...................................................................... 5

      B.    The R&R reframes the counterclaim and overlooks the cited Rule 56 evidence. ........................................................................................ 8

      C.    Plaintiffs did not plead or move on litigation privilege, and the resulting prejudice is substantial. ........................................................................ 9

      D.    The present record does not permit a determination of litigation privilege ........... 11

          1.    The governing decisions require a contextual, fact-specific inquiry. ....... 11

          2.    The January 8 2025 communication and other alleged cross-case conduct require factual development. ...................................................... 12

      E.    Because Plaintiffs never raised litigation privilege as an affirmative defense in this case and because the parties were not on notice of any litigation privilege arguments, the record cannot support a finding that any litigation privilege defeats Ms. Lamkin's counterclaim. ..................................... 12

V.    CONCLUSION ................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amy v. Carnival Corp.*,
  961 F.3d 1303 (11th Cir. 2020) ......................................................................................6, 7

*Arko Plumbing Corp. v. Rudd*,
  230 So. 3d 520 (Fla. 3d DCA 2017) ...................................................................10, 12, 13, 14

*Bothmann v. Harrington*,
  458 So. 2d 1163 (Fla. 3d DCA 1984) .................................................................................8

*Byars v. Coca-Cola Co.*,
  517 F.3d 1256 (11th Cir. 2008) .........................................................................................6

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)............................................................................................................6

*DelMonico v. Traynor*,
  116 So.3d 1205 (Fla. 2013)...............................................................................................10

*Flood v. Young Woman's Christian Ass'n of Brunswick, Ga., Inc.*,
  398 F.3d 1261 (11th Cir. 2005) .........................................................................................6

*Grippa v. Rubin*,
  133 F.4th 1186 (11th Cir. 2025) ....................................................................................9, 11

*Imaging Bus. Machines, LLC. v. BancTec, Inc.*,
  459 F.3d 1186 (11th Cir. 2006) ......................................................................................6, 7

*LatAm Invs., LLC v. Holland & Knight, LLP*,
  88 So. 3d 240 (Fla. 3d DCA 2011) ..................................................................................11

*Latimer v. Roaring Toyz, Inc.*,
  601 F.3d 1224, 1239 (11th Cir. 2010) ...............................................................................9

*Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins.*
  *Co.*,
  639 So. 2d 606 (Fla. 1994)...............................................................................................11

*Marquez v. Costco Wholesale Corp.*,
  550 F. Supp. 3d 1256 (S.D. Fla. 2021) ..............................................................................5

*Matos v. Bus. L. Grp., P.A.*,
  No. 6:18-cv-1105-Orl-31DCI, 2019 WL 3429551 (M.D. Fla. July 30, 2019) .......................10

*McCurdy v. Collis*,
 508 So. 2d 380 (Fla. 1st DCA 1987) ................................................................14, 15

*Noshirvan v. Couture*,
 No. 2:23-cv-1218-JES-KCD, 2025 WL 1769669 (M.D. Fla. June 26, 2025) .............12, 13, 14

*Peckins v. Kaye*,
 443 So. 2d 1025 (Fla. 2d DCA 1983) ......................................................................8

*Pensacola Motor Sales, Inc. v. E. Shore Toyota, LLC*,
 684 F.3d 1211 (11th Cir. 2012) ...............................................................................9

*Scozari v. Barone*,
 546 So. 2d 750 (Fla. 3d DCA 1989) ........................................................................8

*Svistina v. Elbadramany*,
 No. 22-cv-20525-BLOOM/Otazo-Reyes, 2023 WL 34642 (S.D. Fla. Jan. 4,
 2023) ........................................................................................................................8

*Weinman v. Warren*,
 No. 8:21-cv-2604-CEH-TGW, 2023 WL 6376623 (M.D. Fla. Sept. 29, 2023)......................14

**Statutes**

28 U.S.C. § 636(b)(1) ......................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 72(b)(3)....................................................................................................5

Rule 12 ........................................................................................................................2, 9

Rule 30(b)(1)....................................................................................................................4

Rule 56 ...................................................................................................................1, 3, 8

Rule 56(c)........................................................................................................................7

Rule 56(f) ........................................................................................................................5

Rule 56(f)(2) ...................................................................................................................6

## I.    INTRODUCTION

Defendant Rachael Lamkin thanks Magistrate Judge Detra Shaw-Wilder for her careful attention to Ms. Lamkin's Motion for Summary Judgment [ECF No. 91] and Plaintiffs' Motion for Summary Judgment [ECF No. 89]. Ms. Lamkin objects only to the R&R's abuse-of-process recommendation. The R&R correctly resolves the only basis that Plaintiffs actually presented in support of summary judgment on Ms. Lamkin's abuse-of-process counterclaim: Plaintiffs asserted that they could not have abused process because their defamation claim was valid. [ECF No. 194 at 4; ECF No. 89 at 3.] The R&R rejects that theory, finding Plaintiffs' defamation claim to be meritless. R&R at 18. But after correctly rejecting Plaintiffs' defamation theory, the R&R recommends judgment on two new grounds: first, that Florida's litigation privilege bars the counterclaim; and second, that the record contains no evidence of any post-filing misuse of process. R&R at 15–16. Plaintiffs did not plead the first ground, and their summary-judgment motion did not fairly present either ground.

The second ground also overlooks the Rule 56 record. Ms. Lamkin's opposition statement of material facts contained a separately captioned "Abuse of Process" section identifying post-filing evidence and citing the underlying exhibits. [ECF No. 103 at 6–7 ¶¶ 13–17.] Plaintiffs did not dispute these facts. [ECF No. 111.] The undisputed evidence includes E.D. Texas litigation counsel's January 8, 2025 invocation of this Florida action to claim that Ms. Lamkin had developed a conflict with Starbucks [ECF No. 14-4 at 2], E.D. Texas litigation counsel's February 11, 2025 statement that "AT wants" Ms. Lamkin deposed and potentially disqualified because she had made allegations against an AT management person outside the Texas litigation [ECF No. 14-5 at 2], and Mr. Rothschild's testimony tying this action to a desire to take a "more aggressive stance" against Ms. Lamkin and welcoming the E.D. Texas dismissal because it "meant that [Ms. Lamkin

was] out." [ECF No. 88-5 at 98:17–99:10, 116:16–117:9.] This is all evidence in the record, undisputed, of improper conduct after this Florida case was filed.

## II.   MATERIAL FACTS

### A.   Ms. Lamkin pleaded a post-filing, cross-case abuse of process theory.

Ms. Lamkin's counterclaim alleges that Plaintiffs filed this action to pursue subsequent collateral objectives: creating leverage in the E.D. Texas case, disrupting the Starbucks-Lamkin relationship, and removing Ms. Lamkin as Starbucks' counsel. [ECF No. 14 at 9 ¶¶ 1–4; *id.* at 14–17 ¶¶ 40–54.] The alleged post-filing acts include filing this action to claim a conflict, seeking Ms. Lamkin's deposition as a percipient witness, raising disqualification, and directing Texas discovery to subjects drawn from this action. [*Id.* at 14–17 ¶¶ 41–53.]

The Court's Rule 12 order held that "Defendant Lamkin has sufficiently alleged her counterclaim for Abuse of Process" and expressly stated that "[t]he issues raised by Plaintiffs may be appropriately addressed at summary judgment." [ECF No. 35.] As such, Plaintiffs had notice of the post-filing, cross-case theory.

### B.   Plaintiffs moved for summary judgment on a different theory.

Plaintiffs raised a single summary-judgment argument on the abuse-of-process counterclaim. Plaintiffs stated that, "[b]ased on the incontrovertible liability for defamation, Defendant's counterclaim fails as a matter of law as well," recited the three abuse-of-process elements, and asserted that legitimate defamation liability disproved abuse of process. [ECF No. 89 at 3; *see also id.* at 7.] Plaintiffs did not invoke litigation privilege, did not argue that Ms. Lamkin lacked evidence of post-filing cross-case use, did not address the January 8 or February 11, 2025 E.D. Texas counsel emails, and did not challenge Ms. Lamkin's proof of authorization, ratification, or incremental damages.

2

The R&R initially describes Plaintiffs' position in those terms: "Plaintiffs also argue that they are not liable for abuse of process because they establish a claim for defamation against Lamkin." R&R at 4. The R&R later treats Plaintiffs' citation to the general rule that process used for its intended result is not abusive as though Plaintiffs had made an independent *Celotex*-style no-evidence challenge. *Id.* at 16. Plaintiffs' summary judgment motion did not fairly present that ground; it used the rule only as a consequence of Plaintiffs' asserted "incontrovertible liability for defamation." [ECF No. 89 at 3.]

> **C.      The Rule 56 record contains evidence of post-filing cross-case use.**

Ms. Lamkin did not rely only on her pleading. Her response to Plaintiffs' statement of material facts included Additional Facts 13 through 17 under the heading "Abuse of Process." [ECF No. 103 at 6–7 ¶¶ 13–17.] Those facts are undisputed [ECF No. 111 at 1] and cited admissible record materials and identified a sequence before and after this action was filed.

First, Mr. Rothschild testified that prior cases involving Ms. Lamkin were resolved quickly in the hope that she would not litigate against his entities in those other cases, and that Plaintiffs later chose a "more aggressive stance" against Ms. Lamkin:

> And those previous matter -- previous decision in those matters was to just leave, and then, if possible, to settle the cases as quickly as we could. And, hopefully, at that point in time, hope that you wouldn't be litigating against us in any of the other cases. Or at some point . . . to see if we would take a more aggressive stance . . . which, of course, we did in the Starbucks versus Analytical case, when you made the outrageous and defamatory statements that we're here for today. And we decided to file a complaint against you personally for defamation. Which is why we're here today.

Rothschild Dep. Tr. [ECF No. 88-5], at 98:17–99:10.

Second, on January 8, 2025, AT and Mr. Rothschild's E.D. Texas counsel threatened Ms. Lamkin, stating, "bad things happen to people and property" and then asserted that "Baker Botts [Ms. Lamkin's firm] has developed a conflict of interest with Starbucks" because of Baker Botts' alleged role in providing the Bloomberg statements at issue here. [ECF No. 14-4 at 2; ECF No.

3

103 at 7 ¶ 16.] That email expressly used this case as the asserted basis for a conflict in the separate E.D. Texas litigation.

Third, on February 11, 2025, the same E.D. Texas counsel requested dates to notice Ms. Lamkin's deposition under Rule 30(b)(1) and stated:

> AT wants to explore her scope of testimony as a percipient witnes [sic] at trial and to determine why she believes should not be disqualified from representing Starbucks since she is a biased witness in this litigation and has filed legal allegations against at least management person outside of this litigation.

[ECF No. 14-5 at 2; ECF No. 103 at 7 ¶ 17.]

Fourth, Rothschild testified that Plaintiffs made an "economic decision" to "get rid of Starbucks" so they could focus resources on this action and that they were "happy" the E.D. Texas case was dismissed because "it meant that [Ms. Lamkin was] out":

> But we decided to make an economic decision to -- to get rid of Starbucks so that we could concentrate our limited resources on pursuing your defamatory actions. . . . We were happy, Ms. Lamkin, that Starbucks was not involved, and that the case was dismissed, which meant that you were out.

[ECF No. 88-5 at 116:16–117:9.]

These materials directly contradict the R&R's statement that "[m]ore is required - which does not exist in this record" and that Ms. Lamkin "has not shown any record evidence of improper use of this litigation . . . after filing this lawsuit." R&R at 16.

### D.      The R&R supplied two new grounds for judgment.

The R&R first holds that litigation privilege categorically bars Ms. Lamkin's abuse-of-process counterclaim because the claim is "based entirely" on filing the defamation action. R&R at 15–16. It then alternatively holds that Ms. Lamkin presented no evidence of post-filing improper use. *Id.* at 16. Neither ground was identified in Plaintiffs' answer to Ms. Lamkin's abuse-of-process counterclaim [ECF No. 38 at 4–5], their motion to dismiss [ECF No. 29], or their summary judgment motion [ECF No. 89].

4

III.     **LEGAL AUTHORITY**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Marquez v. Costco Wholesale Corp.*, 550 F. Supp. 3d 1256, 1272 (S.D. Fla. 2021) (citation omitted).

IV.      **ARGUMENT**

A.       **The R&R improperly recommends granting summary judgment on unraised grounds without giving Ms. Lamkin notice and opportunity to respond under Rule 56(f).**

Plaintiffs' motion for summary judgment contained one argument in support of summary judgment on the abuse-of-process claim: "Based on the incontrovertible liability for defamation, Defendant's counterclaim fails as a matter of law as well." [ECF No. 89 at 3.] In other words, Plaintiffs argued only that because (they claimed) Ms. Lamkin is liable for defamation, their lawsuit for defamation cannot serve as the process that was abused in support of an abuse-of-process claim.[1] Magistrate Judge Shaw-Wilder's correct conclusion that Ms. Lamkin is *not* liable for defamation defeats Plaintiffs' sole argument.

Instead of resolving the singular argument raised by Plaintiffs in their Motion for Summary Judgment, the R&R *sua sponte* (1) raises the litigation privilege affirmative defense for the first

---

[1] The R&R states that "Plaintiffs suggest" that Ms. "Lamkin has failed to present any evidence to establish that Plaintiffs have used this litigation other than to 'accomplish the result for which it was created,'" citing ECF No. 89 at 3. Plaintiffs' Motion for Summary Judgment [ECF No. 89], however, does not make any such argument. Instead, on page 3, Plaintiffs merely set forth the legal standard for abuse of process and quote allegations made in the Complaint. [ECF No. 89 at 3.]

time in the case, and (2) examines the evidentiary sufficiency of Ms. Lamkin's counterclaim. That is procedurally improper.

The Eleventh Circuit has held that while "a court may *sua sponte* grant summary judgment on a claim not presented in a summary judgment motion, the court is required to give notice to the parties that it intends to address the claim on summary judgment." *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1264–65 (11th Cir. 2008). The purpose of such notice is so that "the parties are given adequate notice that they must present all of their evidence." *Flood v. Young Woman's Christian Ass'n of Brunswick, Ga., Inc.*, 398 F.3d 1261, 1267 (11th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). When a court fails to give notice of a ground it intended to rule on, that is reversible error. *Byars*, 517 F.3d at 1265 (holding that the district court erred in deciding summary judgment on an issue on which neither party sought summary judgment without providing prior notice); *see also Imaging Bus. Machines, LLC. v. BancTec, Inc.*, 459 F.3d 1186, 1191 (11th Cir. 2006) ("[F]ailing to notify [plaintiff] that [the court] would be considering the issue of injury as to each of the remaining claims . . . was procedurally improper and must be vacated.").

Pursuant to Rule 56(f)(2), a court may grant summary judgment on a ground not raised by a party only after notice and a reasonable time to respond. In *Amy v. Carnival Corporation*, the Eleventh Circuit reversed a grant of summary judgment on a defense because neither the answer nor the summary judgment motion raised the defense, and the district court gave no notice or opportunity to respond:

> The district court did not do so here. Neither in its answer nor in its summary judgment motion did Carnival raise an "open and obvious" defense, and it does not argue to the contrary on appeal. We see no sign that the district court gave Amy notice that it planned to decide the failure-to-warn claim on the condition's open and obvious nature, much less an opportunity to respond. Yet the district court indeed granted the motion on that basis for the failure-to-warn claim and even impliedly acknowledged what it was doing: "Carnival's motion is premised only

6

on the notice issue." Therefore, the district court erred in granting summary judgment on this basis.

*Amy v. Carnival Corp*., 961 F.3d 1303, 1310–11 (11th Cir. 2020).

The same is true here: Plaintiffs premised dismissal of the counterclaim on their supposed defamation victory, not privilege or the absence of post-filing evidence. [ECF No. 89 at 3.] Ms. Lamkin was required to answer the argument Plaintiffs made, not to anticipate every unpleaded affirmative defense or independent no-evidence theory the court might later identify.

Ms. Lamkin was never on notice that the Court was considering resolving her abuse-of-process counterclaim on any additional unraised ground. Plaintiffs raised a single argument, [ECF No. 89 at 4], and Ms. Lamkin properly responded solely to that argument, [ECF No. 102 at 15]. Ms. Lamkin had no notice that she must present any argument or evidence on either of the two issues on which the R&R decides the abuse-of-process claim. Highlighting the procedural impropriety and prejudice to Ms. Lamkin, the R&R faults Ms. Lamkin for failing to "show[] any record evidence of improper use of this litigation by Plaintiffs after filing this lawsuit"[2] and recommends granting summary judgment on that basis. R&R at 16. But without notice, it is impossible for Ms. Lamkin to know that she had any obligation to set forth record evidence on any specific issue that the Plaintiffs did not raise.

"Consistent with the importance of the procedural protection afforded by Rule 56(c)," the Eleventh Circuit "strictly enforce[s] the requirement that a party threatened by summary judgment must receive notice and an opportunity to respond." *Imaging Bus. Machs.*, 459 F.3d at 1191 (citation omitted). Therefore, because Ms. Lamkin did not receive adequate notice and had no opportunity to respond to these new issues, the district court should avoid legal error and should

---

[2] As discussed above and below, that conclusion is incorrect.

decline to adopt the R&R granting summary judgment on Ms. Lamkin's counterclaim for abuse of process.

**B.     The R&R reframes the counterclaim and overlooks the cited Rule 56 evidence.**

Florida abuse of process requires an illegal, improper, or perverted use of process after issuance, an ulterior purpose in that use, and resulting injury. *Bothmann v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984). "[T]he usual case of abuse of process involves some form of extortion." *Id.* Florida uses the term abuse of process broadly enough to encompass independently initiated and collateral judicial process, while still requiring a post-issuance perversion. *Peckins v. Kaye*, 443 So. 2d 1025, 1026 (Fla. 2d DCA 1983). The alleged post-issuance abuse of process is Plaintiffs' use of this matter, after filing, to try to settle the E.D. Texas matter, via extra-judicial methods, including threats of physical harm and the improper invocation of conflict rules to disrupt Ms. Lamkin's relationship with her client, Starbucks, and to eliminate the E.D. Texas counterclaim against Mr. Rothchild, *inter alia*. The alleged collateral objectives were Ms. Lamkin's withdrawal or disqualification, disruption of Starbucks' chosen representation, and leverage over claims and settlement in a different case, relief that this Florida action could not award. The alleged injury is the incremental burden of responding in Texas to this Florida-action-based conflict, deposition, and disqualification initiatives, lost attorney time and productivity, and threatened disruption of the client relationship. [ECF No. 14 at 17–18 ¶¶ 55–56.]

That theory is distinct from alleging that Plaintiffs filed a meritless case out of spite. *See Scozari v. Barone*, 546 So. 2d 750, 751–52 (Fla. 3d DCA 1989) (distinguishing improper motive from use of process to coerce collateral relief); *Svistina v. Elbadramany*, No. 22-cv-20525-BLOOM/Otazo-Reyes, 2023 WL 34642, at *4–6 (S.D. Fla. Jan. 4, 2023) (recognizing that allegations of post-filing use for collateral pressure differ from a challenge to initiation alone).

There should be no question that Plaintiffs' use of their E.D. Texas counsel *after* their Complaint was filed here and for (1) the improper attempt to leverage this action to eliminate the E.D. Texas counterclaim against Mr. Rothschild personally, (2) disrupt if not sever Ms. Lamkin's relationship with her client Starbucks, and (3) otherwise eliminate Ms. Lamkin as opposing counsel in the E.D. Litigation and future litigations—which ultimately occurred (given that the E.D. Texas case and the claim against Rothschild personally were dismissed) and made Rothschild "happy"—was an abuse of process.

All of this was supported by record evidence that was undisputed and not addressed in the R&R. [ECF No. 103 at 6–7 ¶¶ 13–17; ECF No. 111 ¶¶ 13–17].

**C.    Plaintiffs did not plead or move on litigation privilege, and the resulting prejudice is substantial.**

Florida's litigation privilege is treated as an affirmative defense. *Grippa v. Rubin*, 133 F.4th 1186, 1196 (11th Cir. 2025). Plaintiffs filed an answer to the counterclaim listing affirmative defenses but did not include litigation privilege. [ECF No. 38 at 4–5.] They also omitted it from their Rule 12 motion [ECF No. 29] and summary judgment motion [ECF No. 89]. A party's failure to plead an affirmative defense generally waives or forfeits it. *Pensacola Motor Sales, Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1221 (11th Cir. 2012) (citing *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010)). A court may nevertheless consider a late defense if the opponent received notice by another means and suffered no prejudice. *Id.* at 1221–22.

That exception does not support judgment here. Unlike the defendant in *Pensacola Motor Sales*, Plaintiffs did not raise the defense in their summary judgment motion. They never asked to amend their pleadings, never identified the conduct they claimed to be privileged, and never attempted to show that their delay caused no prejudice. A court applying the same principles to litigation privilege held that the defense was waived when it was not raised before summary

judgment. *Matos v. Bus. L. Grp., P.A.*, No. 6:18-cv-1105-Orl-31DCI, 2019 WL 3429551, at *3 (M.D. Fla. July 30, 2019).

The prejudice is concrete, not abstract. With timely notice, Ms. Lamkin could have obtained discovery relating to issues of determining whether the litigation privilege applies, which litigation privilege applies, and whether the form of litigation privilege applies to the facts of this case. For example, Ms. Lamkin had no opportunity to take discovery on whether the actions taken in the E.D. Texas case were made with "express malice" to avoid application of the qualified litigation privilege. Such evidence would include, but is not limited to:

- Written discovery and deposition testimony from Mr. Garteiser and Mr. Rothschild regarding whether they had undertaken any informal investigations, including interviews with non-party witnesses, regarding Ms. Lamkin in any way, and if so, the names of anyone they interviewed, the scope of Mr. Garteiser and Mr. Rothschild's statements, the scope of the third-parties' statements, and documents reflecting those conversations;[3]

- Third-party depositions of any such witnesses that participated in informal investigations by Mr. Garteiser or Mr. Rothschild; and

- Any research or analysis performed by Mr. Rothschild regarding the counterclaims in the instant litigation or the allegedly defamatory nature of Ms. Lamkin's statement to Bloomberg News.

Mr. Rothschild may argue that Ms. Lamkin had the opportunity to take this discovery during the discovery period, but that is exactly her point. Had Ms. Lamkin known a litigation privilege affirmative defense was in play, she would have sought malice related discovery, *inter alia*. She had no reason to seek such discovery on the record as pleaded.

---

[3] A "'qualified [litigation] privilege' applies 'to statements made by attorneys as they undertake informal investigation during pending litigation and engage in ex-parte, out-of-court questioning of nonparty witnesses, so long as the statements are relevant to the subject of inquiry in the underlying suit." *Arko Plumbing Corp. v. Rudd*, 230 So. 3d 520, 524 (Fla. 3d DCA 2017) (quoting *DelMonico v. Traynor*, 116 So.3d 1205, 1218 (Fla. 2013)).

The court should not permit Plaintiffs to prevail on the defense now, when never raised, and given Ms. Lamkin's prejudice.

### D. The present record does not permit a determination of litigation privilege.

#### 1. The governing decisions require a contextual, fact-specific inquiry.

Florida affords absolute immunity to acts occurring during a judicial proceeding that bear some relation to that proceeding, and Florida courts apply that privilege to abuse-of-process claims. *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994); *LatAm Invs., LLC v. Holland & Knight, LLP*, 88 So. 3d 240, 242–43 (Fla. 3d DCA 2011). The privilege is not limited to statements in filed papers. It can extend to depositions, witness interviews, formal discovery, settlement discussions, and comparable conduct closely connected to litigation. *Grippa*, 133 F.4th at 1196–97. Thus, the fact that the January and February 2025 communications were emails outside a courtroom is not dispositive.

Nor is the privilege limitless. *Grippa* explains that absolute privilege may fail when a lawyer steps outside both the courtroom and formal discovery to pursue an extrinsic investigation or campaign. *Grippa*, 133 F.4th at 1197. The classification depends on what the communication was doing, to whom it was sent, whether it formed part of formal discovery or settlement, whether judicial relief was genuinely contemplated, and whether it instead sought collateral leverage through an external use of the litigation. *Id.*

Even if the absolute privilege does not apply, the qualified litigation privilege can provide immunity for "'ex-parte, out-of-court statements' that are related to the underlying lawsuit and were made without express malice." *Grippa*, 133 F.4th at 1198 (citation omitted). The Eleventh Circuit has explained that the "qualified litigation privilege . . . applies only upon the jury's finding of certain facts." *Id.*

11

Both absolute and qualified litigation privilege rely on deeply fact intensive questions that were not even mentioned, much less developed, in Plaintiffs' motion.

        2.       <u>The January 8 2025 communication and other alleged cross-case conduct require factual development.</u>

The January 8, 2025 email from E.D. Texas counsel to Ms. Lamkin is exemplary. It paired a wildfire admonition—"bad things happen to people and property"—with an assertion that Ms. Lamkin had developed a conflict with Starbucks because of the Bloomberg statements underlying this Litigation. [ECF No. 14-4 at 2.] Its style and tone could support an inference of coercive purpose, but context remains essential. The email arose during a dispute over deposition procedure, which may place it close to discovery; at the same time, it invoked Plaintiffs' Complaint here to challenge a separate attorney-client relationship and potentially obtain collateral relief. That fact-intensive tension cannot be resolved at summary judgment.

      **E.**      **Because Plaintiffs never raised litigation privilege as an affirmative defense in this case and because the parties were not on notice of any litigation privilege arguments, the record cannot support a finding that any litigation privilege defeats Ms. Lamkin's counterclaim.**

Because the R&R misreads the bases for Ms. Lamkin's abuse-of-process claim, *supra* Section IV.B, the R&R also fails to address whether the absolute or qualified litigation privilege applies to the conduct at issue. "Florida's litigation privilege comes in two forms: absolute and qualified." *Noshirvan v. Couture*, No. 2:23-cv-1218-JES-KCD, 2025 WL 1769669, at *19 (M.D. Fla. June 26, 2025) (citing *Grippa*, 133 F.4th 1186). "Absolute litigation privilege applies 'when the relevant statements were made either in front of a judicial officer or in pleadings or documents filed with the court or quasi-judicial body.'" *Id.* at *19 (quoting *Grippa*, 133 F.4th at 1194). "Qualified litigation privilege applies when 'ex-parte, out-of-court statements that are related to the underlying lawsuit a[re] made without express malice.'" *Id.* at *19 (alteration in original) (quoting *Grippa*, 133 F.4th at 1198); *Arko Plumbing*, 230 So. 3d at 527 (finding that qualified, not

absolute, litigation privilege applies to statements made in deposition). "The difference matters because under the qualified privilege," Ms. Lamkin must show that Plaintiffs acted with "express malice." *Arko Plumbing*, 230 So. 3d at 526.

As explained above, Ms. Lamkin's abuse-of-process claim asserts that the abuse of the process initiated in the instant lawsuit consisted of at least the following communications:

- On January 8, 2025, counsel for Analytical Technologies, LLC in the E.D. Tex. Litigation sent Ms. Lamkin an email referencing the facts of the instant lawsuit and stating "As a sad analogy, there is a proper approach to preventing wild fires in CA – e.g. implementation of control burns, but that isn't always implemented. As a result, bad things happen to people and property."

- On February 11, 2025, counsel for Analytical Technologies, LLC in the E.D. Tex. Litigation sent an email to Ms. Lamkin again referencing the facts of the instant lawsuit and stating "AT wants to explore her scope of testimony as percipient witness [*sic*] at trial and to determine why [Ms. Lamkin] believes should not be disqualified from representing Starbucks since she is a biased witness in this litigation and has filed legal allegations against at least management person outside of this litigation."

[ECF Nos. 14-4, 14-5.]

Because Plaintiffs never raised litigation privilege in this case, the present record does not permit the Court to determine as a matter of law whether every act supporting Ms. Lamkin's counterclaim was privileged, let alone which litigation privilege applies. For example, is it unclear whether the two emails above were made "in front of a judicial officer or in pleadings or documents filed with the court or quasi-judicial body" and therefore would be subject to absolute litigation privilege. *Noshirvan*, 2025 WL 1769669, at \*19 (quoting *Grippa*, 133 F.4th at 1194). Indeed, Florida courts do not permit the extension of absolute litigation privilege when there is "no judge or neutral third-party to strike defamatory statements; there is nowhere to seek sanctions for abusive conduct at the examination; and there is no threat of contempt with the power of the state behind it." *Arko Plumbing*, 230 So. 3d at 527. Because the R&R decided this issue *sua sponte*

without notice to the parties, the parties were never able to address whether and which litigation privilege applies.

If the statements are subject only to qualified litigation privilege, the R&R failed to consider whether there was a genuine issue of material fact that the emails were made with "express malice." Plaintiffs have offered no evidence or argument that they were "made without express malice." *Noshirvan*, 2025 WL 1769669, at *19 (quoting *Grippa*, 133 F.4th at 1198). Plaintiffs certainly have not met their burden of establishing this affirmative defense, as, again, Plaintiffs have never referenced litigation privilege in this case. *See Weinman v. Warren*, No. 8:21-cv-2604-CEH-TGW, 2023 WL 6376623, at *3 (M.D. Fla. Sept. 29, 2023) ("On summary judgment, a defendant bears the initial burden of establishing her affirmative defenses.").

To the contrary, Ms. Lamkin has shown that there is at least a genuine issue of material fact as to express malice such that summary judgment is improper. "Express malice 'may be established indirectly, i.e., by proving a series of acts which, in their context or in light of the totality of surrounding circumstances, are inconsistent with the premise of a reasonable man pursuing a lawful objective, but rather indicate a plan or course of conduct motivated by spite, ill-will, or other bad motive.'" *Arko Plumbing*, 230 So. 3d at 528 (quoting *McCurdy v. Collis*, 508 So. 2d 380, 382 (Fla. 1st DCA 1987)). In both her counterclaim and Opposition to Plaintiffs' Motion for Summary Judgment, Ms. Lamkin highlighted a series of communications and acts that show a plan and course of conduct to "(1) create settlement leverage in the E.D. Tex. Litigation, (2) create division between Attorney Lamkin and her client Starbucks, and (3) harm Attorney Lamkin." Lamkin's Countercl. [ECF No. 14 at 9–18; ECF No. 102 at 15–16.]

When "the circumstances surrounding the statement are in dispute, the question of qualified privilege is a factual determination for resolution by the jury." *Arko Plumbing*, 230 So. 3d at 528

14

(citation omitted); *McCurdy*, 508 So. 2d at 385 ("Since we recognize the difficulties involved in determining whether malice was the [primary] motivating factor in this interference case, we conclude the qualified privilege issue should be resolved by the trier of fact. Accordingly, the summary judgment is reversed . . . ."). Because the R&R did not decide whether the absolute or qualified litigation privilege applies, and because genuine issues of material fact exist as to qualified litigation privilege, at a minimum, these issues raise fact-intensive questions that should not be addressed without this issue ever having been litigated.

## V.   CONCLUSION

For the reasons explained in these Objections, Ms. Lamkin respectfully requests that the Court sustain her objection to Section III.C of the R&R, reject the R&R as to her abuse-of-process counterclaim, and deny Plaintiffs' Motion for Summary Judgment in full.

15

Dated: August 7, 2026

Respectfully submitted,

/s/ Brenton H. Cooper

Dario A. Machleidt
Washington Bar No. 41860
*Admitted pro hac vice*
Kathleen R. Geyer
Washington Bar No. 55493
*Admitted pro hac vice*
**KILPATRICK TOWNSEND
& STOCKTON LLP**
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
T: 206-224-2857
F: 206-374-2199
dmachleidt@ktslaw.com
kgeyer@ktslaw.com

Kristin M. Adams
Georgia Bar No. 474008
*Admitted pro hac vice*
Karina Glushchak
Georgia Bar No. 233307
*Admitted pro hac vice*
**KILPATRICK TOWNSEND
& STOCKTON LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
T: 404-815-6138
F: 404-541-3233
kmadams@ktslaw.com
kglushchak@ktslaw.com

Brenton H. Cooper
Florida Bar No. 1035909
**BAKER BOTTS L.L.P.**
700 K Street, N.W.
Washington, D.C. 20001
T: 202-639-1325
F: 202-639-7890
brent.cooper@bakerbotts.com

Paul R. Elliott
Texas Bar No. 06547500
*Admitted pro hac vice*
**BAKER BOTTS L.L.P.**
910 Louisiana St.
Houston, Texas 77002
T: 713-229-1226
F: 713-229-1522
paul.elliott@bakerbotts.com

Rachael D. Lamkin
*Admitted pro hac vice*
California Bar No. 246066
**BAKER BOTTS L.L.P.**
101 California Street
San Francisco, California 94111
T: 415-291-6264
F: 415-291-6364
rachael.lamkin@bakerbotts.com

*Attorneys for Defendant Rachael Lamkin*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 7, 2026, a true and correct copy of the above document

was provided to all counsel of record through the Court's CM/ECF system.

/s/ *Benton H. Cooper*
Brenton H. Cooper

16