**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-cv-24669-DPG**

LEIGH M. ROTHSCHILD and
ANALYTICAL TECHNOLOGIES, LLC,

      Plaintiffs,

v.

STARBUCKS CORPORATION and
RACHAEL LAMKIN.

      Defendants.

_____/

**ORDER**

**THIS CAUSE** comes before the Court on Magistrate Judge Detra Shaw-Wilder's Omnibus Report and Recommendation on Motions for Summary Judgment ("Omnibus Report"). [ECF No. 194]. On December 2, 2025, this Court referred the case to Judge Shaw-Wilder for a ruling on all pretrial non-dispositive matters and a report and recommendation on all dispositive matters. [ECF No. 79]. On December 19, 2025, Plaintiffs filed their Motion for Summary Adjudication of Defamation and no Abuse of Process ("Plaintiffs' Motion"). [ECF No. 89]. On the same day, Defendant Rachael Lamkin filed her Motion for Summary Judgment on Plaintiffs' Claims in their Entirety and for Attorneys' Fees under Florida's Anti-SLAPP Statute ("Lamkin's Motion"). [ECF No. 91]. After the motions were fully briefed, Judge Shaw-Wilder held a hearing and heard arguments from the parties. [ECF No. 115]. Then, on July 24, 2026, Judge Shaw-Wilder issued her Omnibus Report, recommending that Plaintiffs' Motion be granted in part and denied in part and that Lamkin's Motion be granted. [ECF No. 194]. Plaintiffs and Defendant Lamkin timely objected to the Omnibus Report. [ECF Nos. 198, 199].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). The objected portions of the report and recommendation are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which no specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). After conducting a *de novo* review of the record, the Court agrees with Judge Shaw-Wilder's well-reasoned analysis and conclusions that Plaintiffs' Motion be granted in part and denied in part and that Lamkin's Motion be granted.

## CONCLUSION

Therefore, it is **ORDERED AND ADJUDGED** as follows:

(1)     The Omnibus Report and Recommendation, [ECF No. 194], is **ADOPTED** in full.

(2)     Plaintiffs' Motion, [ECF No. 89], is **GRANTED in part and DENIED in part**. Plaintiffs are entitled to summary judgment on Defendant Lamkin's counterclaim for abuse of process. Plaintiffs, however, are not entitled to summary judgment on the defamation claim.

(3)     Defendant Lamkin's Motion, [ECF No. 91], is **GRANTED**. Defendant Lamkin is entitled to summary judgment on Plaintiffs' claims for defamation (Count I) and tortious interference with business relationships (Count III).[1]

(4)     Defendant Lamkin is entitled to Attorneys' fees under Florida Anti-SLAPP Statute. The Court reserves jurisdiction to enter an award of fees and costs.

---

[1] On March 13, 2026, the Court dismissed Plaintiffs' claims for intentional infliction of emotional distress (Count II) and unfair competition (Count IV). [ECF No. 135].

(5)     All pending motions, [ECF Nos. 69, 82, 144, 146, 180, 187, 191, 192], are **DENIED as moot**.

(6)     On or before **August 27, 2026**, the parties shall meet and confer and submit to the Court a proposed Final Judgment consistent with this Order.

(7)     The case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of August, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**