**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:24-cv-24669-DPG**

**Leigh M. Rothschild**, an individual citizen of Florida, and **Analytical Technologies, LLC**, a Wyoming company,

Plaintiffs,

v.

**Starbucks Corporation**, a Washington corporation, and **Rachael Lamkin**, an individual citizen of California,

Defendants.
_______________________________________/

**Reply In Support Of Plaintiffs' Motion To Dismiss**

Pursuant to Local Rule 7.1(c)(1), Plaintiffs reply hereby in support of their Motion to Dismiss this action, with prejudice, pursuant to the parties' settlement agreement. *See* ECF Nos. 206-207. None of Defendant Lamkin's arguments has merit.

First, Lamkin argues that ***Plaintiffs' signatures*** on a document titled "SETTLEMENT AGREEMENT"—a document which ***Lamkin herself wrote and prepared and sent as an "offer" for "acceptance" via signatures***—should somehow be characterized as "preliminary settlement negotiations" rather than "a binding, enforceable contract." Settled law does not support such a notion, which this Court should reject. Instead, this Court should agree that these circumstances demonstrate the latter conclusion, not the former, is correct.

Second, Lamkin argues that any settlement required a condition precedent of "approval from [Lamkin's] firm, Baker Botts L.L.P." Not so, however, because (a) Baker Botts is not (and has never been) a party to this action, (b) Baker Botts is never mentioned as a party to Lamkin's accepted and signed (by both Plaintiffs) "SETTLEMENT AGREEMENT," and (c) Paragraph 6 of Lamkin's accepted and signed (by both Plaintiffs') "SETTLEMENT AGREEMENT" precludes any separate condition precedent to Plaintiffs' acceptance of Lamkin's offer of a final, enforceable settlement, as follows: "6. Entire Agreement. ***This Agreement is the entire agreement among the Parties concerning its subject matter*** . . . ." *See* ECF No. 206-1 at 3 (emphasis added). Lamkin's attempt to deny "mutual assent" is disingenuous in view of her own preparation and presentation of the "SETTLEMENT AGREEMENT" to Plaintiffs for acceptance via signatures, which is exactly what happened.

Third, Lamkin mischaracterizes the record of text messages and emails between herself and Plaintiffs' counsel. As the Court will see on even a brief review, rather than advising that she "did not have settlement authority," Lamkin acted within her own authority including stating on August 25, 2026: "Why don't you send me a term sheet of the most important terms and ***then I can agree to those*** and then we'll have an agreement." *See* ECF No. 206-3 at 4; ECF No. 206-2 at 3 (Lamkin confirming: "That's it. That's the settlement."). This was ***after*** Plaintiffs' counsel already had confirmed the agreement over text message, in response to Lamkin's proposed key terms: ***"Ok we have a deal."*** *See id.* ***At that point, already there was an enforceable agreement, even without signatures***. Also, this mutual assent was not affected by any condition precedent related to Baker Botts, which had never been mentioned as a proposed condition precedent, much less agreed as such.

Lamkin argues against mutual assent, but there were at least two instances of mutual assent, on any reasonable, objective view of the circumstances. First, on August 25, 2026, Lamkin offers for acceptance the following unequivocal terms:

> My law firm is willing to let it go if Rothschild makes a public apology to me and Baker Botts. He should say publicly and we can determine the forum: "I apologize to Rachael Lamkin and Baker Botts for suing Rachael Lamkin for defamation I was wrong to do so." Let me know if Mr. Rothschild is going to do that and then we can hammer out the details if he is . . . .

***Plaintiffs responded, "Ok we have a deal."*** ECF No. 206-3 at 2-4 (emphasis added). This is an offer by Lamkin, and an acceptance by Plaintiffs. The second instance of mutual assent is Lamkin sending Plaintiffs another offer in the form of a written, integrated "SETTLEMENT AGREEMENT" making no mention in the agreement about any conditions precedent. Plaintiffs ***accepted that offer*** by signing the un-edited document. With Plaintiffs' signatures, the required "offer" and "acceptance" was completed, and the written agreement is enforceable (as well as the earlier offer and acceptance in Plaintiffs' statement "Ok we have a deal."). Any reference to parol evidence about conditions precedent which are never mentioned in the agreement itself, would be inapposite.

Lamkin's reliance on her firm's approval is insufficient also because before she cited that as a condition precedent, Lamkin already had agreed, stated "That's it. That's the settlement," and described the next step as "memorializ[ing]" it. *See* ECF No. 206-2 at 3. Thus, the issue is not whether Plaintiffs can convert an expressly conditional offer into a contract, as in *Lorenzo*. The issue is whether Lamkin's subsequent effort to obtain additional firm approval could undo a settlement she had already objectively declared complete.

**<u>Conclusion</u>**

Under time-honored principles of contract formation, this Court should dismiss this action, with prejudice.

Dated: October 5, 2026

Respectfully submitted,



Edward F. O'Connor (FL Bar No. 132223)
efo@avynolaw.com
**Law Offices Edward F. O'Connor**
104 Seabreeze Circle
Jupiter, Florida 33477
Tel: 949.291.2894

Stephen M. Lobbin (admitted *pro hac vice*)
sml@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

Attorneys for Plaintiffs

**<u>CERTIFICATE OF SERVICE</u>**

I certify hereby that I served the foregoing document on October 5, 2026 via CM/ECF on counsel for Defendants.

<u>/s/Edward F. O'Connor</u>