**EXHIBIT 6**

LAW360

**Portfolio Media. Inc.** | 230 Park Avenue, 7th Floor | New York, NY 10169 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Valve Jury Says Rothschild, Atty Broke Anti-Patent Troll Law

By **Rachel Riley**

Law360, Seattle (February 17, 2026, 5:04 PM EST) -- Inventor Leigh Rothschild, his companies and his former attorney broke Washington state's anti-patent trolling law by making a bad faith assertion of patent infringement against video game developer Valve Corp., and Rothschild and his companies breached an intellectual property licensing deal in the process, a Seattle federal jury found on Tuesday.




Valve sued Rothschild and his affiliates over allegedly "bad faith" patent claims in July 2023, but Rothschild claimed he has always acted in good faith to exercise his patent rights. (Pavlo Gonchar/SOPA Images/Sipa USA)(Sipa via AP Images)

Following a four-day trial and roughly four hours of deliberations, the eight-member jury found Rothschild, his patent assertion firms Patent Asset Management and Rothschild Broadcast Distribution Systems, and his former legal counsel Samuel Meyler and Meyler Legal PLLC liable for violating the Washington Patent Troll Prevention Act and a state consumer protection law by asserting bad faith patent infringement claims against Valve.

Jurors awarded Valve the $22,092 in damages it had sought under the WPTPA, a law that was passed in 2015 to deter and punish frivolous patent suit filers.

Jurors also said Rothschild and his companies must pay Valve an additional $130,001 for breaching a 2016 global settlement and license agreement, under which the video game studio paid $130,000 for the

rights to a series of patents in exchange for Rothschild's promise not to sue for infringement of those patents.

The jury further found Valve proved that one claim of a patent at issue — U.S. Patent No. 8,856,221 — was invalid because it likely would have been obvious to a person of ordinary skill in the art at the time it was filed.

Washington-based Valve, which sells popular titles on its online platform Steam, first sued Rothschild and his affiliates over the "bad faith" patent claims in July 2023.

During **opening arguments** in the trial on Feb. 10, counsel for Valve told jurors that Rothschild and his companies had breached the 2016 deal by repeatedly suing and threatening to sue Valve over patents covered by the agreement in the hopes of cornering the video game developer into a settlement.

Rothschild, meanwhile, said he has always acted in good faith when exercising his legal rights to enforce the patents held by his companies. He argued that Valve's entire case is based on a series of mistakes that he and his team have since admitted to and never profited from.

U.S. District Judge Jamal N. Whitehead concluded in a recent **summary judgment ruling** that Rothschild and his firm Display Technologies LLC breached the covenant not to sue included in the 2016 agreement by filing a September 2022 patent infringement lawsuit against Valve that was subsequently dismissed.

But Judge Whitehead determined that a jury should decide whether a June 2023 letter — in which one of Rothschild's companies threatened to take Valve to court again over the use of a licensed patent — amounted to a second breach of the 2016 deal.

On Tuesday, the jury granted Valve's full request for $130,000 in damages for the initial 2022 breach. The jurors further agreed with the video game developer that the June 2023 letter constituted a material breach of the agreement and awarded Valve $1 in damages for the second breach, as Valve's counsel had requested during closing arguments.

The jury found Rothschild and Rothschild Distribution Systems did not have a "just excuse" for repudiating their obligations under the 2016 deal by sending the June 2023 letter, according to the **verdict form**.

The defendants' attorney Joseph J. Zito of DNL Zito informed the court after jurors were dismissed that the defense intends to argue in post-trial filings that the evidence doesn't support several of the jury's findings.

Zito told Law360 that he and his clients disagree with the verdict, but did not elaborate. Counsel for Valve declined to comment Tuesday.

According to the defense's trial brief, Rothschild is a prolific inventor and technology entrepreneur with more than 130 U.S. patents, including many related to wireless communications, multimedia and mobile technology.

Just before the trial, Judge Whitehead **ordered** Rothschild to pay Valve $5,000 in discovery-related sanctions for failing to produce certain personal financial information until just before the trial.

In another ruling on the eve of trial, the judge threatened to issue more penalties based on a pretrial motion from Rothschild that contained fake quotes attributed to Valve's expert reports and fabricated case citations apparently generated by artificial intelligence. The court has ordered Zito to explain why sanctions should not be imposed, to provide more information about any AI tools used to analyze Valve's expert reports and identify any inaccuracies in a recent brief.

Valve is represented by Dario A. Machleidt, Kathleen R. Geyer, Christopher P. Damitio, Marianthi Karas and David Reed of Kilpatrick Townsend & Stockton LLP.

Rothschild and the other defendant companies are represented by Joseph J. Zito and René A. Vazquez of DNL Zito and Matthew J. Cunanan of DC Law Group.

The case is Valve Corp. v. Rothschild et al., case number 2:23-cv-01016, in the U.S. District Court for the Western District of Washington.

--Additional reporting by Elliot Weld. Editing by Michael Watanabe.

---

All Content © 2003-2026, Portfolio Media, Inc.