**EXHIBIT 8**

LAW360

**Portfolio Media. Inc.** | 230 Park Avenue, 7th Floor | New York, NY 10169 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Valve's Anti-Troll Law Win Could Open New Doors

By **Dani Kass**

Law360 (February 20, 2026, 10:31 PM EST) -- The first jury verdict in the U.S. finding a patent owner violated state law meant to curb bad faith patent suits had unique circumstances that will be hard to repeat, but attorneys say Tuesday's decision still has them considering the little-used laws more closely.

U.S. District Judge Jamal Whitehead on Jan. 28 **determined** that private parties can assert the Washington Patent Troll Prevention Act, rather than leaving enforcement exclusively to the state. Based on that permission, the **Seattle jury** then handed Valve Corp. a first-of-its-kind win against inventor Leigh Rothschild and related parties.

The jury's $152,000 verdict also highlights that any company willing to take an anti-troll suit to trial may be able to send a message to a nonpracticing entity, but likely won't break even, said Morrison Foerster LLP partner Brian Nash, who has represented Valve in matters with Rothschild in the past, but is not involved in the current matter.

"When I saw this suit being filed, I remember thinking, 'Oh, I wonder if this is going to be our first test case on it," Nash said. "When you look at the amounts involved, it's obviously going to be more expensive to litigate a case through trial like this one. It has to be a plaintiff who's looking to and has the sort of wherewithal to take a case all the way through trial on principle."

Counsel for Valve and Rothschild didn't respond to requests for comment.

### Long-Awaited Decision

In 2013, Vermont signed the first law in the U.S. aimed at curbing lawsuits from companies that buy patents just to assert them in the hopes of a quick settlement. Various laws use the term "patent troll," but the companies are also referred to as patent assertion or monetization entities.

Thirty-three other states have joined Vermont, but it took more than a decade to have a trial on the merits of alleged bad faith patent assertions, and it was a particularly unique case that made it happen.

## States With Bad-Faith Patent Laws

Thirty-four states have laws directed at patent "trolls."

Law in effect



LAW360

Map: Ben Jay • Source: Itziar Lazkano (University of Wisconsin–Milwaukee — Department of Economics) and Jangsu Yoon (University of Kentucky — Department of Economics), "The Effect of U.S. Anti-Troll Patent Laws on Litigations and Innovation Activity" • Created with Datawrapper

Valve filed a **declaratory judgment suit** in 2023, saying it had received demand letters from the Rothschild parties. The problem was Valve already had a global license to the patents, featuring a covenant not to sue.

The contract is likely what "pushed the court and the jury over the edge here," said Norton Rose Fulbright's Robert Greeson.

The jury's February verdict would fully refund Valve's licensing fee — $130,000 — plus an extra dollar, for breach of contract. The jury had found Rothschild should pay $7,364 for violations of the patent law and state consumer protection law, which the jury then tripled to the maximum of $22,092. The jury also invalidated one of Rothschild's patents.

"If you believe the defendants, they didn't realize when they threatened enforcement actions that they included those licensed patents," said Barnes & Thornburg LLP partner Jeff Barron. "The defendants in this case knew or should have known that these patents had already been licensed and that trying to get a second license fee from the licensee wasn't proper. They're trying to double-dip."

Kevin Schubert of McKool Smith, who — unlike the others interviewed for this story — regularly represents patent owners, agreed this case is an outlier rather than something assertion entities will have to face more often.

"The Valve case was about asserting patents in bad faith, and I think for the vast majority of patent

plaintiffs, that's just not something that is going to play," Schubert said. "It may change the patent landscape for a small number of patent plaintiffs and counsel that have been asserting low quality or unvetted patent assertions, but I don't think that's a large portion of the patent owner market."

The jury's decision also stands out because it held the inventor personally liable, along with his companies Patent Asset Management and Rothschild Broadcast Distribution Systems; his former lawyer Samuel Meyler; and Meyler's former firm Meyler Legal PLLC.

"I think this may be the first one of its nature where not only was there a private right of action that was successfully implemented, but also where the jury so specifically and wholeheartedly ruled against the patent troll, and they did so in a way that not only awarded damages but awarded damages personally against the party, and breaching the corporate veil," said Lionel Lavenue of Finnegan Henderson Farabow Garrett & Dunner LLP. "That's all very surprising."

Meyler, now with Reed Longyear Malnati Corwin & Burnett PLLC, did not immediately respond to a request for comment.

**Who Gets To Sue**

The private right of action referred to by Lavenue marks the most significant legal principle decided in the case. The anti-troll laws are based on consumer protection, not patent law, and they're meant to be enforced by the government. The laws vary in how set that language is and whether there is the ability for a private party to assert it.

"They have been few and far between," Norton Rose's Greeson said about government enforcement.

One of those few cases from the Washington attorney general just settled, with Landmark Technology A LLC and related individuals agreeing to pay **$95,000** in January and stop asserting two e-commerce patents.

But Morrison Foerster's Nash said such investigations are unlikely to happen for a multibillion-dollar company like Valve.

"If you leave it to the attorney general, it really defangs legislation like this," Nash said. "Attorney generals get involved when they see a pattern of behavior across a wide segment of businesses or of the population that may not have the resources to challenge it."

He continued: "I don't know that attorney generals are necessarily going to get involved when a company with means like Valve is also facing that same level of abuse. So allowing a private party like Valve to also pursue its own action, I think it's really important."

"It does give an [accused infringer] more teeth," Greeson said. "I think that this may capture the attention of would-be defendants. I expect clients who have heard about it will want to know if this is viable. And I think, at least in the state of Washington, it certainly is."

Most attorneys who spoke with Law360 said the Valve case is too unique to apply to 99% of their clients, but Finnegan's Lavenue said the private right of action is something that has influenced his decisions before.

"I have a new case now that was filed in Virginia, and Virginia does not provide for a private right," he said. "I actually thought about moving the case to Georgia, where there is a private right."

**Troll Law Battles Continue**

Rothschild will likely appeal, but what that appeal looks like is up in the air, Finnegan's Lavenue said.

"It was such a one-sided, whole-handed victory for Valve that there are various aspects that Rothschild will be able to pick from," he said. "Any appellate litigator knows that you don't want to pick more than three issues because, [if you have any] more than that, you're going to lose the appellate court with just too many arguments."

Those options include the private right of action, preemption of a discovery-related dispute, personal liability, the patent invalidation and another key element in the litigation: sanctions.

On Feb. 9, Judge Whitehead **ordered** Rothschild to pay Valve $5,000 for discovery violations and told Rothschild's counsel to explain why it shouldn't be sanctioned more for using artificial intelligence-generated quotes attributed to Valve's expert and AI-generated citations.

"You had this mountain of unique facts and circumstances that certainly didn't help [Rothschild] here," Greeson said of the AI misconduct.

Litigation also is playing out right now over the Idaho Bad Faith Assertions of Patent Infringement Act. Longhorn IP LLC and affiliate Katana Silicon Technologies LLC sued Boise-based Micron Technology for infringement, and Micron asserted the state law as a counterclaim.

The district court ordered Longhorn and Katana to pay an $8 million bond, which they then challenged at the Federal Circuit by claiming the bad faith law is unconstitutional. A panel **rejected** its appeal in December as premature, since there wasn't a final judgment.

Micron had garnered the support of **27 states** and various tech organizations when defending the constitutionality of the law at the Federal Circuit.

Another Washington federal judge is overseeing now-stayed litigation where Starbucks Corp. has **accused** Valtrus Innovations Ltd. and Key Patent Innovations Ltd. of violating the act.

Landmark, the patent owner that just settled with the state of Washington, had unsuccessfully argued that prelitigation demand letters are protected speech under the First Amendment. The federal judge said only bad faith letters are being targeted, and those aren't protected by the amendment's petition clause.

--Additional reporting by Rachel Riley, Ben Adlin and Lauren Berg. Editing by Leah Bennett.

---

All Content © 2003-2026, Portfolio Media, Inc.