**EXHIBIT 16**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

---

| | | |
|---|---|---|
| VALVE CORPORATION, Plaintiff, | ) | CASE NO. C23-1016 |
| v. | ) | Seattle, Washington |
| LEIGH ROTHSCHILD; ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC; DISPLAY TECHNOLOGIES, LLC; PATENT ASSET MANAGEMENT, LLC; MEYLER LEGAL, PLLC; AND SAMUEL MEYLER, Defendants. | ) | February 13, 2026<br>8:55 a.m.<br><br>JURY TRIAL, VOL. 5 |

---

VERBATIM REPORT OF PROCEEDINGS
BEFORE THE HONORABLE JAMAL N. WHITEHEAD
UNITED STATES DISTRICT JUDGE

---

APPEARANCES:

For the Plaintiff:

Dario A. Machleidt
Kathleen R. Geyer
Christopher P. Damitio
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101

David A. Reed
Kilpatrick Townsend & Stockton LLP
100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309

Marianthi Karas
Kilpatrick Townsend & Stockton LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

For the Defendants:

Joseph J. Zito
René A. Vazquez
Robert B. Cadle
DNL Zito
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036

For the Defendants: Matthew J. Cunanan
DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125

Reported by: Nancy L. Bauer, CCR, RPR
Federal Court Reporter
700 Stewart Street, Suite 17205
Seattle, WA 98101
nancy_bauer@wawd.uscourts.gov

covered by the claims in the patent.

Before sending the letter asserting Valve engaged in patent infringement, whether defendants failed to conduct any reasonable analysis comparing the claims in the patent to Valve's product, service, or technology.

Whether defendant's assertion of patent infringement contained false, misleading, or deceptive information.

Whether defendants or a subsidiary or an affiliate of defendants previously filed or threatened to file one or more lawsuits based on the same or substantially equivalent assertion of patent infringement, and a court found the assertion to be without merit or found the assertion contains false, misleading, or deceptive information.

Whether defendant Rothschild intentionally uses uncapitalized companies for issuing threats of patent infringement while being shielded from personal liability under state laws like the Washington Patent Troll Prevention Act.

Whether defendants RBDS and Display Technologies are shell companies that are intentionally maintained with minimal assets in capital to shield defendant Rothschild from personal liability from the fee-shifting risk associated with baseless infringement assertions.

After Valve filed the present lawsuit accusing the defendants of violating the Washington State Patent Troll Prevention Act, whether defendants or other entities they own or

control filed patent infringement lawsuits against Valve for retaliatory reasons to gain leverage over Valve in this case.

Whether defendants engaged in a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements with no intention of testing the merits of the infringement claims.

Whether the defendants exploited the high cost to defend a patent litigation to extract nuisance value settlements.

And whether defendants were willfully ignorant of prior art to the '221 Patent.

Instruction No. 28: In determining whether defendants asserted patent infringement in bad faith, you may also consider the following factors as evidence that defendants have made an assertion of patent infringement in good faith. Although you should consider any evidence of these factors, the relevance and importance of any individual factor to your decision on whether the defendants acted in bad faith is up to you.

One, whether defendants have engaged in reasonable analysis to establish a reasonable, good-faith basis for believing Valve has infringed a patented and attempted to negotiate an appropriate remedy in a reasonable manner.

Two, whether the defendants have demonstrated reasonable business practices in previous efforts to enforce the patent or successfully enforced the patent, or a substantially similar

INDEX OF EXAMINATION


| EXAMINATION OF | | PAGE |
|---|---|---|
| PAUL GUGLIUZZA | CROSS-EXAMINATION continued BY MR. ZITO | 8 |
| | REDIRECT EXAMINATION BY MR. MACHLEIDT | 26 |
| SAMUEL MEYLER | DIRECT EXAMINATION BY MR. ZITO | 45 |
| | CROSS-EXAMINATION BY MS. GEYER | 55 |
| | REDIRECT EXAMINATION BY MR. ZITO | 57 |
| LEIGH ROTHSCHILD | DIRECT EXAMINATION BY MR. ZITO | 58 |
| | CROSS-EXAMINATION BY MR. MACHLEIDT | 76 |
| | REDIRECT EXAMINATION BY MR. ZITO | 82 |


GENERAL INDEX


| | |
|---|---|
| JMOLS | 28 |
| COURT'S INSTRUCTIONS | 117 |
| PLAINTIFF'S CLOSING ARGUMENT | 146 |
| DEFENDANTS' CLOSING ARGUMENT | 171 |
| PLAINTIFF'S REBUTTAL ARGUMENT | 188 |

INDEX OF EXHIBITS

PLAINTIFF EXHIBITS

| EXHIBIT | ADMITTED | WITHDRAWN |
|---|---|---|
| 1 | 28 | |
| 1 | 44 | |
| 634 | 78 | |
| 648 | 80 | |

DEFENSE EXHIBITS

| EXHIBITS | ADMITTED | WITHDRAWN |
|---|---|---|
| A-1 | 61 | |
| A-3 | 63 | |
| A-17 | 47 | |
| A-19 | 48 | |
| A-20 | 49 | |
| A-21 | 50 | |
| A-28 | 68 | |
| A-29 | 51 | |
| A-30 | 52 | |

C E R T I F I C A T E

I, Nancy L. Bauer, CCR, RPR, Court Reporter for the United States District Court in the Western District of Washington at Seattle, do hereby certify that I was present in court during the foregoing matter and reported said proceedings stenographically.

I further certify that thereafter, I have caused said stenographic notes to be transcribed under my direction and that the foregoing pages are a true and accurate transcription to the best of my ability.

Dated this 13th day of February 2025.

/S/ Nancy L. Bauer

Nancy L. Bauer, CCR, RPR
Official Court Reporter
WSL#22003010