**EXHIBIT 17**

Case 2:23-cv-01016-JNW Document 230 Filed 02/09/26 Page 1 of 13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

Plaintiff,

v.

ROTHSCHILD ET AL,

Defendants.

CASE NO. 2:23-cv-01016-JNW

ORDER ON VALVE'S MOTIONS FOR SANCTIONS

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Valve Corporation's first and second motions for sanctions, Dkt. Nos. 147, 188. Having reviewed the motions, the responses, replies, supporting materials, and relevant record, the Court GRANTS the motions IN PART.

## 2. BACKGROUND

This dispute is between Plaintiff Valve Corporation ("Valve"), a video game developer and distributor, and various Defendants, including Leigh Rothschild ("Rothschild"); Display Technologies, LLC ("DT"); Rothschild Broadcast Distribution

Systems, LLC ("RBDS"). DT and RBDS are owned by Patent Asset Management LLC ("PAM"), of which Rothschild is the sole owner.[1] Dkt. No. 80 at Responses to ¶¶ 9, 44. Valve sues Defendants, alleging among other things that they made bad-faith assertions of patent infringement against Valve.

The Parties are well aware of the background and history of the claims involved in this dispute, *see*, *e.g.*, Dkt. No. 218, so the Court will not repeat them here. Instead, the Court briefly summarizes the facts pertaining to the discovery disputes at issue in Valve's motions for sanctions.

**2.1 Discovery disputes at issue.**

On May 16, 2025, Valve moved to compel the Rothschild Defendants' responses to "targeted, financial discovery" requests included in Valve's second set of interrogatories and requests for production. Dkt. No. 83 at 6. The Rothschild Defendants did not respond to the motion. Dkt. No. 115.

On May 27, 2025, while its motion to compel was still pending, Valve served Defendants with additional discovery requests. *See* Dkt. Nos. 148-1–148-8 (Valve's Fourth Set of Interrogatories and Third Set of Requests for Production). These requests sought information regarding, among other things, the capitalization of PAM, DT, and RBDS and the financial/corporate connections between each other and Rothschild. Despite Defendants' failure to produce responses to either set of discovery requests by the August 11, 2025, deadline, *see* Dkt. No. 148-29, Valve held

[1] For purposes of this Order, the Court will refer to Rothschild, DT, RBDS, and PAM together as the "Rothschild Defendants."

off on moving to compel upon Defendants' assurances that responsive production was forthcoming, *see* Dkt. No. 148-31 at 2–3.

Valve waited nearly three months for the Rothschild Defendants' responses to the outstanding discovery request, during which time the October 13, 2025, discovery motion deadline in this matter lapsed. *See* Dkt. No. 106. On October 29, 2025, Valve informed the Rothschild Defendants of its intention to move for discovery sanctions based on Defendant's failure to respond. Dkt. No. 148-33. Counsel for Defendants responded that he recalled that the responses were served "at the end of August,"[2] and then provided Valve with unverified responses and objections to the outstanding requests. Dkt. No. 148 ¶ 43; Dkt. No. 148-34.[3] The next day, on October 30, 2025, Valve moved for sanctions. Dkt. No. 147.

Meanwhile, on December 10, 2025, the Court granted Valve's May 16, 2025, motion and ordered the Rothschild Defendants to, within 21 days of the order, produce (1) financial records and documents showing the transfer of funds between and among Rothschild and his related corporate entities; and (2) documents responsive to Valve's proposed search terms. Dkt. No. 175 at 2–6. On December 30, 2025, a day before the Court's deadline, the Rothschild Defendants produced eight PDF documents, including tax documents and bank account information for PAM, but no financial information related to Rothschild, RBDS, or DT. Dkt. No. 196 ¶ 3;

---

[2] Valve claims to not have received those responses in August. Dkt. No. 148 ¶ 40.
[3] The responses indicate August 25, 2025, as the date of service. Dkt. No. 148-34 at 35.

Dkt. No. 215 ¶ 3. After meeting and conferring, Valve subsequently filed its second motion for sanctions. Dkt. No. 188.

After the second motion for sanctions was filed, the Rothschild Defendants produced an additional tranche of financial documents and provided Valve with 22 gigabytes—or approximately 33,000 files worth—of unreviewed ESI documents. Dkt. No. 215-10.

## 3. DISCUSSION

### 3.1 Legal standard.

Federal Rule of Civil Procedure 37(b)(2) provides that if a party fails to obey an order compelling discovery, the court may impose sanctions including: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . ." Fed. R. Civ. P. 37(b)(2)(A). The sanctions set forth in Rule 37(b)(2)(A) are available to remedy a number of discovery violations, including when a party has failed to serve its answers, objections, or written response, *see* Fed. R. Civ. P. 37(d)(1)(A)(ii), or failed to disclose or supplement discoverable information, *see* Fed. R. Civ. P. 37(c)(1)(C). In the latter instance, the court may also "inform the jury of the party's failure" to provide the information. Fed. R. Civ. P. 37(c)(1)(B). District courts have "wide latitude" to sanction parties who have violated discovery rules. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Indeed, "[t]he scope of

sanctions for failure to comply with a discovery order is committed to the sound discretion of the district court." *Payne v. Exxon Corp.*, 121 F.3d 503, 510 (9th Cir. 1997). *See also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (standard of review for discovery sanctions is abuse of discretion).

In any case, the party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless. *R & R Sails, Inc. v. Ins. Co. of PA*, 673 F.3d 1240, 1246 (9th Cir. 2012).

**3.2 Sanctions are warranted.**

Valve asks this Court to sanction the Rothschild Defendants under Federal Rule of Civil Procedure 37(b) for violating their discovery obligations and Court orders to compel. Dkt. Nos. 147, 188. Valve further argues that these failures were willful. *See* Dkt. No. 147 at 15. The Court agrees.

The Rothschild Defendants do not contest that their failure to respond to Valve's Fourth Set of Interrogatories and Third Set of Requests for Production was willful, made in bad faith, and warrants sanctions. The Rothschild Defendants did not file a response to Valve's first motion for sanctions, which "may be considered by the court as an admission that the motion has merit." *Platt v. Holland Am. Line Inc.*, No. 2:20-CV-00062-JHC, 2023 WL 2161455, at *2 (W.D. Wash. Feb. 22, 2023) (quoting LCR 7(b)(2)). Accordingly, the Court treats the Rothschild Defendants' failure to respond to the merits of Valve's first motion for sanctions as a concession

that sanctions are warranted, and that the Rothschild Defendants' stonewalling was done willfully.

And while the Rothschild Defendants responded to Valve's second motion for sanctions, *see* Dkt. No. 195, their arguments are unconvincing. The Court ordered the Rothschild Defendants to respond to Valve's Request for Production No. 37, *see* Dkt. No. 175, which asked for "[a]ll audited and unaudited profit-and-loss statements, balance sheets, cash-flow statements, and other financial records for any Defendant or Related Company from 2016 to the present." Dkt. No. 84-7 at 5. The Rothschild Defendants concede that they did not produce these records for Rothschild and confirmed as much during oral argument. Rather, the Rothschild Defendants claim that their production of bank statements for RBDS, PAM, and DT is sufficient to show "any transfer of funds to or from Mr. Leigh Rothschild," and therefore sanctions are not necessary to cure any previous failure to respond. Dkt. No. 195 at 4–5. But this argument is too little too late; the Court ordered the Rothschild Defendants to produce *Rothschild's* financial records—not records of his companies sufficient to show a portion of Rothschild's transfers. By failing to do so, the Rothschild Defendants willfully violated this Court's discovery order. This, too, warrants sanctions under Federal Rule of Civil Procedure 37(b)(2)(A). *See Wanderer v. Johnston,* 910 F.2d 652, 657 (9th Cir. 1990) (sanctions were appropriate where a party failed to produce discovery as ordered by the court despite the party's "unique view of what substantial compliance [with a court order] entail[ed].").

### 3.3 Appropriate sanctions.

Having found that sanctions are warranted, the Court must fashion a remedy that is "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)*; accord Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001). Valve seeks three categories of relief: (1) issue and evidentiary sanctions deeming certain matters established; (2) exclusionary sanctions barring introduction of untimely-produced documents; and (3) monetary sanctions in the form of attorneys' fees. The Court addresses each in turn.

#### 3.3.1 Issue and evidentiary sanctions.

The Court first considers Valve's request for issue and evidentiary sanctions under Rule 37(b)(2)(A)(i). The withheld discovery relates to Valve's theories that (1) "Rothschild and the Corporate Defendants are alter-egos of each other," Dkt. No. 147 at 13–14; and (2) "Rothschild uses intentionally undercapitalized shell companies to assert infringement claims for the purpose of shielding himself from liability." Dkt. No. 188 at 15. By failing to oppose Valve's first motion for sanctions, the Rothschild Defendants concede that Valve's alter ego theory is relevant to the bad-faith inquiry under RCW 19.350.020, and the Court has "no doubt" Valve's ability to prove bad faith was "seriously impaired by the absence of the withheld documents." *Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 393 (N.D. Cal. 2012); *see also* Dkt. No. 175 at 4.

Because both theories turn on whether the Rothschild Defendants disregarded the corporate form, the Court briefly discusses the legal framework governing alter ego claims. Washington recognizes two paths to disregarding the corporate form. The first requires that (1) "the corporate form must be intentionally used to violate or evade a duty," and (2) "disregard must be necessary and required to prevent unjustified loss to the injured party." *Meisel v. M & N Mod. Hydraulic Press Co.*, 645 P.2d 689, 692 (Wash. 1982). The second is the alter ego theory, under which the corporate veil may be pierced when "the corporate entity has been disregarded by the principals themselves so that there is such a unity of ownership and interest that the separateness of the corporation has ceased to exist." *Grayson v. Nordic Constr. Co.*, 599 P.2d 1271, 1273–74 (Wash. 1979).

The precise relationship between these theories is not always clear in application, *see Lewis v. Vail Resorts, Inc.*, No. 2:23-cv-00812-RSL, 2025 WL 306369, at *6 (W.D. Wash. Jan. 27, 2025) (noting "some confusion in the case law regarding the role of an alter ego theory in the veil piercing analysis"), but the Court need not untangle that issue here. Under either framework, the relevant factual inquiry encompasses commingling of funds, adequacy of capitalization, the movement of assets between related entities, the use of a corporation as a mere shell or conduit, and whether the principals have themselves disregarded corporate separateness. *See id.*; *Lacey Marketplace Assocs. II, LLC v. United Farmers of Alberta Co-op. Ltd.*, No. C13-0383-JLR, 2015 WL 403165, at *10 (W.D. Wash. Jan. 28, 2015) (citing Thomas V. Harris, *Washington's Doctrine of Corporate Disregard*, 56 Wash. L.Rev.

253, 276 n.38 (1981) (quoted by *Meisel*, 645 P.2d at 692); *Grayson*, 599 P.2d at 1273–74.

The withheld discovery—including bank statements, profit-and-loss statements, balance sheets, cash-flow statements, and funds transfer records for RBDS, DT, and Rothschild personally—bears on several of these factors. But a complete alter ego determination requires a totality-of-the-circumstances inquiry that also encompasses factors beyond what financial records alone can establish, such as dominance and control over corporate decision-making, observance of corporate formalities, and whether the entities maintained independent governance structures. Thus, deeming established the ultimate conclusion that the Rothschild Defendants are alter egos would exceed the scope of the prejudice. But deeming established the specific factual predicates that the withheld financial records would have shown is both proportionate to the harm and necessary to cure it. *Guifu Li*, 281 F.R.D. at 393 ("A district court, as a sanction for failure to comply with discovery orders, may order the matters at issue or other designated facts to be 'established' for purposes of the action.") (citing Fed. R. Civ. P. 37(b)(2)(A)(i)).

Such sanctions are generally disfavored given the judiciary's preference that cases be decided on the merits, *see Littlejohn v. Kaiser Found. Health Plan of Washington*, No. 3:23-CV-06194-TMC, 2025 WL 3718664, at *5 (W.D. Wash. Dec. 23, 2025), but on the eve of trial, it is too late for Valve to remedy any prejudice through further discovery, *see United States v. Schmidt,* No. C16-0985RSL, 2017 WL 6021477, at *1 (W.D. Wash. Oct. 24, 2017) (imposing evidentiary sanctions after close of discovery and with dispositive motions were pending was necessary "to

ensure the timely resolution of the remainder of the case"); *Gibson v. City of Kirkland*, No. C08-0937-JCC, 2009 WL 666885, at *1–2 (W.D. Wash. Mar. 11, 2009) (same).

Accordingly, at the conclusion of the Parties' presentations, the Court will instruct the jury as follows:

The Court has found that Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems (RBDS), Display Technologies (DT), and Patent Asset Management (PAM) have failed to comply with their discovery obligations and this Court's orders to produce financial records and other documents. Accordingly, the following facts are deemed established for purposes of this action:

1. Defendants RBDS and Display Technologies are inadequately capitalized entities that do not maintain significant assets or capital reserves.
2. The funds of Defendants RBDS, Display Technologies, and PAM are not maintained separately from one another or from Defendant Rothschild, but instead flow freely among these entities and Defendant Rothschild.
3. Defendant Rothschild has failed to produce his personal financial records as ordered by this Court. From this fact, you may infer that the withheld records would have been unfavorable to Defendant Rothschild on the issues of corporate separateness, capitalization, and the movement of funds among Defendants Rothschild, RBDS, Display Technologies, and PAM.

Whether these findings are important to you in reaching a verdict in this case is for you to decide. You may choose to find them determinative, somewhat determinative, or not at all determinative in reaching your verdict.

**3.3.2 Exclusionary sanction.**

Valve next seeks an exclusionary sanction prohibiting all Defendants from "introducing or otherwise referring to any document produced in response to this Court's Discovery Order." Dkt. No. 188 at 19. The Court agrees in large part. Defendants cannot produce tens of thousands of documents—many of which Valve alleges should have been produced months ago—on the eve of trial and then be allowed to introduce them. This would be akin to the type of "trial by surprise" which is "no longer countenanced." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1140 (9th Cir. 2006); *see also Milbeck v. TrueCar, Inc.*, No. CV1802612SVWAGRX, 2019 WL 4570017, at *3 (C.D. Cal. May 2, 2019) (collecting cases).

Accordingly, Valve's request for exclusionary sanctions is GRANTED. All Defendants—including the Meyler Defendants—are prohibited from introducing any document produced by the Rothschild Defendants after December 31, 2025, the deadline for compliance with the Court's December 10, 2025, discovery order, unless those documents were previously produced to Valve during the course of litigation. Should Valve itself introduce a document produced by the Rothschild Defendants after December 31, 2025, any Defendant may then refer to that document and question witnesses about that specific document as if it had been previously

produced. Should a witness testify about the existence of an additional document or documents produced by the Rothschild Defendants after December 31, 2025, Defendant may not introduce, refer to, or question witnesses about that additional document or documents until and unless Valve opens the door by introducing the document into evidence.

**3.3.3 Attorneys' fees.**

Finally, Valve seeks its attorneys' fees for bringing its second motion for sanctions. Dkt. No. 188 at 20–21. Federal Rule of Civil Procedure 37(b)(2)(c) states, "the court *must* order the disobedient party . . . to pay the reasonable expenses, including attorney's fees," caused by the party's failure to comply with a court's discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."

The Court has already found that by not producing Rothschild's financial documents, the Rothschild Defendants failed to comply with the Court's December 10, 2025, discovery order. The Rothschild Defendants have not shown that this failure was substantially justified or have pointed to any other circumstances that would render a fee award unjust. Sanctions are in order.

Therefore, the Court GRANTS Valve's request for monetary sanctions associated with its second motion for sanctions. Given that these sanctions come on the eve of trial, the Court declines Valve's request to provide supplemental briefing as to its individual costs and fees, as additional briefing would further delay resolution of this matter. Instead, the Court ORDERS the Rothschild Defendants to,

within 30 days of this Order, pay $5,000.00 to Valve in sanctions for violating the Court's discovery order. *See Rockin Artwork LLC v. Bravado Int'l Grp. Merch. Servs., Inc.*, No. C15-1492-JCC, 2017 WL 6032876, at *2 (W.D. Wash. Feb. 23, 2017) (ordering flat-fee sanctions of $5,000 for party's "flagrant disregard for its orders and the discovery process as a whole.").

## 4. CONCLUSION

In sum, Valve's motions for sanctions are GRANTED IN PART. The Court will instruct the jury as per the language contained in this order. Defendants are PROHIBITED from introducing any document produced after December 31, 2025, as per the terms set forth in this order. Within 30 days, the Rothschild Defendants are ORDERED to pay Valve $5,000.00 in sanctions for violating the Court's discovery order.

Dated this 9th day of February, 2026.



Jamal N. Whitehead
United States District Judge